Debtor  **MD Helicopters, Inc.** _____     Case number () _____

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware _____
(State)

Case number (*If known*): _____
Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available*

1. **Debtor's name**  **MD Helicopters, Inc.** _____

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  8 6 – 0 9 4 4 0 8 8

4. **Debtor's address**

   **Principal place of business**

   **4555 E. McDowell Road** _____
   Number    Street

   **Mesa** _____ **AZ**
   **85215**
   City                State
                       Zip Code

   **Maricopa** _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   City                State
                       Zip Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____
   City                State
                       Zip Code

5. **Debtor's website** (URL)  **https://www.mdhelicopters.com**

6. **Type of debtor**

&#9746; Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

&#9744; Partnership (excluding LLP)

&#9744; Other. Specify: _____

7. **Describe debtor's business**

A. *Check one:*

&#9744; Health Care Business (as defined in 11 U.S.C. § 101(27A))

&#9744; Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

&#9744; Railroad (as defined in 11 U.S.C. § 101(44))

&#9744; Stockbroker (as defined in 11 U.S.C. § 101(53A))

&#9744; Commodity Broker (as defined in 11 U.S.C. § 101(6))

&#9744; Clearing Bank (as defined in 11 U.S.C. § 781(3))

&#9746; None of the above

B. *Check all that apply:*

&#9744; Tax-exempt entity (as described in 26 U.S.C. § 501)

&#9744; Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

&#9744; Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. *See* http://www.uscourts.gov/four-digit-national-association-naics-codes.

<u>3364</u>

US-DOCS\125838411.6

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY

           District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor *See Schedule 1*_____  Relationship *See Schedule 1*_____

           District *See Schedule 1*_____  When: *See Schedule 1*_____

           Case number, if known: *See Schedule 1*_____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or**

☒ No

**personal property that needs immediate attention?**

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number          Street

_____

_____          _____ .

City                                                State
                                                    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

*Consolidated for all Debtors

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

*Consolidated for all Debtors

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

US-DOCS\125838411.6

16. **Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

*Consolidated for all Debtors

---

### Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/29/2022
　　　　　　MM / DD / YYYY

✗ _Barry C. Sullivan_ (signature)
Signature of Authorized representative of debtor

Barry Sullivan
Printed name

Title Chief Financial Officer

18. **Signature of attorney**

✗ /s/ David Stratton
Signature of attorney for debtor

Date 03/30/2022
　　　 MM / DD / YYYY

David B. Stratton
Printed name

Troutman Pepper Hamilton Sanders LLP
Firm name

Hercules Plaza, Suite 5100, 1313 North Market Street
Number     Street

Wilmington
City

Delaware
State

19801
ZIP Code

(302) 777-6500
Contact phone

david.stratton@troutman.com
Email address

960
Bar number

Delaware
State

US-DOCS\125838411.6

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of debtor MD Helicopters, Inc.

| |
|---|
| MD Helicopters, Inc. |
| Monterrey Aerospace, LLC |

On March 11, 2018, each of the entities listed below (the "**Zohar Debtors**") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The chapter 11 cases of the Zohar Debtors (the "**Zohar Cases**") are jointly administered under Case Number 18-10512. Those of the Zohar Debtors denoted below with an asterisk are equity holders of and/or lenders to the Debtors. Additionally, pursuant to the *Order in Aid of Implementation of the Global Settlement Agreement Approved in These Cases Establishing Certain Procedures for the Independent Director's Approval of Monetization Transactions and Related Relief* [Docket No. 545] entered in the Zohar Cases (and other orders entered in such cases), the monetization of various portfolio companies of the Zohar Debtors is being overseen by the United States Bankruptcy Judge presiding over the Zohar Cases.

| |
|---|
| Zohar CDO 2003-1, Limited* |
| Zohar II 2005-1, Limited* |
| Zohar III, Limited* |
| Zohar III, Corp. |
| Zohar II 2005-1, Corp. |
| Zohar CDO 2003-1, Corp. |

**UNANIMOUS WRITTEN CONSENT IN LIEU OF A MEETING
OF THE BOARD OF DIRECTORS OF MD HELICOPTERS, INC.**

The undersigned, being the sole director (the "**Sole Director**") of the Board of Directors (the "**Board**") of **MD Helicopters, Inc.**, a corporation organized and existing under the laws of Arizona (the "**Company**"), hereby consents in writing to taking the following actions and adopting the following resolutions pursuant to the provisions of applicable law and acting by unanimous written consent according to Art. 3.10 of the Company's Bylaws:

**WHEREAS**, the Sole Director has reviewed and discussed with advisors the financial and operational condition of the Company and the Company's business on the date hereof, including the current and historical performance of the Company, the assets and liquidity of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, and the credit market conditions;

**WHEREAS**, the Sole Director has received, reviewed, and considered the recommendations of senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including effectuating a sale process for substantially all of the Company's assets through a bankruptcy case (the "**Bankruptcy Case**") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and has received, reviewed and discussed forms or descriptions of the key "first day" and "second day" filings that would be proposed to be made by the Company in connection with the Bankruptcy Case (the "**Initial Filings**");

**WHEREAS**, after review and discussion and due consideration of all of the information presented, the Sole Director deems it advisable and in the best interests of the Company, its creditors, stakeholders, and other interested parties, for the Company to commence the Bankruptcy Case by filing a voluntary petition for relief under the provisions of the Bankruptcy Code (the "**Petition**");

**WHEREAS**, the Sole Director has determined it is advisable and in the best interests of the Company, its creditors, stakeholders, and other interested parties for the Company to make the Initial Filings and to conduct the business of the Company as contemplated thereby, including without limitation to continue to participate in a centralized cash management system (the "**Cash Management System**"), and to provide adequate protection to the Company's secured creditors in order to utilize their cash collateral ("**Cash Collateral**");

**WHEREAS**, Zohar CDO 2003-1, Limited, Zohar II 2005-1, Limited, and Zohar III, Limited (collectively, the "**Zohar Lenders**"), as the "Required Lenders" pursuant to that certain Credit Agreement, dated July 8, 2005 (as amended, the "**Pre-Petition Credit Agreement**"), between the Company, Monterrey Aerospace, LLC, the Agent (named therein) and the Lenders (as defined in the Pre-Petition Credit Agreement) (collectively, the "**Pre-Petition Lenders**"), have provided the Company with an indication of interest with respect to the Pre-Petition Lenders' proposed credit bid purchase of all or substantially all of the Company's assets (the "**Acquired Assets**"), and the Zohar Lenders, as Required Lenders, and the Company have negotiated an asset purchase agreement (the "**Stalking Horse APA**") to govern the terms of such proposed purchase

subject to higher or better offers for the Acquired Assets;

**WHEREAS**, the Sole Director has been advised by Company counsel and the Company's financial advisor regarding the Stalking Horse APA (together with each of the other certificates, documents, agreements, and schedules contemplated under the APA, as applicable, the "**Stalking Horse APA Documents**"), and after due consideration, advice, and deliberation, determined that the transactions contemplated by the Stalking Horse APA Documents (the "**Stalking Horse APA Transactions**") are advisable, fair to, and in the best interests of the Company, its creditors, stakeholders, and other interested parties;

**WHEREAS**, the sale of the Acquired Assets to the Pre-Petition Lenders is subject to the Company filing a motion (the "**Sale Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), seeking, among other things, approval of (a) an auction process (the "**Auction**") that will govern the marketing and sale of the Acquired Assets through certain bidding procedures (the "**Bidding Procedures**") to the Pre-Petition Lenders or another bidder with the highest or otherwise best offer (such bidder, the "**Successful Bidder**") and (b) the Pre-Petition Lenders as the stalking horse bidder;

**WHEREAS**, the Sole Director has determined that it is desirable and in the best interest of the Company, its creditors, stakeholders, and other interested parties that the Company obtain post-petition financing; and

**WHEREAS**, the Sole Director has been advised by Company counsel and the Company's financial advisor regarding the material terms of the superpriority secured debtor-in-possession credit agreement (the "**DIP Credit Agreement**" and, together with all agreements, documents, and instruments to be delivered or executed in connection therewith, the "**DIP Documents**"), by and among the Company, as borrower, Monterrey Aerospace, LLC, as guarantor, the lenders party thereto, and Acquiom Agency Services LLC, as administrative and collateral agent, and after due consideration and deliberation, determined that the debtor-in-possession facility in the aggregate amount of $60 million contemplated by the DIP Documents (the "**DIP Facility**") is advisable, fair to, and in the best interests of the Company and its creditors, stakeholders, and other interested parties.

**NOW, THEREFORE, BE IT**:

**<u>Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code</u>**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stakeholders, and other interested parties that the Petition and the Initial Filings be filed by the Company in the Bankruptcy Court; and be it further

**RESOLVED**, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition and the Initial Filings and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and be it further

**RESOLVED**, that the Director, Barry Sullivan, and such other person as the Director may designate (each, a "**Designated Person**" and collectively, the "**Designated Persons**") be, and each

of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute and verify the Petition and the Initial Filings as well as all other ancillary documents and to cause the Petition and the Initial Filings to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition, the Initial Filings, or any ancillary documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing.

## Stalking Horse APA Documents

**BE IT RESOLVED**, that, consistent with the commitments set forth in that certain Restructuring Support Agreement dated March 29, 2022, it is advisable, fair to, and in the best interests of the Company and its creditors, stakeholders, and other interested parties to enter into the applicable Stalking Horse APA Transactions; and be it further

**RESOLVED**, that the form, terms and provisions of the applicable Stalking Horse APA Documents, substantially in the form presented to the Company, are hereby authorized and approved; and be it further

**RESOLVED**, that the Company is authorized to enter into the applicable Stalking Horse APA Documents with the buyer parties set forth therein for the sale of the Acquired Assets and to undertake any and all related transactions contemplated thereby, including the Stalking Horse APA Transactions, the Bidding Procedures, and the Auction on the terms contained therein or on such other terms and conditions as any Designated Person determines to be necessary, appropriate or desirable; and be it further

**RESOLVED**, that the Designated Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute the applicable Stalking Horse APA Documents and to execute and file the Sale Motion with the Bankruptcy Court; and be it further

**RESOLVED**, that the Designated Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate such agreements, documents, assignments and instruments as may be necessary, appropriate or desirable in connection with the sale to the Pre-Petition Lenders or the Successful Bidder.

## Debtor-in-Possession Financing and Use of Cash Collateral

**BE IT RESOLVED**, that in connection with the Bankruptcy Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the DIP Facility to be evidenced by the DIP Documents and the proposed interim and final orders to be entered by the Bankruptcy Court, which authorize the Company to (i) enter into and implement in all respects the transactions contemplated therein, including the incurrence of obligations under, and granting of liens to secure, the DIP Facility, and (ii) continue to use the Cash Collateral and other collateral

under the existing secured credit facility in the ordinary course of business (the "**DIP/Cash Collateral Orders**") in each case subject to approval by the Bankruptcy Court; and be it further

**RESOLVED**, that the form, terms and provisions of each of the proposed DIP/Cash Collateral Orders and the DIP Documents substantially in the form presented to the Company, including the use of proceeds to provide liquidity for the Company throughout the Bankruptcy Case, substantially on the terms and conditions set forth in the proposed DIP/Cash Collateral Orders and the DIP Documents and the performance by the Company of its obligations thereunder are hereby authorized and approved; and be it further

**RESOLVED**, that the Designated Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Documents to which it is a party and such other documents, agreements, instruments and certificates as may be required by the agent or required by the DIP/Cash Collateral Orders and any other DIP Documents; and be it further

**RESOLVED**, that the Company is hereby authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Documents; and be it further

**RESOLVED**, that the Designated Persons be, and each of them acting alone hereby is, authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP/Cash Collateral Orders and DIP Documents to secure all of the obligations and liabilities of the Company thereunder to the agents and lenders thereunder, and to authorize, execute, verify, file and/or deliver to the agent, on behalf of the Company, all agreements, documents and instruments required by the lenders in connection with the foregoing; and be it further

**RESOLVED**, that the Designated Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Documents, which shall, in such Designated Person's sole judgment, be necessary, proper or advisable to perform the obligations of the Company under or in connection with the DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that the Designated Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Documents which shall, in such Designated Person's sole judgment, be necessary, proper or advisable; and be it further

**RESOLVED**, that in connection with the commencement of the Bankruptcy Case, the Designated Persons be, and each of them acting alone hereby is, authorized to seek approval from the Bankruptcy Court of the DIP/Cash Collateral Orders, as contemplated by, and agreed to in, the DIP Documents, and the Designated Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to negotiate,

execute, and deliver any and all agreements, instruments, or documents necessary to implement the DIP/Cash Collateral Orders and the DIP Documents, as well as any additional or further agreements for the use of Cash Collateral in connection with the Bankruptcy Case, which agreement(s) may require the Company to grant liens to its existing lenders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Designated Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## Retention of Professionals

**BE IT RESOLVED**, that the law firm of Latham & Watkins LLP ("**L&W**") be, and hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with the Bankruptcy Case and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of L&W; and be it further

**RESOLVED**, that the law firm of Troutman Pepper Hamilton Sanders LLP ("**Troutman**") be, and hereby is, authorized, empowered and directed to represent the Company as its local counsel in connection with the Bankruptcy Case and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Troutman; and be it further

**RESOLVED**, that the investment bank of Moelis & Company LLC ("**Moelis**") be and hereby is engaged to provide investment banking and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Moelis; and be it further

**RESOLVED**, that the firm of AlixPartners, LLP ("**AlixPartners**") be and hereby is engaged to provide restructuring advice and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC ("**Prime Clerk**") be and hereby is engaged to act as notice, claims and balloting agent and to provide other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and be it further

**RESOLVED**, that in addition to the existing signatories of the Company, any Designated Person, acting alone or in any combination, be, and hereby is, authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants, restructuring advisors and other professionals as appropriate in connection with the Bankruptcy Case and all related matters; and be it further

**RESOLVED**, that in order to use and obtain the benefits of the use of Cash Collateral currently held in the Cash Management System, the Company shall be, and it hereby is, authorized to grant security interests in, and liens on, all or any portion of the Company's assets for the benefit of the Company's affiliates and creditors, and to provide any additional adequate protection to the creditors that the Designated Persons shall deem necessary, appropriate or desirable, including but not limited to periodic cash payments equal to interest payments and fees and expenses; and be it further

**RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to negotiate and approve the terms and form of any adequate protection to creditors and to secure the payment and performance of any post-petition financing, including the consensual use of Cash Collateral, and to effectuate the forgoing by (i) paying or approving the payment of all amounts payable in connection with any adequate protection arrangement, (ii) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiary of the Company, whether now owned or hereafter acquired, and (iii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these Resolutions in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Designated Person executing the same, the execution thereof by such Designated Person to be conclusive evidence of such approval or determination; and be it further

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of the Company, any of the Designated Persons, acting alone or in any combination, be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions; and be it further

**RESOLVED**, that all actions heretofore taken by any officer or director of the Company in connection with the foregoing resolutions, the Petition and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and be it further

**RESOLVED**, that the Sole Director hereby waives any notice, procedural or other formalities requirements which may be required in order to hold a meeting of the Company's directors.

The undersigned Sole Director, as the sole director of the Company as of the date hereof, **HEREBY ADOPTS** these resolutions.

**Alan J. Carr**

**Sole Director**

Date:  March 29, 2022

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re:                                :    Chapter 11
                                      :
MD HELICOPTERS, INC.,                 :    Case No. 22–_____ (      )
                                      :
             Debtor.                  :
------------------------------------------------------------ x
```

## STATEMENT OF CORPORATE OWNERSHIP

      The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Holder Name | Approximate Percentage of Equity Interests Held |
|:---:|:---:|
| Zohar CDO 2003-1, Limited | 21.0% |
| Zohar II 2005-1, Limited | 28.6% |
| Ark II CLO 2001-1 Limited | 38.2% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re:                                      :    Chapter 11
                                            :
MD HELICOPTERS, INC.,                       :    Case No. 22–_____ (      )
                                            :
                Debtor.                     :
------------------------------------------------------------ x
```

**LIST OF EQUITY SECURITY HOLDERS**

The following is a list of the above-captioned debtor's equity security holders.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Holder Name | Mailing Address of Holder | Approximate Percentage of Equity Interests Held |
|---|---|---|
| Zohar CDO 2003-1, Limited | c/o FTI Consulting, Inc. 1166 Ave. of the Americas 15th Floor New York, NY 10036 | 21.0% |
| Zohar II 2005-1, Limited | c/o FTI Consulting, Inc. 1166 Ave. of the Americas 15th Floor New York, NY 10036 | 28.6% |
| Ark II CLO 2001-1 Limited | c/o Patriarch Partners, LLC One Liberty Plaza 35th Floor New York, NY 10006 | 38.2% |
| Ark Investment Partners II, L.P. | c/o Patriarch Partners, LLC One Liberty Plaza 35th Floor New York, NY 10006 | 3.6% |
| MD Helicopter B.V. | Admiraal de Ruyterstraat 24 3115 HB Schiedam The Netherlands Attn:  J.A.J. van den Nieuwenhuijzen & Bas van den Nieuwenhuijzen | 4.1% |
| ABN Amro Participaties B.V. | Gustav Mahlerlaan 10 HQ8057 1082 PP Amsterdam The Netherlands Attn:  Mr. Peter M. Dietze & Ms. Marscha van Osch | 4.5% |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. **Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule _____*

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  *Other document that requires a declaration* Statement of Corporate Ownership and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03 29/2022
             MM / DD / YYYY

X _Barry A. Sullivan_
Signature of individual signing on behalf of debtor

Barry Sullivan
Printed name

Chief Financial Officer
Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
MD HELICOPTERS, INC., et al.,[1]                        :   Case No. 22-_____ (_____)
                                                        :
            Debtors.                                    :   (Joint Administration Requested)
                                                        :
------------------------------------------------------- x
```

## CONSOLIDATED LIST OF CREDITORS HOLDING THE
## THIRTY LARGEST UNSECURED CLAIMS

MD Helicopters, Inc. and Monterrey Aerospace, LLC (together, the "**Debtors**") each filed a petition in this Court on the date hereof for relief under chapter 11 of Title 11 of the United States Code. A consolidated list of creditors holding the thirty largest unsecured claims is included herewith (the "**Largest Unsecured Creditors List**").

The Largest Unsecured Creditors List is based on the Debtors' books and records as of approximately March 29, 2022, and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Largest Unsecured Creditors List does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31).

The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors.

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

Debtor Name   MD Helicopters, Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known):_____

Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the thirty (30) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the thirty (30) largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | *United States ex rel. Philip Marsteller, et al.*<br><br>Civil Division, Fraud Section U.S. Department of Justice P.O. Box 261Ben Franklin Station Washington, DC 20044<br><br>c/o Reese Marketos LLP 750 N. St. Paul Street, Suite 600 Dallas, TX 75201 | Glenn P. Harris, Trial Attorney 202-305-4207 Glenn.P.Harris@usdoj.gov<br><br>Pete Marketos, Esq. and Joshua M. Russ, Esq. (214) 382-9810 pete.marketos@rm-firm.com and josh.russ@rm-firm.com | Litigation | Contingent, Unliquidated, and Disputed | | | $108,726,675 |
| 2 | State of the Netherlands c/o DLA Piper 2525 East Camelback Road, Suite 1000 Phoenix, Arizona 85016-4232 | Kate L. Benveniste 480-606-5100 kate.benveniste@dlapiper.com dlaphx@dlapiper.com | Litigation | Unliquidated and Disputed | | | $14,724,085 (approx.) |
| 3 | Pension Benefit Guaranty Corporation 1200 K Street, NW Washington, DC 20005 | 800-400-7242 | Pension | Contingent, Unliquidated, and Disputed | | | Undetermined |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | Rolls-Royce Allison 2355 S. Tibbs P.O. Box 420 Indianapolis, IN 46241 | Warren East CBE, Chief Executive Officer 317-230-2000 | Trade | Unliquidated | | | $411,419 |
| 5 | FN Herstal Voie De Liege 33 Herstal 4040, Belgium | Julien Compère, Chief Executive Officer 32-4-240-81-11 customerservice@fnamerica.com | Trade | Unliquidated | | | $328,223 |
| 6 | Triumph Gear Systems-Macomb (ACR) 899 Cassatt Road #210 Berwyn, PA 19312 | Daniel J. Crowley, Chairman, President and Chief Executive Officer 610-251-1000 | Trade | Unliquidated | | | $191,985 |
| 7 | Howell Instruments Inc. 8945 South Freeway Fort Worth, TX 76140 | Robert (Bo) Underwood, Chief Executive Officer 817-336-7411 info@howellinst.com | Trade | Unliquidated | | | $109,200 |
| 8 | Alziebler Inc. (f/k/a Joseph Alziebler Co) 12734 Branford St Unit 12 Arleta, CA 91331-4230 | Stephanie Allen, President 818-896-9833 stephanie@alziebler.com | Trade | Unliquidated | | | $88,461 |
| 9 | Garmin International 1200 E. 151st Street Olathe, KS 66062 | Clifton Pemble, President and Chief Executive Officer 913-397-8200 | Trade | Unliquidated | | | $65,611 |
| 10 | Ace Clearwater Enterprises-Torrance 19815 Magellan Drive Torrance, CA 90502 | Mayra Monjaras, Senior Buyer and Paige Nelson, Buyer 310-538-5380 mmonjaras@aceclearwater.com; pnelson@aceclearwater.com | Trade | Unliquidated | | | $65,400 |
| 11 | Crissair Inc. 28909 Avenue Williams Valencia, CA 91355 | Michael Alfred, President 661-367-3300 schapman@crissair.com | Trade | Unliquidated | | | $61,865 |
| 12 | Spectrum Associates Inc. 183 Plains Road P.O. Box 470 Milford, CT 06460-3613 | Richard Meisenheimer, President 203-878-4618 info@SpectrumCT.com | Trade | Unliquidated | | | $57,825 |
| 13 | Heritage Aviation Ltd. 901 Avenue T Suite 102 Grand Prairie, TX 75050 | Everett Horst, Partner 972-988-8000 info@heritageaviationltd.com | Trade | Unliquidated | | | $42,946 |
| 14 | Helicopter Technology Corp. 12902 South Broadway Los Angeles, CA 90061 | Frank Palminteri, Chief Executive Officer 310-523-2750 fpalminteri@helicoptertech.com | Trade | Unliquidated | | | $40,515 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Colinear 7 Wilson Drive Sparta, NJ 07871 | Michelle San Giacomo, Chief Relationship Officer 973-300-1681 info@colinearmachine.com | Trade | Unliquidated | | | $35,503 |
| 16 | Competitive Engineering Inc. 3371 E. Hemisphere Loop Tucson, AZ 85706-5011 | Don Martin, Chief Executive Officer 520-746-0270 | Trade | Unliquidated | | | $30,080 |
| 17 | Auto-Valve Inc. 1707 Guenther Rd. Dayton, OH 45417 | Raymond Clark, President & Chief Executive Officer 937-854-3037 sales@autovalve.com | Trade | Unliquidated | | | $27,435 |
| 18 | Soltec Holdings LLC (f/k/a TecShapes) 3631 E 44th Street Tucson, AZ 85713 | Jens Rossfeldt, Owner 520-775-2211 info@Soltecaz.com | Trade | Unliquidated | | | $23,429 |
| 19 | International Aviation Composites 8715 Harmon Rd. Fort Worth, TX 76177 | Randy Stevens, President 817-491-6755 randy@iac-ltd.com | Trade | Unliquidated | | | $18,912 |
| 20 | Rochester Gauges LLC 11616 Harry Hines Blvd. Dallas, TX 75229 | Ben Lease, President 972-241-2161 | Trade | Unliquidated | | | $16,058 |
| 21 | Liquid Measurement Systems Inc. 141 Morse Drive Fairfax, VT 05454 | George Lamphere, Chairman 802-466-5118 sales@liquidmeasurement.com | Trade | Unliquidated | | | $15,504 |
| 22 | Prescott Aerospace Inc. 6600 E. 6th Street Prescott Valley, AZ 86314 | Michael K. Dailey, President/General Manager 928-772-7605 michael.dailey@prescottaerospace.com | Trade | Unliquidated | | | $15,117 |
| 23 | Boeing Distribution Inc.(f/k/a Aviall) 2750 Regent Blvd. DFW Airport Dallas, TX 75261 | David L. Calhoun, President and Chief Executive Officer 800-284-2551 | Trade | Unliquidated | | | $14,529 |
| 24 | BE Aerospace Westminster 7155 Fenwick Ln Westminster, CA 92683 | Troy Brunk, President 714-896-9001 | Trade | Unliquidated | | | $13,993 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | Compucraft Industries 8787 Olive Lane Santee, CA 92071 | John Lawless, Owner 619-448-0787 info@ccind.com | Trade | Unliquidated | | | $11,850 |
| 26 | Rogerson Aircraft Equipment Group 16940 Von Karman Irvine, CA 92606 | Michael Rogerson, Chief Executive Officer 949-660-0666 | Trade | Unliquidated | | | $10,842 |
| 27 | K2 Manufacturing 1700 N. 22nd Ave. Phoenix, AZ 85009 | Thomas Wright, President 602-455-9575 | Trade | Unliquidated | | | $10,151 |
| 28 | Boeing Distribution Services Inc. 480 N. 54th Street Chandler, AZ 85226 | Travis Sullivan, Vice President & General Manager 480-403-0800 | Trade | Unliquidated | | | $8,827 |
| 29 | Richard Manno & Company Inc. 42 Lamar Street West Babylon, NY 11704 | Vincent Manno, President / Owner 800-858-7424 | Trade | Unliquidated | | | $8,750 |
| 30 | AeroControlex Group 4223 Monticello Blvd. South Euclid, OH 44121 | Raymond F. Laubenthal, President and Chief Executive Officer 216-291-6025 service@aerocontrolex.com | Trade | Unliquidated | | | $7,898 |

Fill in this information to identify the case and this filing:

Debtor Name   MD Helicopters, Inc.

United States Bankruptcy Court for the: District of Delaware
                                              (State)

Case number (If known):_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
## 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐   Other          document          that          requires          a          declaration
       _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03  30 /2022          x _____
                MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                        Barry Sullivan
                                        Printed name

                                        Chief Financial Officer
                                        Position or relationship to debtor

US-DOCS\125838411.6