IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re:                                    :    Chapter 11
:
MD HELICOPTERS, INC., *et al.*,[1]        :    Case No. 22-10263 (KBO)
:
Debtors.                         :    (Jointly Administered)
:
:    **Re: D.I. 120 and 146**
------------------------------------------------------- x

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS BANKRUPTCY CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for an order (this "**Order**") authorizing the Debtors to employ and retain Latham & Watkins LLP ("**L&W**") as their bankruptcy co-counsel effective as of the Petition Date; and the Court having reviewed the Application, the Uhland Declaration, the Supplemental Declaration of Suzzanne Uhland in support of the Application [D.I. 146] (together, the "Uhland Declarations"), and the Retention Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied, based on the

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

representations made in the Application and the Uhland Declarations, that L&W is "disinterested" as such term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and as required under Section 327(a) of the Bankruptcy Code, and that L&W does not hold or represent an interest adverse to the Debtors' estates; and any objections to the Application having been resolved or overruled; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Application is granted to the extent set forth herein.

2. Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors in possession, are authorized to employ and retain L&W as their bankruptcy co-counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. L&W is authorized to provide the Debtors with the professional services described in the Application and the Engagement Letter.

4. Notwithstanding anything contained in the Application (including the Engagement Letter) and the Uhland Declarations to the contrary, L&W shall be compensated for professional services rendered and reimbursed for expenses incurred in connection with the Chapter 11 Cases in accordance with Sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5. L&W shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application are implemented, and shall file such notice with the Court. The rights of parties in interest with respect to any such rate increases are fully reserved.

6. L&W shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines.

7. Notwithstanding anything in the Application or the Uhland Declarations to the contrary, L&W shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

8. Notwithstanding anything in the Application or the Uhland Declarations to the contrary, L&W shall, to the extent that L&W uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that L&W pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for L&W; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

9. Absent a change in controlling law, L&W shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the Chapter 11 Cases.

10. Within seven (7) days after any qualified bid deadline in these cases, L&W will disclose through a supplemental declaration the identities of all bidders and the connections of L&W to such potential counterparties. To the extent a motion to seal becomes necessary, either the Debtors or L&W will file a motion to seal under Section 107 of the Bankruptcy Code, and the

U.S. Trustee reserves all rights with respect to such motion as to, *inter alia*, whether sealing any names is appropriate or necessary.

11. Notice of the Application as provided therein is adequate under Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

14. Notwithstanding anything in the Application and the Engagement Letter to the contrary, this Court shall retain jurisdiction to hear and determine all matters arising from or related to L&W's services and the implementation, interpretation, or enforcement of this Order.

Dated: April 20th, 2022
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**