**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
MD HELICOPTERS, INC., *et al.*,[1]                           : Case No. 22-10263 (KBO)
                                                             :
       Debtors.                                      : (Jointly Administered)
                                                             :
                                                             : **Re: D.I. 9 and 98**
------------------------------------------------------------ x

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 503(b)(9), 1107(a) AND 1108 AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF FOREIGN VENDORS; (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a Final Order under Sections 105(a), 363(b), 503(b)(9), 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, the prepetition fixed, liquidated, and undisputed claims of foreign vendors and service providers, subject to the conditions described herein, (ii) authorizing financial institutions to honor and process related checks and transfers; and the Court having reviewed the Motion and the First Day Declaration, and (iii) granting related relief; and the Court having reviewed the Motion and the First Day Declaration, and the Interim Order entered on April 1, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, in their sole discretion, to pay, or cause to be paid, the Foreign Vendor Claims, including Foreign Vendor Claims on account of 20-Day Goods, subject to the terms and conditions of this Final Order; *provided* that payments on account of Foreign Vendor Claims shall not exceed $350,000 in the aggregate (inclusive of the amount of Foreign Vendor Claims paid pursuant to the Interim Order) (the "**Final Foreign Vendor Cap**") without further order of this Court; *provided*, *further*, that the Debtors are not authorized to pay claims of "insider[s]" (as that term is defined in Section 101(31) of the Bankruptcy Code), employees, or "professional persons" (as that term appears in Section 327(a) of the Bankruptcy Code) pursuant to this Final Order.

4. The Debtors are authorized, in their sole discretion, to pay the Foreign Vendor Claims up to the Final Foreign Vendor Cap upon such terms and in the manner provided in the

Motion and this Final Order, in the ordinary course of business, when due; *provided, however*, that the Debtors are authorized, but not directed, to undertake appropriate efforts to cause Foreign Vendors to supply goods and services to the Debtors postpetition on (a) trade terms and practices (including, without limitation, credit limits, pricing, timing of payments, allowances, rebates, discounts, and other applicable terms and programs) that are the same or better than the trade terms that existed immediately prior to the Petition Date or, if more favorable, within the sixty-day period preceding the Petition Date or (b) such other trade terms and practices as agreed to by the Debtors and the Foreign Vendor (the "**Customary Trade Terms**"); *provided further*, *however*, that the Debtors have the right to adjust normal trade terms with any Foreign Vendor according to the facts and circumstances.

5. If a Foreign Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms (or such other terms as are agreed by the parties) following receipt of payment on its Foreign Vendor Claim, then the Debtors reserve their rights to take any and all actions necessary to return the parties to the positions they held immediately prior to entry of this Final Order with respect to all prepetition claims, including but not limited to: (a) declaring that payments made to such Foreign Vendor on account of its Foreign Vendor Claims shall be deemed to have been made in payment of then-outstanding (or subsequently accruing) postpetition claims of such Foreign Vendor without further order of the Court or action by any person or entity; and (b) recovering or seeking disgorgement of any payment made to such Foreign Vendor on account of its Foreign Vendor Claims to the extent that such payments exceed the value of the postpetition claims of such Foreign Vendor, without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or other defenses.

6. Any payments with respect to prepetition claims hereunder shall first be used to satisfy any allowed claim of the applicable Foreign Vendor that is entitled to priority under section 503(b)(9) of the Bankruptcy Code, and thereafter to satisfy the applicable Foreign Vendor's general unsecured claims.

7. No claimant who receives payment in full on account of a Foreign Vendor Claim is permitted to file or perfect a lien on account of such claim, assert a claim for reclamation, and/or assert a claim under Section 503(b)(9) of the Bankruptcy Code, and any such claimant shall take all necessary action, at its expense, to remove any existing lien relating to such claim, and to withdraw any claim for reclamation or claim under Section 503(b)(9) of the Bankruptcy Code.

8. A Foreign Vendor's receipt of partial payment of its asserted prepetition claim(s) pursuant to this Final Order shall not excuse such Foreign Vendor from filing a proof of claim in these cases.

9. Nothing in the Motion, the Interim Order or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute a Foreign Vendor Claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order. Nothing contained in this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, change the priority, or otherwise affect the Foreign Vendor Claims to the extent they are not paid.

10. Nothing in the Motion, the Interim Order or this Final Order, nor the Debtors' implementation of the relief granted in this Final Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Foreign Vendors, including the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or unacceptable goods, or (d) contest the amount of any invoice or claims on any grounds.

11. At the direction of the Debtors, the Debtors' banks and financial institutions shall be and hereby are authorized to receive, process, honor, pay, and, if necessary, reissue all prepetition and postpetition checks and fund transfers, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, on account of obligations owed to any Foreign Vendor which are authorized to be paid pursuant to this Final Order, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks and other financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Final Order.

12. The Debtors shall maintain a matrix identifying the name of each Foreign Vendor paid on account of its Foreign Vendor Claim and shall provide the matrix to the Prepetition First Lien Agent, the Prepetition First Lien Lenders, and the DIP Lenders on a weekly basis, one week in arrears, and shall make the same available to the Office of the U.S. Trustee upon request. Absent further Court order to the contrary, the matrix shall be considered confidential.

13. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

#125515820 v2

14. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: April 20th, 2022**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

#125515820 v2