# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------  x
                                                        :
In re:                                                  :      Chapter 11
                                                        :
MD HELICOPTERS, INC., et al.,¹                          :      Case No. 22-10263 (KBO)
                                                        :
                              Debtors.                  :      (Jointly Administered)
                                                        :
                                                        :      Re: D.I. 14 and 102, 154
------------------------------------------------------  x
```

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 507(a)(8), AND 541
AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING PAYMENT
OF PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a Final Order (i) authorizing the Debtors, in their sole discretion, to pay any prepetition Taxes and Fees owing to the Taxing Authorities and (ii) granting related relief; and the Court having reviewed the Motion, the First Day Declaration and the Interim Order entered on April 1, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Final Order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED on a final basis, as set forth herein.

2.      All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.      The Debtors are authorized, but not directed, in their sole discretion, to pay to the Taxing Authorities all Taxes and Fees relating to the period prior to the commencement of their Chapter 11 Cases (the "**Petition Date**"); provided, that payments and setoffs on account of prepetition Taxes and Fees shall not exceed $710,000 in the aggregate pursuant to this Final Order without further order of this Court.

4.      Nothing contained in this Final Order shall be construed to accelerate payments to any Taxing Authority that are not otherwise due and payable or authorize the Debtors to pay any amounts on account of past-due taxes.

5.      The Debtors' rights to contest the amounts of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to tax audits that have been completed, are in progress, or arise from prepetition periods.

6.      The Debtors may seek additional relief from this Court in the future in the event that the Debtors subsequently determine that additional prepetition Taxes and Fees are owed by the Debtors.

7.      Nothing in the Motion, the Interim Order or this Final Order shall be construed as impairing the Debtors' right to contest the validity, amount, or priority of any Taxes and Fees

allegedly due or owing to any Taxing Authorities or any claim or lien against the Debtors, and all Debtors' rights with respect thereto are hereby reserved.

8.      The Debtors' banks and financial institutions shall be, and are hereby authorized, when requested by the Debtors in their sole discretion, to process, honor, pay and, if necessary, reissue any and all checks or electronic fund transfers, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, drawn on the Debtors' bank accounts relating to the prepetition Taxes and Fees authorized to be paid pursuant to this Final Order, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

9.      The Debtors' banks and financial institutions may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such bank or financial institution shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Final Order.

10.      Nothing in the Motion, the Interim Order or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be construed as: (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order.  Nothing contained in this Final Order shall be deemed to increase,

decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

11.    Neither the provisions contained the Motion, the Interim Order or this Final Order, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be deemed an admission as to the validity of any underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

12.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a), and the Local Rules are satisfied by such notice.

13.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

14.    The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.    This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

**Dated: April 20th, 2022**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

#125516300 v2