# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MD HELICOPTERS, INC. *et al.*,[1] | : | Case No. 22-10263 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: D.I. 13 and 101** |

## FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363, 1107(a) AND 1108 AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING THE DEBTORS TO (A) PAY THEIR PREPETITION INSURANCE AND (B) MAINTAIN THEIR POSTPETITION INSURANCE COVERAGE, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a Final Order, (i) authorizing the Debtors to (a) continue to the Insurance Policies and pay the Prepetition Insurance Obligations, including any Brokers' Fees, to the extent the Debtors determine in their discretion that such payments are necessary or appropriate, (b) in the ordinary course of business, pay all Postpetition Insurance Obligations as such payments become due, and (c) revise, extend, supplement, change, terminate and/or replace the Debtors' insurance coverage as needed in the ordinary course of business, (ii) authorizing and directing all banks to receive, process, honor, and pay all of the Debtors' prepetition checks and fund transfers on account of any obligations authorized to be paid pursuant hereto, and (iii) granting related relief; and the Court having reviewed the Motion and the First Day Declaration, and the Interim Order entered on April 1, 2022; and the Court having

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Final Order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. All objections to entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, to continue their Insurance Policies.

4. The Debtors are authorized, but not directed, to pay to the Insurance Carriers and the Brokers any amounts owed on account of the Insurance Obligations, whether incurred prepetition or postpetition, in the ordinary course of business and not on an accelerated basis; *provided, however*, that payments on account of prepetition amounts will not exceed $1.15 million in the aggregate.

5. The Debtors are authorized, but not directed, to revise, extend (including through obtaining "tail" coverage), supplement, change, terminate, and/or replace insurance coverage as needed, and to enter into new insurance policies through renewal or purchase of new insurance

policies, in each case without further notice to, hearing before, or order from this Court; *provided*, *however*, that the foregoing does not excuse the Debtors from maintaining appropriate insurance; *provided further*, that the Debtors shall provide notice to counsel to the Office of the U.S. Trustee and counsel to official committee(s) appointed in the cases of any action taken pursuant to this paragraph within five (5) business days of such action.

6. The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic fund transfers drawn on the Debtors' bank accounts relating to those Insurance Obligations whose payment is approved by this Final Order, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

7. The Debtors' banks and financial institutions may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Final Order.

8. The Debtors are hereby authorized, but not directed, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests with respect to the Prepetition Insurance Obligations authorized to be paid pursuant to this Final Order that have been dishonored or denied as a consequence of the commencement of the Chapter 11 Cases, and to reimburse any expenses that holders of claims in connection with the Prepetition Insurance Obligations may incur as a result of any bank's failure to honor a prepetition check.

#125515911 v2

9. Nothing contained in the Motion, the Interim Order or this Final Order or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order. Nothing contained in this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim held by any person to whom any of the Insurance Obligations may be owed.

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

11. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

12. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated: April 20th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

#125515911 v2