# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re: : Chapter 11
:
MD HELICOPTERS, INC., *et al.*,[1] : Case No. 22-10263 (KBO)
:
Debtors. : (Jointly Administered)
:
: **Re: D.I. 118, 157**
------------------------------------------------------- x

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion ("**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**"), for entry of an order (this "**Order**") establishing procedures for interim compensation and reimbursement of expenses of Professionals; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in these Chapter 11 Cases (collectively, the "**Professionals**") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "**Compensation Procedures**"):

   a. No earlier than the fifth (5th) day of the month following the month for which compensation is sought, each Professional seeking monthly compensation will file with the Court a statement of its fees and expenses (including the relevant time entry and description and expense detail) for an identified calendar month (a "**Monthly Fee Application**"), and serve such Monthly Fee Application on the following parties (collectively, the "**Notice Parties**"): (a) MD Helicopters, Inc., 4555 E. McDowell Road, Mesa, AZ 85215, Attn: Y.R. Hladkyj (email: yr.hladkyj@mdhelicopters.com); (b) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Suzzanne Uhland, Esq. and Adam S. Ravin, Esq. (emails: suzzanne.uhland@lw.com and adam.ravin@lw.com)); (c) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, 1313 N. Market Street, Suite 5100, Wilmington, DE 19801, Attn: David Stratton, Esq., David M. Fournier, Esq., and Evelyn J. Meltzer, Esq. (emails: david.stratton@troutman.com, david.fournier@troutman.com, and evelyn.meltzer@troutman.com)); (d) counsel for the Stalking Horse Bidder, (i) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:

Michael Nestor and Allurie Kephart (emails: mnestor@ycst.com and akephart@ycst.com), (ii) Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Ingrid Bagby, William Mills, and Michele C. Maman (emails: ingrid.bagby@cwt.com, william.mills@cwt.com, and michele.maman@cwt.com), and (iii) Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019, Attn: Brian Lohan and Jonathan Levine (emails: brian.lohan@arnoldporter.com and jonathan.levine@arnoldporter.com); (e) counsel to the Zohar Lenders, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Michael Nestor, Joseph Barry, and Ryan Bartley (emails: mnestor@ycst.com, jbarry@ycst.com, and rbartley@ycst.com); (f) counsel to the Patriarch Lenders and PPAS, Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Daniel F.X. Geoghan (email: dgeoghan@coleschotz.com), and Cole Schotz P.C., 500 Delaware Ave, Ste 1410, Wilmington, DE 19801, Attn: Norman L. Pernick (email: npernick@coleschotz.com), (g) counsel to Ankura, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne and Andrew Harmeyer (emails: ddunne@milbank.com and aharmeyer@milbank.com); (h) counsel to the DIP Lenders, (i) Arnold & Porter Kaye Scholer LLP, 250 W. 55th Street, New York, NY 10019, Brian Lohan and Jonathan Levine (emails: brian.lohan@arnoldporter.com and jonathan.levine@arnoldporter.com) and (ii) Womble Bond Dickinson (US) LLP, 1313 N. Market Street, Suite 1200, Wilmington, DE 19801, Attn: Morgan L. Patterson (email: morgan.patterson@wbd-us.com); and (i) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Joseph J. McMahon, Jr., Esq. (email: joseph.mcmahon@usdoj.gov). Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application

for a particular month or months.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable Third Circuit law.

    b. Each of the Notice Parties will have until 4:00 p.m. (prevailing Eastern Time) twenty-one (21) days (or the next business day if such day is not a business day) from the date of service of a Monthly Fee Application (the "**Review Period**") to object thereto.  If no objections to a Monthly Fee Application are made in accordance with the procedures described in subparagraph (c) below during the Review Period, the Professional shall file a certificate of no objection.  Upon filing of the certificate of no objection, the Debtors will be authorized to pay each Professional an amount equal to the lesser of: (i) 80 percent of the fees and 100 percent of the expenses requested in the Professional's Monthly Fee Application (the "**Maximum Interim Payment**"); or (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to subparagraph (c) below (the "**Actual Interim Payment**").

    c. If a party in interest objects to the compensation or reimbursement of expenses sought in a Monthly Fee Application, such party must: (i) prepare a written statement setting forth the precise nature of the objection and the amount of objectionable fees and expenses at issue (an "**Objection**"); and (ii) file the Objection with the Court and serve the Objection on the Professional that submitted the Monthly Fee Application and the other Notice Parties so that the Objection is received by these parties by the end of the Review Period.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection within twenty-one (21) days after service of the Objection, the affected Professional may either: (i) file a request for payment of the difference between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "**Incremental Amount**"); or

(ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the Professional.

d. Commencing with the period beginning on the Petition Date and ending on June 30, 2022, and at three-month intervals thereafter (the "**Interim Fee Period**"), each of the Professionals will file with the Court and serve on the Notice Parties an application pursuant to Section 331 of the Bankruptcy Code (an "**Interim Fee Application**") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period. Interim Fee Applications must be filed on or before the forty-fifth (45th) day after the end of the Interim Fee Period (the "**Interim Application Filing Date**") for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must identify: (i) the Monthly Fee Applications that are subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for parties to file objections (the "**Additional Objections**") to the Interim Fee Application, (v) circumstances that are not apparent from the activity description or that the applicant wishes to bring to the Court's attention (*i.e.*, special employment terms, billing policies, expense policies, voluntary reductions, reasons for use of multiple professionals or reason for substantial time billed to a specific activity), and (vi) a certification that the professional seeking compensation has reviewed the Local Rules. The Interim Fee Application need not include the narrative discussion generally included in Monthly Fee Applications.

e. Any Objections or Additional Objections to the Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be

5
#125450481 v3

received on or before twenty-one (21) days (or the next business day if such day is not a business day) following the date of service of the Interim Fee Application. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

    f.  All Interim Fee Applications that require a hearing will be scheduled for a hearing with the Court at the next omnibus hearing in these Chapter 11 Cases that is at least thirty (30) days after the end of the applicable Interim Fee Period, or at such other time as the Court deems appropriate.

    g.  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

    h.  Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of applications for compensation and reimbursement of expenses of Professionals (including any Interim Fee Applications).

    i.  Professionals shall file final applications for compensation and reimbursement of expenses ("**Final Fee Application**") by such deadlines as may be established in a confirmed plan or other order of this Court. If the compensation and reimbursements requested in the Final Fee Application relate solely to the first Interim Fee Period, then the

6

Professionals shall file a combined First Interim and Final Fee Application. Any objections to a Final Fee Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before twenty-one (21) days (or the next business day if such day is not a business day) following the date of service of the Final Fee Application. All Final Fee Applications shall comply with the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and orders of this Court.

   j. All Monthly Fee Applications, Interim Fee Applications, and Final Fee Applications shall comply with the Bankruptcy Code, Bankruptcy Rules, the Local Rules and orders of this Court.

  3. Each member of a statutorily-appointed committee in these Chapter 11 Cases is permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to committee counsel, which counsel shall collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, shall not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Third Circuit law or the practices of this Court.

  4. The Professionals shall be required to serve the Interim Fee Applications, the Final Fee Applications, and the Hearing Notice on the Notice Parties, and all other parties that have filed a request for notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notice on the Interim Fee Applications and Final Fee Applications.

7

#125450481 v3

5. In each Interim Fee Application and Final Fee Application, Professionals who have been or are hereafter retained, (i) unless such Professional is an ordinary course professional or (ii) a separate order of this Court provides otherwise, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

6. Each Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013*, in connection with each such attorney's Interim Fee Application and/or final fee application.

7. All notices given in accordance with the Compensation Procedures set forth herein shall be deemed sufficient and adequate notice in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

8. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports, identifying the amount paid to each of the Professionals.

9. Absent a change in controlling law, Professionals shall not seek reimbursement of any fees or costs arising from the defense of their respective fee applications in the above-captioned cases.

#125450481 v3

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of any Bankruptcy Rules or Local Rules are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: April 20th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

#125450481 v3