# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
MD HELICOPTERS, INC., *et al.*,[1] : Case No. 22-10263 (KBO)
: 
Debtors. : (Jointly Administered)
: 
: **Re: D.I. 11 and 99**
---------------------------------------------------------x

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 363(c),
1107 AND 1108 AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING
THE DEBTORS TO CONTINUE THEIR EXISTING CUSTOMER PROGRAMS
IN THE ORDINARY COURSE OF BUSINESS AND HONOR PREPETITION
OBLIGATIONS RELATED THERETO AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a Final Order (i) authorizing, but not directing, the Debtors to (a) maintain, apply, pay, and honor prepetition Customer Prepayments and obligations related to their Discount and Warranty Programs, as they deem appropriate, and (b) continue, renew, replace, implement, or terminate the Discount and Warranty Programs as they deem appropriate, in each case in the ordinary course of business, and (ii) granting related relief; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

#125515631 v2

and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Final Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis as, set forth herein.

2. The Debtors are authorized, but not directed, to maintain, apply, pay, satisfy, and honor all obligations (including the Prepetition Obligations) arising from the Customer Prepayments and the Discount and Warranty Programs, and to permit and effect all setoffs in connection therewith, in each case whether related to the prepetition period or the postpetition period, as the Debtors deem appropriate, without further application to the Court; <u>provided</u>, that payments on account of the Prepetition Obligations shall not exceed $4.35 million in the aggregate (inclusive of the Interim Customer Programs Cap) absent further order of the Court.

3. The Debtors are authorized, but not directed, to continue, renew, replace, modify, implement new and/or terminate the Discount and Warranty Programs and any other customer practices as they deem appropriate, in a manner consistent with their past practices, without further application to the Court; <u>provided</u>, that the Debtors shall provide five (5) days' advance notice to the DIP Lenders, the Zohar Lenders, any official committee(s) appointed in the cases, and the Office of the U.S. Trustee before renewing, replacing, modifying, implementing new and/or terminating any Discount and Warranty Programs.

#125515631 v2

4. At the direction of the Debtors, the Debtors' banks and financial institutions shall be and hereby are authorized to receive, process, honor, pay, and, if necessary, reissue all prepetition and postpetition checks and fund transfers, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, on account of obligations payable hereunder, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks and other financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Final Order.

5. Nothing in the Motion, the Interim Order or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order. Nothing contained in this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

6. Nothing in the Motion, the Interim Order or this Final Order shall be construed as prejudicing any rights the Debtors may have to dispute or contest the amount of or basis for any claims asserted against the Debtors in connection with any Customer Prepayment or Discount and Warranty Program.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a), and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated: April 20th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

#125515631 v2