# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MD HELICOPTERS, INC., *et al.*,[1] | Case No. 22-10263 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No.: 122, 135, 147 & 159** |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF TROUTMAN PEPPER HAMILTON SANDERS LLP AS RESTRUCTURING CO-COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for the entry of an order authorizing the employment and retention of Troutman Pepper Hamilton Sanders LLP ("**Troutman Pepper**") as restructuring co-counsel to the Debtors, effective as of the Petition Date; and upon the Declaration of David B. Stratton, a partner of Troutman Pepper, and First Supplemental Declaration of David B. Stratton [Docket No. 135] and the Second Supplemental Declaration of David B. Stratton [Docket No. 147] (together, the "Stratton Declarations"), and the Declaration of Y.R. Hladkyj, General Counsel of the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that, except as set forth in the Stratton Declarations, Troutman Pepper and its professionals (a) are not creditors, equity security holders or insiders of

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

#120253429 v6

the Debtors, (b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates, and (d) are not related to any judge of this Court, the U.S. Trustee for this District or any employee of the U.S. Trustee in this District; and, accordingly, that Troutman Pepper and its professionals are "disinterested persons" within the meaning of Section 101(14), as modified by Section 1107(b) of the Bankruptcy Code; and Troutman Pepper's representation of the Debtors being permissible under Section 327(a) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that notice of the Application and opportunity for a hearing thereon was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as provided herein.

2. The Debtors are authorized to retain Troutman Pepper as their restructuring co-counsel effective as of the Petition Date pursuant to Section 327(a) of the Bankruptcy Code and in accordance with the terms and conditions set forth in the Application; *provided, however,* that nothing in the Application shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases; *provided further, however,* that to the extent any of the Application, the Stratton Declarations, or any later declaration is inconsistent with this Order, the terms of this Order shall govern.

3. Notwithstanding anything contained in the Application (including the Engagement Letter) and the Stratton Declarations to the contrary, Troutman Pepper shall be compensated for professional services rendered and reimbursed for expenses incurred in connection with the Debtors' chapter 11 cases in accordance with Sections 330 and 331 of the

Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable procedures and orders of the Court. Troutman Pepper also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Troutman Pepper in these chapter 11 cases.

4. Troutman Pepper shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. Notwithstanding anything to the contrary in the Application or the Stratton Declarations, Troutman Pepper will not seek reimbursement of expenses for office supplies.

6. Troutman Pepper shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Troutman Pepper to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Troutman Pepper shall not share fees with existing or future contract attorneys who advise on the Debtors' chapter 11 cases or enter into fee sharing arrangements with such contract attorneys.

7. Troutman Pepper shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Stratton Declaration are implemented and shall file such notice with the Court. Parties in interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

#120253429 v6

8.      Notwithstanding anything in the Application or the Stratton Declarations to the contrary, Troutman Pepper shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

9.      Absent a change in controlling law, Troutman Pepper shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

10.     Within seven (7) days after any qualified bid deadline in these cases, Troutman Pepper will disclose through a supplemental declaration the identities of all bidders and the connections of Troutman Pepper to such potential counterparties.  To the extent a motion to seal becomes necessary, either the Debtors or Troutman Pepper will file a motion to seal under section 107 of the Bankruptcy Code, and the U.S. Trustee reserves all rights with respect to such motion as to, *inter alia*, whether sealing any names is appropriate or necessary.

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 20th, 2022
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

#120253429 v6