## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MD HELICOPTERS, INC., *et al.,*[1] | : | Case No. 22-10263 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | | Re: D.I. 6, 105 & 160 |

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 345 AND 363, FED. R. BANKR. P. 6003 AND 6004, AND DEL. BANKR. L.R. 2015-2 (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK ACCOUNTS, CHECKS, AND BUSINESS FORMS AND (II) AUTHORIZING CONTINUATION OF EXISTING DEPOSIT PRACTICES**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a Final Order under Sections 105(a), 345 and 363 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2, (i) authorizing, but not directing, the Debtors to continue to maintain and use their existing cash management system, including maintenance of their existing bank accounts, checks, and business forms; (ii) granting the Debtors a waiver of certain bank account and related requirements of the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") to the extent that such requirements are inconsistent with the Debtors' practices under their existing cash management system or other actions described in the Motion or herein; (iii) authorizing, but not directing, the Debtors to continue to maintain and use their existing deposit practices notwithstanding the provisions of Section 345(b) of the Bankruptcy Code; and (iv) authorizing the

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

#125482227 v4

Debtors to open and close bank accounts; and the Court having reviewed the Motion, the First Day Declaration, and the Interim Order entered on April 1, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Final Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

2. The Debtors are authorized, but not directed, to continue to use their current existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds, all under the terms and conditions provided for by, and in accordance with, the existing cash management agreements, except as modified by this Final Order. In connection with the ongoing utilization of the Cash Management System, the Debtors shall maintain accurate and detailed records with respect to all transfers, so that all transactions can be readily ascertained, traced, properly recorded, and distinguished between prepetition and postpetition transactions.

#125482227 v4

3. The Debtors are authorized to (i) continue to use the Bank Accounts at the Banks in existence as of the Petition Date in the same manner and with the same account number, styles, and document forms as are currently employed and subject to the existing cash management agreements with the Banks; (ii) deposit funds in and withdraw funds from the Bank Accounts in the ordinary course by all usual means, including checks, wire transfers, drafts, and electronic funds transfers or other items presented, issued, or drawn on the Bank Accounts; (iii) pay ordinary course Bank Fees and Bank Account Claims in connection with the Bank Accounts (in accordance with the existing cash management agreements), including any such amounts arising prior to the Petition Date; (iv) perform their obligations under the documents and agreements governing the Bank Accounts; and (v) for all purposes, treat the Bank Accounts as accounts of the Debtors in their capacities as debtors in possession.

4. The Banks and the Debtors' financial institutions shall be, and hereby are, authorized to administer the Debtors' Cash Management System in accordance with the existing cash management agreements, except as modified by this Final Order, and when requested by the Debtors in their sole discretion, (i) to process, honor, pay, and, if necessary, reissue any and all checks, including prepetition checks that the Debtors reissue postpetition, and electronic funds transfers drawn on the Bank Accounts relating to payments permitted by an order of this Court, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments, and (ii) to debit the Debtors' Bank Accounts in the ordinary course of business for all undisputed prepetition Bank Fees and Bank Account Claims which are outstanding as of the date hereof, if any. Any postpetition Bank Account Claims shall have administrative expense priority status pursuant to Section 503(b) of the Bankruptcy Code.

#125482227 v4

5. In each instance in which the Debtors hold Bank Accounts at banks that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days after entry of the Interim Order the Debtors shall (i) contact the Banks, (ii) provide the Banks with each of the Debtors' employer identification numbers, and (iii) identify their Bank Accounts as being held by a debtor-in-possession in a bankruptcy case and provide the main case number. In each instance in which the Debtors hold Bank Accounts at banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good faith efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the Petition Date, to the extent such Bank is a domestic bank. The U.S. Trustee's rights to seek further relief from this Court in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

6. Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their existing checks, correspondence, and other business forms without alteration or change and without the designation "Debtor-in-Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor-in-Possession" and the main bankruptcy case number on all checks; *provided* that, with respect to electronic checks that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor-in-Possession" legend and the main case number on such items within ten (10) days of the date of entry of the Interim Order.

7. The Debtors are authorized to continue to utilize all third-party providers necessary for the administration of their Cash Management System. In addition, the Debtors are authorized, but not directed, to pay all postpetition amounts due to such third-party providers.

8. Effective as of the Petition Date, and subject to the terms of this Final Order, all Banks at which the Bank Accounts are maintained are authorized to continue to administer, service, and maintain the Bank Accounts as such accounts were administered, serviced, and maintained prepetition, without interruption and in the ordinary course (including making deductions and setoffs for Bank Fees and Bank Account Claims) and consistent with and subject to the cash management agreements, and, when requested by the Debtors in their sole discretion, to honor any and all checks, drafts, wires, electronic funds transfers, or other items presented, issued, or drawn on the Bank Accounts on account of a claim against the Debtors arising on or after the Petition Date; *provided*, *however*, that unless otherwise ordered by the Court and directed by the Debtors, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the Banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts on account of a claim against the Debtors arising prior to the Petition Date shall be honored. In no event shall the Banks be required to honor overdrafts or to pay any check, wire, electronic funds transfers, or other debit against the Bank Accounts that is drawn against uncollected funds or, subject to the below, that was issued prior to the Petition Date. Notwithstanding the foregoing, the Banks are authorized to rely on the Debtors' payment instructions with respect to the Bank Accounts and designation of any particular check or electronic payment request, funds transfer, or other transaction (including foreign currency exchanges, transactions or trades) as being approved by order of the Court and have no duty to inquire as to whether such payments are authorized by an order of this Court.

9. If any Bank honors a prepetition check or item drawn on any account that is the subject of this Final Order at the direction of the Debtors, such Bank shall not be deemed liable to the Debtors or their estates on account of such prepetition check or item being honored postpetition or otherwise in violation of this Final Order.

10. The Debtors shall be authorized to make non-material and reasonable changes to the Cash Management System consistent with this Final Order; *provided*, *however*, that the Debtors shall (a) provide counsel to the U.S. Trustee and any official committee(s) with three (3) business days advanced notice via email (the "**Notice Period**") prior to making any changes to the Cash Management System and (b) seek further authorization from this Court to make such proposed changes if (i) the proposed change is material or (ii) prior to the expiration of the Notice Period, the U.S. Trustee or an official committee notifies the Debtors via email that he or it considers the proposed change to be material; *provided further*, that without limiting the scope of what constitutes a material change, any change which implicates Section 345(b) of the Bankruptcy Code is a material change.

11. The Debtors may close any of the Bank Accounts (subject to the terms of the existing cash management agreement) or open any additional bank accounts following the Petition Date (the "**New Accounts**") wherever the Debtors deem that such accounts are needed or appropriate. Notwithstanding the foregoing, the Debtors shall open such New Account(s) only at banks that have executed a Uniform Depository Agreement with the U.S. Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement. The New Accounts are deemed to be Bank Accounts and are similarly subject to the rights, obligations, and relief granted in this Final Order. The Banks are authorized (but not required, except as set forth in the cash management agreements between the Bank and the Debtors) to honor the Debtors'

requests to open or close (as the case may be) such Bank Account(s) or New Account(s). To the extent that a Bank is authorized to close a Bank Account pursuant to the terms of the account agreement with the Debtors, such Banks are authorized to close such Bank Accounts as deemed necessary and appropriate and in accordance with the terms of such agreements and this Final Order. In the event that the Debtors open or close any Bank Account(s) or New Account(s), such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, counsel to the Zohar Lenders, counsel to the Patriarch Lenders, counsel to Ankura, and counsel to any statutory committee appointed in the Chapter 11 Cases five (5) business days prior to the opening or closing of any such account.

12. The Debtors are authorized to deposit funds in accordance with existing practices under the Cash Management System as in effect as of the Petition Date, subject to any reasonable non-material changes, consistent with this Final Order, to the Cash Management System that the Debtors may implement, and the Debtors are hereby granted an extension of time for a period of sixty (60) days from the Petition Date to comply with Section 345(b) of the Bankruptcy Code, including the filing of a certification pursuant to Local Rule 4001-3. Despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate any quarterly fees due under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor makes the disbursements.

13. Neither the provisions contained in the Motion, the Interim Order or this Final Order, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

14. The UST Requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived except as otherwise required by any applicable agreements between the Debtors and the Banks.

15. Nothing in this Final Order permits transfers between a Debtor and a non-Debtor affiliate.

16. Nothing contained in the Motion, the Interim Order or this Final Order shall be construed to (i) create, alter, or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date, or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

17. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

19. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

20. Nothing in the Motion, the Interim Order or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any

#125482227 v4

party subject to this Final Order. Nothing contained in this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: April 20th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

#125482227 v4