**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------  x
                                          :
In re:                                    :   Chapter 11
                                          :
MD HELICOPTERS, INC., et al.,[1]          :   Case No. 22-10263 (KBO)
                                          :
        Debtors.                          :   (Jointly Administered)
                                          :
----------------------------------------  x   Re: D.I. 12, 100 & 161
```

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a),
362(d), 363(b), 507(a), 541, 1107(a) AND 1108 AND FED. R. BANKR. P. 6003 AND 6004
(I) AUTHORIZING (A) PAYMENT OF PREPETITION WORKFORCE OBLIGATIONS
AND (B) CONTINUATION OF WORKFORCE PROGRAMS ON POSTPETITION
BASIS, (II) AUTHORIZING PAYMENT OF PAYROLL-RELATED
TAXES, (III) CONFIRMING THE DEBTORS' AUTHORITY TO
TRANSMIT PAYROLL DEDUCTIONS, (IV) AUTHORIZING PAYMENT OF
PREPETITION CLAIMS OWING TO ADMINISTRATORS, (V) DIRECTING
BANKS TO HONOR PREPETITION CHECKS AND FUND TRANSFERS
FOR AUTHORIZED PAYMENTS, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a Final Order under Sections 105(a), 362(d), 363(b), 507(a), 541, 1107(a), and 1108 of the Bankruptcy Code, and Bankruptcy Rule 6003 (a) authorizing the Debtors to (i) pay certain prepetition amounts for compensation, benefits, and reimbursable expenses owing to or for the benefit of the Debtors' Workforce and (ii) continue the Workforce Programs in the ordinary course of business postpetition, as in effect immediately prior to the filing of the Chapter 11 Cases; (b) confirming that the Debtors are authorized to pay any and all local, state, and federal withholding and payroll-related or similar taxes relating to prepetition periods; (c) confirming that the Debtors are permitted, but not required, to continue to deduct and to transmit deductions from payroll checks as authorized by Employees,

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

#125483006 v4

as required by any Workforce-related plan, program, or policy, or as required by law; (d) authorizing the Debtors to pay any prepetition claims owing to the Administrators; (e) authorizing and directing all banks to receive, process, honor, and pay all of the Debtors' prepetition checks and fund transfers on account of any obligations authorized to be paid hereunder; and (f) granting related relief; and the Court having reviewed the Motion and the First Day Declaration, and the Interim Order entered on April 1, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Final Order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein on a final basis.

2.      All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3.      Subject to the provisions of this Order, the Debtors (or any applicable Administrator on behalf of, and as directed by, the Debtors) are authorized, but not directed, to pay or otherwise honor outstanding prepetition Workforce Obligations to, or for the benefit of, the Workforce owed in connection with (i) the Workforce Compensation Obligations, (ii) the Employee

Reimbursement Obligations, and (iii) the Employee Benefits Obligations, each as described in the Motion and including, for the avoidance of doubt, as may be owed to the Director; *provided, however*, that payments to or for the benefit of any individual member of the Workforce on account of prepetition obligations will not exceed the amounts set forth in Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code; *provided further*, that the Debtors' employees are authorized to use paid time off ("**PTO**") in accordance with the Debtors' policies and practices.  Notwithstanding any other provision of the Motion, the Interim Order or this Final Order, such payments (i) shall not exceed 110% of the estimated outstanding amounts listed in paragraph 9 of the Motion for each category described therein, and (ii) shall not exceed $1.64 million in the aggregate without further order of the Court; *provided, however*, the amount of any Pension Plan liability paid pursuant to this Order (x) shall be consistent with ordinary course practices and (y) shall not exceed $200,000 absent further order of this Court.

4. Nothing herein prejudices the Debtors' ability to pay bonus and severance obligations in the ordinary course of business consistent with historical practices; *provided*, that nothing contained herein (i) authorizes the payment of bonus or severance obligations that were due and payable prior to the Petition Date, or (ii) authorizes payments that implicate Section 503(c) of the Bankruptcy Code; *provided, further*, that nothing herein shall prejudice the Debtors' ability to seek approval of relief with respect to such obligations at a later time; *provided, further*, that the rights of the United States Trustee for the District of Delaware to object and/or seek relief with respect to bonus and severance matters (including, *inter alia*, to dispute the Debtors' determination regarding the ordinary course nature of bonus and severance obligations) shall be preserved and not in any way impacted by this Order.

5. Except as otherwise expressly set forth in this Final Order, the Debtors are authorized to (i) continue each of the Workforce Programs, including but not limited to, the

#125483006 v4

Workforce Compensation Programs, the Employee Reimbursement Programs, and the Employee Benefits Programs, each as described in the Motion, in the ordinary course of business during the pendency of the Chapter 11 Cases in the manner and to the extent that such Workforce Programs were in effect immediately prior to the filing of the Chapter 11 Cases, and (ii) continue to fund and to make payments in connection with the costs of and the expenses incurred in the administration of any Workforce Program, including but not limited to the Workforce Compensation Programs, the Employee Reimbursement Programs, and the Employee Benefits Programs, as described in the Motion, in the ordinary course of business.

6.   Nothing herein shall be deemed to authorize the Debtors to cash out unpaid PTO except upon termination of an Employee and to the extent required by applicable non-bankruptcy law.

7.   Subject to the caps set forth in paragraphs 3 and 19 of this Final Order, the Debtors are authorized to reimburse the Employees for all Employee Reimbursement Obligations incurred prior to the Petition Date.  In addition, the Debtors are authorized to make direct payments to third parties on account of amounts owed in connection with the Employee Reimbursement Obligations.

8.   The Debtors are authorized to continue their Workers' Compensation Policy and to pay any outstanding prepetition claims, taxes, charges, assessments, premiums, and third party administrator fees arising under the Workers' Compensation Policy and or programs in which they participate.  In addition, the automatic stay of Section 362(d) of the Bankruptcy Code is hereby lifted to allow the Employees to proceed with any Workers' Compensation Claims they may have under the Workers' Compensation Policy and to allow the Debtors' insurance providers and/or third party administrators to negotiate, settle, and/or litigate such claims, and pay resulting amounts, whether such claims arose before or after the Petition Date.

9. The Debtors are authorized to withhold, pay, and/or transmit any and all amounts attributable to the Deductions, including but not limited to paying withholding and payroll-related taxes and fees related to the Workforce Obligations, social security taxes, and Medicare taxes, as required by any Workforce-related plan, program, or policy, or as required by law, whether such amounts relate to the period before or after the Petition Date.

10. The Debtors are authorized to pay amounts owed in connection with claims of the Administrators in connection with administering and delivering payments or providing other services and benefits to the Workforce for prepetition services rendered and claims for reimbursement based on prepetition disbursements made by the Administrators. Any amounts owed by the Debtors to the Administrators are captured within the amounts set out for the Workforce Programs for which the Debtors are seeking relief in the Motion.

11. The Debtors are authorized, but not directed, to pay prepetition amounts owed to the Director and may continue to make such payments on a postpetition basis in the ordinary course of business.

12. The Debtors are authorized, but not directed, to pay prepetition amounts to eligible non-insider Employees under the Annual Bonus Program and may continue providing such benefits in the ordinary course of business.

13. The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all prepetition amounts owed to any party in connection with the prepetition Workforce Obligations authorized to be paid pursuant to this Order, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. Further, the Debtors are authorized to issue new postpetition checks and initiate new postpetition

electronic fund transfers to replace any checks or electronic fund transfers that may be dishonored and to reimburse any related expenses that may be incurred as a result of any bank's failure to honor a prepetition check or electronic fund transfer authorized to be paid pursuant to this Order.

14. The Debtors' banks and financial institutions may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Final Order.

15. Authorization to pay, and the payment of, any amounts on account of prepetition Workforce Obligations, including any amounts on account of the Workforce Compensation Obligations, the Employee Reimbursement Obligations, and/or the Employee Benefits Obligations, shall not affect the Debtors' right to contest the amount or validity of any prepetition Workforce Obligation, including without limitation, any amounts that may be due to any taxing authority.

16. Neither the provisions of this Final Order, nor any payments made or not made by the Debtors pursuant to this Final Order, shall be deemed an assumption or rejection of any Workforce Program, agreement or contract, or otherwise affect the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtors and any member of the Workforce, or other person.

17. Nothing contained herein limits the Debtors' ability (if any), subject to the limitations contained in this Order, to modify, change, and discontinue any Workforce Program in the ordinary course of business and to implement new programs, policies, and benefits in the ordinary course of business during the Chapter 11 Cases without the need for further Court approval to the extent such action is authorized by applicable law; *provided*, *however*, that the

Debtors shall seek Court approval, on notice, of any modification that would implicate any portion of Section 503(c) of the Bankruptcy Code.

18.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in the Motion, the Interim Order, or this Final Order shall create any rights in favor of, or enhance, limit or change the status of any claim held by, any member of the Workforce, or other person.

19.     Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to the Motion, the Interim Order, or this Final Order, shall be deemed an admission as to the validity of any underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

20.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Final Order.

22.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: April 20th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE