# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
:
In re: : Chapter 11
:
MD HELICOPTERS, INC., *et al.,*[1] : Case No. 22-10263 (KBO)
:
Debtors. : (Jointly Administered)
:
: **Re: D.I. 8, 106 & 162**
---------------------------------------------------- x

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 503(b)(9), 1107(a) AND 1108 AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CRITICAL VENDORS, (II) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION CLAIMS OF 503(b)(9) CLAIMANTS, (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a final order (this "**Final Order**") under Sections 105(a), 363(b), 503(b)(9), 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, the prepetition fixed, liquidated, and undisputed claims of the critical vendors and service providers, subject to the conditions described herein, (ii) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, certain prepetition claims of 503(b)(9) claimants, (iii) authorizing financial institutions to honor and process related checks and transfers, and (iv) granting certain related relief; and the Court having reviewed the Motion and the First Day Declaration, and the Interim Order entered on April 1, 2022; and the Court having

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Final Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, in their sole discretion, to pay, or cause to be paid, the Critical Vendor Claims of their Critical Vendors and the 503(b)(9) Claims of the 503(b)(9) Claimants, subject to the terms and conditions of this Final Order and after consultation with the Zohar Lenders; *provided* that payments on account of the Critical Vendor Claims and the 503(b)(9) Claims shall not exceed $3.5 million in the aggregate (inclusive of the amount of Critical Vendor Claims and 503(b)(9) Claims paid pursuant to the Interim Order) pursuant to this Final Order without further order of this Court; *provided*, *further*, that the Debtors are not authorized to pay claims of "insider[s]" (as that term is defined in Section 101(31) of the Bankruptcy Code), employees, or "professional persons" (as that phrase appears in Section 327(a)

of the Bankruptcy Code) pursuant to this Final Order. For the avoidance of doubt, Critical Vendor Claims shall include, but not be limited to, NRE Claims regardless of whether the Debtors receive invoices for such claims before, on, or after the Petition Date.

4. The Debtors are authorized, but not directed, to undertake appropriate efforts to cause the Critical Vendors to enter into a Trade Agreement with the Debtors substantially similar to the form attached as Exhibit C to the Motion.

5. If a Critical Vendor, whether under a Trade Agreement or otherwise, refuses to supply goods and/or services to the Debtors on Customary Trade Terms or Minimum Credit Terms (or such other terms as are agreed by the parties) following receipt of payment on its Critical Vendor Claims or otherwise fails to comply with any Trade Agreement entered into between such Critical Vendor and the Debtors, then the Debtors reserve their rights to take any and all actions necessary to return the parties to the positions they held immediately prior to entry of this Final Order with respect to all prepetition claims, including but not limited to: (a) declaring that any Trade Agreement between the Debtors and such Critical Vendor is terminated; (b) declaring that payments made to such Critical Vendor on account of its Critical Vendor Claims shall be deemed to have been made in payment of then-outstanding (or subsequently accruing) postpetition claims of such Critical Vendor without further order of the Court or action by any person or entity; and (c) recovering or seeking disgorgement of any payment made to such Critical Vendor on account of its Critical Vendor Claims to the extent that such payments exceed the value of the postpetition claims of such Critical Vendor, without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or other defenses. Nothing herein shall constitute a waiver of the Debtors' rights to seek damages or other appropriate remedies against any breaching Critical Vendor.

6. Notwithstanding the foregoing, the Debtors may, in their sole discretion, reinstate a Trade Agreement if the underlying default under the Trade Agreement is fully cured by the Critical Vendor not later than five (5) business days following the Debtors' notification to the Critical Vendor that such default has occurred or the Debtors, in their sole discretion, reach a favorable alternative agreement with the Critical Vendor.

7. The amount of each Critical Vendor's Critical Vendor Claim set forth in connection with a Trade Agreement shall be used only for purposes of determining such Critical Vendor's Claim for purposes of this Final Order and shall not be deemed a claim allowed by the Court, and the rights of all interested persons to object to the allowance of such claim shall be fully preserved until further order of the Court. Further, a Critical Vendor's receipt of partial payment of its asserted prepetition claim(s) shall not excuse such Critical Vendor from filing a proof of claim in these cases.

8. Any payments with respect to prepetition claims hereunder shall first be used to satisfy any allowed claim of the applicable Critical Vendor that is entitled to priority under section 503(b)(9) of the Bankruptcy Code, and thereafter to satisfy the applicable Critical Vendor's general unsecured claim(s).

9. No claimant who receives payment in full on account of a Critical Vendor Claim is permitted to, with respect to such Critical Vendor Claim, file or perfect a Lien on account of such claim, assert a Reclamation Claim, and/or assert a claim under Section 503(b)(9) of the Bankruptcy Code, and any such claimant shall take all necessary action, at its expense, to remove any existing Lien relating to such claim, and to withdraw any Reclamation Claim or claim under Section 503(b)(9) of the Bankruptcy Code, on account of such claim.

#125487555 v3

10. Nothing in the Motion, the Interim Order or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the rights of the Debtors or the Zohar Lenders to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute a Critical Vendor Claim or a 503(b)(9) Claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order. Nothing contained in this Final Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, change the priority, or otherwise affect the Critical Vendor Claims to the extent they are not paid.

11. Nothing in the Motion, the Interim Order or this Final Order, nor the Debtors' implementation of the relief granted in this Final Order, shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the Critical Vendors, including the Debtors' rights to (a) cancel a purchase order, (b) decline the acceptance of goods and/or services, (c) return any defective, nonconforming or unacceptable goods, or (d) contest the amount of any invoice or claims on any grounds.

12. At the direction of the Debtors, the Debtors' banks and financial institutions shall be and hereby are authorized to receive, process, honor, pay, and, if necessary, reissue all prepetition and postpetition checks and fund transfers, including prepetition checks and electronic payment and transfer requests that the Debtors reissue or re-request postpetition, on account of obligations owed to any Critical Vendor or 503(b)(9) Claimant authorized to be paid pursuant to

5

this Final Order, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks and other financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Final Order.

13. The Debtors shall maintain a matrix identifying the name of each Critical Vendor and 503(b)(9) Claimant paid on account of its Critical Vendor Claim or 503(b)(9) Claim and shall provide the matrix to the Prepetition First Lien Agent, the Prepetition First Lien Lenders, and the DIP Lenders on a weekly basis, one week in arrears, and shall make the same available to the Office of the U.S. Trustee upon request. Absent further Court order to the contrary, the matrix shall be considered confidential.

14. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated: April 20th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

#125487555 v3