# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MD HELICOPTERS, INC., *et al.*,[1] | : | Case No. 22-10263 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Re: D.I. 16, 107 & 163 |

**FINAL ORDER UNDER 11 U.S.C. §§ 105(a) AND 366
(I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR
DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES,
(II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT,
AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a Final Order under Sections 105(a) and 366 of the Bankruptcy Code, (i) prohibiting the Debtors' Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors, (ii) approving a deposit as adequate assurance of the Debtors' ability to honor postpetition payment obligations to the Utility Companies, and (iii) establishing procedures for resolving any subsequent requests by the Utility Companies for additional adequate assurance of payment; and the Court having reviewed the Motion, the First Day Declaration, and the Interim Order entered on April 1, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from*

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*the United States District Court for the District of Delaware,* dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. Absent further order of this Court, the Utility Companies, including any subsequently added Utility Companies, are hereby prohibited from altering, refusing, discontinuing service to, or discriminating against, the Debtors on account of unpaid prepetition invoices or due to the commencement of the Chapter 11 Cases, and from requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein. The Utility Companies are also prohibited from drawing upon any existing security deposit, surety bond, or other form of security to secure future payment for Utility Services, other than as agreed to by the Debtors in accordance with the Additional Adequate Assurance Procedures or as permitted by Section 366(c)(4) of the Bankruptcy Code with respect to a security deposit provided prepetition.

4. To the extent not already deposited pursuant to the Interim Order, the Debtors shall cause an amount equal to $25,220 to be deposited into a segregated, non-interest-bearing account (the "**Adequate Assurance Deposit**") upon entry of this Final Order or as soon thereafter as is reasonably practicable. The account will be held at a bank that has executed the approved Uniform Depository Agreement with the United States Trustee for the District of Delaware. The Adequate Assurance Deposit shall serve as a cash security deposit to provide adequate assurance of payment for Utility Services provided to the Debtors after the Petition Date and through the pendency of the Chapter 11 Cases. The amount of the Adequate Assurance Deposit will remain $25,220 throughout the Chapter 11 Cases (*i.e.*, the amount will not be recalculated), unless otherwise adjusted as provided for herein.

5. The balance of the Adequate Assurance Deposit may be adjusted and/or reduced by the Debtors, without further order, to account for any of the following: (i) subject to the procedures contained in this Order, the extent to which the Adequate Assurance Deposit includes any amount on account of a company that the Debtors subsequently determine is not a "utility" within the meaning of Section 366 of the Bankruptcy Code, (ii) the termination of a Utility Service by a Debtor regardless of any Additional Adequate Assurance Request (as defined below), (iii) the closure of a utility account with a Utility Company for which funds have been contributed for the Adequate Assurance Deposit, or (iv) any other arrangements with respect to adequate assurance of payment reached by a Debtor with individual Utility Companies; *provided*, that, with respect to the Debtors' termination of a Utility Service or closure of a utility account with a Utility Company, the Debtors may adjust and/or amend the balance of the Adequate Assurance Deposit upon reconciliation and payment by the Debtors of such Utility Company's final invoice in accordance

with applicable nonbankruptcy law, to the extent that there are no outstanding disputes related to payment for postpetition services.

6.  The Debtors shall maintain the Adequate Assurance Deposit until the earlier of the Court's entry of an order authorizing the return of the Adequate Assurance Deposit to the Debtors or upon reconciliation and payment by the Debtors of the Utility Companies' respective final invoices for postpetition, pre-Effective Date services (at which time the funds comprising the Adequate Assurance Deposit shall automatically, without further order of the Court, be returned to the Debtors or reorganized Debtors, as applicable, unless the Debtors are aware of outstanding disputes related to payment for postpetition, pre-Effective Date services).

7.  The following procedures (the "**Additional Adequate Assurance Procedures**") are hereby approved with respect to all Utility Companies, including all subsequently added Utility Companies:

> (a) The Debtors will serve on the Utility Companies (i) copies of the Motion and the Interim Order within forty-eight (48) hours[3] after entry of the Interim Order by fax, e-mail or overnight mail and (ii) a copy of this Final Order.
>
> (b) The Debtors will deposit the Adequate Assurance Deposit in the Adequate Assurance Account within twenty (20) calendar days after the Petition Date; provided, that to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may, with the consent of the Utility Provider, reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of such Utility Provider by the amount of such other value.
>
> (c) In the event that a Utility Company asserts that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Section 366(c)(2) of the Bankruptcy Code, that Utility Company must serve on the Adequate Assurance Notice Parties (defined below) a written request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights in the Adequate Assurance

---

[3] Local Rule 9013-1(m)(iv) requires service of all first day motions and orders on affected parties within forty-eight (48) hours of entry of the first day order.

Deposit on. All Additional Adequate Assurance Requests shall be delivered by mail and email to (a) MD Helicopters, Inc., 4555 E. McDowell Road, Mesa, AZ 85215, Attn: Y.R. Hladkyj (email: yr.hladkyj@mdhelicopters.com); (b) Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, Attn: Suzzanne Uhland, Esq. and Adam S. Ravin, Esq. (emails: suzzanne.uhland@lw.com and adam.ravin@lw.com)); (c) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, 1313 N. Market Street, Suite 5100, Wilmington, DE 19801, Attn: David Stratton, Esq., David M. Fournier, Esq., and Evelyn J. Meltzer, Esq. (emails: david.stratton@troutman.com, david.fournier@troutman.com, and evelyn.meltzer@troutman.com)); (d) counsel to the Zohar Lenders, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Michael Nestor, Joseph Barry, and Ryan Bartley (emails: mnestor@ycst.com, jbarry@ycst.com, and rbartley@ycst.com); (e) counsel to the Patriarch Lenders and PPAS, Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, Attn: Daniel F.X. Geoghan (email: dgeoghan@coleschotz.com), and Cole Schotz P.C., 500 Delaware Ave, Ste 1410, Wilmington, DE 19801, Attn: Norman L. Pernick (email: npernick@coleschotz.com), (f) counsel to Ankura, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne and Andrew Harmeyer (emails: ddunne@milbank.com and aharmeyer@milbank.com); and (g) counsel to the DIP Lenders, (i) Arnold & Porter Kaye Scholer LLP, 250 W. 55th Street, New York, NY 10019, Brian Lohan and Jonathan Levine (emails: brian.lohan@arnoldporter.com and jonathan.levine@arnoldporter.com) and (ii) Womble Bond Dickinson (US) LLP, 1313 N. Market Street, Suite 1200, Wilmington, DE 19801, Attn: Morgan L. Patterson (email: morgan.patterson@wbd-us.com) (collectively, the "**Adequate Assurance Notice Parties**").

(d) Any Additional Adequate Assurance Request must (i) set forth the location(s) for which Utility Services are provided and the type of Utility Services provided, (ii) set forth the account number(s) for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit(s) or other security currently held by the requesting Utility Company, (iv) set forth why the Utility Company believes the proposed adequate assurance is not sufficient adequate assurance of future payment, (v) set forth the amount and nature of the adequate assurance of payment that would be satisfactory to the Utility Company, and (vi) provide an email address to which the Debtors may respond to the Additional Adequate Assurance Request.

(e) Until a Utility Provider serves on the Adequate Assurance Notice Parties an Additional Assurance Request, such Utility Provider shall be (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with Section 366 of the Bankruptcy Code and (ii)

(f) Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors shall have the greater of (i) twenty (20) days after receipt of such Additional Assurance Request and (ii) thirty (30) days after entry of the Interim Order (the "**Resolution Period**"), or such greater period as may be agreed to by the Debtors and the relevant Utility Provider, to negotiate with such Utility Provider to resolve its Additional Assurance Request.

(g) Without further order of the Court, the Debtors may resolve an Additional Adequate Assurance Request by entering into agreements granting additional adequate assurance to the requesting Utility Company if the Debtors, in their sole discretion, subject in all respects to the Approved DIP Budget,[4] determine that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternative consensual provisions.

(h) If the Debtors determine that the Additional Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company during the Resolution Period, during or immediately after the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurance of payment with respect to the Utility Provider (the "**Determination Hearing**") pursuant to Section 366(c)(3) of the Bankruptcy Code. The Determination Hearing shall be held at the next regularly-scheduled omnibus hearing in these Chapter 11 Cases that is not less than twenty-one (21) days after the Resolution Period or such other date and time agreed to by the parties.

(i) The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and any additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Section 366(c)(3) of the Bankruptcy Code. Pending resolution of any Additional Adequate Assurance Request, the Utility Company making such request shall be prohibited from altering, refusing, or discontinuing service to the Debtors, or from discriminating against the Debtors with respect to the provision of Utility Services, on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Additional Adequate Assurance Procedures.

---

[4] "**Approved DIP Budget**" has the meaning ascribed to it in the Order(s) approving the debtor-in-possession financing.

(j) Any Additional Assurance Request must be made and actually received by the Debtors. Unless and until a Utility Company serves an Additional Adequate Assurance Request the Adequate Assurance Notice Parties, it will be (i) deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Section 366(c)(2) of the Bankruptcy Code and (ii) prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtors on account of the commencement of the Debtors' chapter 11 cases or any unpaid prepetition charges and, subject to the Utility Company's right to seek modification of the Proposed Adequate Assurance under Section 366(c)(3)(A), from requiring additional assurance of payment other than the Proposed Adequate Assurance.

(k) Absent compliance with the Adequate Assurance Procedures and the terms of this Final Order, the Utility Companies (including Utility Companies subsequently added to the Utility Company List) are forbidden to (i) alter, refuse, or discontinue services to, or discriminate against, the Debtors on account of unpaid prepetition invoices or due to the commencement of the Chapter 11 Cases or (ii) require the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than the funding of the Adequate Assurance Deposit, without prejudice to the Utility Company's right to seek modification of the Proposed Adequate Assurance under Section 366(c)(3)(A).

8. The Debtors are authorized, in their sole discretion, to amend Exhibit A attached to the Motion (the "**Utility Company List**") to add or delete any Utility Company, and this Final Order shall apply in all respects to any such Utility Company that is subsequently added to the Utility Company List. For those Utility Companies that are subsequently added to the Utility Company List, the Debtors shall, within two (2) business days of filing a supplement to the Utility Company List identifying any such additional Utility Company, serve a copy of the Motion and this Final Order on such Utility Company, along with an amended Utility Company List that includes such Utility Company. The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Company List by an amount equal to fifty percent of the estimated average monthly cost of such Utility Services based on historical averages over the preceding twelve months, less existing deposits on hand with providers.

9. The Debtors may amend the Utility Company List to delete a Utility Company, or may seek to terminate a Utility Company, only if the Debtors have provided fourteen (14) days' advance notice to such Utility Company, and have not received any objection from such Utility Company. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree. The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Company that the Debtors seek to terminate or delete from the Utility Company List unless and until the fourteen (14) days' notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

10. The Debtors are authorized, but not directed, to pay on a timely basis in accordance with their prepetition practices, all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Companies to the Debtors. The Utility Companies are hereby prohibited from unilaterally applying any such postpetition payments to any amounts due on account of prepetition Utility Services, including, without limitation, any penalties or interest; *provided, however,* that the foregoing does not affect the Utility Companies' rights under Section 366(c)(4) of the Bankruptcy Code.

11. The Additional Adequate Assurance Procedures, the Adequate Assurance Deposit, and the Debtors' ability to pay for future Utility Services in the ordinary course of business constitute adequate assurance of future payment to the Utility Companies to satisfy the requirements of Section 366 of the Bankruptcy Code.

12. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

13. Neither the provisions contained in the Motion, the Interim Order, or this Final Order, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be deemed an admission as to the validity of any underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

14. The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or a "utility" under Section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Company List.

17. Nothing in the Motion, the Interim Order or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order. Nothing contained in this Final Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: April 20th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

#125516692 v3