IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
MD HELICOPTERS, INC., *et al.,*[1]                      :    Case No. 22-10263 (KBO)
                                                        :
                        Debtors.                        :    (Jointly Administered)
                                                        :
                                                        :    **Re: D.I. 123, 182**
------------------------------------------------------- x

**ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

Upon the Debtors' application (the "**Application**")[2] for employment and retention of Kroll[3] as Administrative Advisor effective as of the Petition Date under Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, all as more fully described in the Application; and the Court having reviewed the Application, the Steele Declaration, and the Supplemental Declaration of Benjamin J. Steele in support of the Application [D.I. 180] (together with the Steele Declaration, the "Steele Declarations"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[3] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

#125450657 v3

that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that Kroll has the capability and experience to provide the services described in the Application and that Kroll does not represent or hold an interest adverse to the Debtors or their estates respecting the matters upon which it is to be engaged; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief set forth in this Order, it is hereby

**ORDERED ADJUDGED, AND DECREED THAT:**

1. The Application is approved as set forth in this Order.

2. The Debtors are authorized to retain Kroll as Administrative Advisor effective as of the Petition Date under the terms of the Engagement Agreement. Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement and to take such other action to comply with all duties set forth in the Application.

3. Kroll shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

4. The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

5. Kroll shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or

reimbursement therefor are approved by this Court.

6. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either: (i) judicially determined (that determination having become final) to have arisen from Kroll's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

7. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Kroll. All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution, or reimbursement.

8. The limitation of liability section in paragraph 10 of the Engagement Agreement is

deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

9. Within seven (7) days after any qualified bid deadline in these cases, Kroll will disclose through a supplemental declaration the identities of all bidders and the connections of Kroll to such potential counterparties. To the extent a motion to seal becomes necessary, either the Debtors or Kroll will file a motion to seal under section 107 of the Bankruptcy Code, and the U.S. Trustee reserves all rights with respect to such motion as to, inter alia, whether sealing any names is appropriate or necessary.

10. Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statement of financial affairs shall be limited to administrative and ministerial services. The Debtors shall remain responsible for the content and accuracy of its schedules of assets and labilities and statement of financial affairs.

11. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

Dated: April 22nd, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

#125450657 v3