IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
MD HELICOPTERS, INC., *et al.,*[1]                      :   Case No. 22-10263 (KBO)
                                                        :
        Debtors.                                        :   (Jointly Administered)
                                                        :
                                                        :   **Re: D.I. 121, 190, 191**
------------------------------------------------------- x

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ALIXPARTNERS, LLP AS FINANCIAL ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for an order (this "**Order**") (i) authorizing the Debtors to employ and retain AlixPartners, LLP ("**AlixPartners**") as their financial advisor, in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached to the Application as Exhibit B; and (ii) granting such other and further relief as is just and proper, all as more fully set forth in the Application, in each instance effective as of the Petition Date (as defined below); and the Court having reviewed the Application, the Orlofsky Declaration, and the Supplemental Declaration of David Orlofsky in support of the Application [D.I. 190] (together, the "Orlofsky Declarations"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that the

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

#125450514 v4

Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied, based on the representations made in the Application and the Orlofsky Declarations, that AlixPartners is "disinterested" as such term is defined under Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and this Court having found the terms and conditions of AlixPartners' employment, including but not limited to the Fee and Expense Structure set forth in the Engagement Letter and Application, are reasonable under Section 330 of the Bankruptcy Code; and any objections to the Application having been resolved or overruled; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors and their respective estates and creditors; and upon the record herein and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Application is granted as set forth in this Order.

2. Pursuant to Sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain AlixPartners as their financial advisor in these Chapter 11 Cases, effective as of the Petition Date, and in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as <u>Exhibit B</u> as modified by this Order.

3. The terms of the Engagement Letter, including without limitation, the Indemnification Provisions, are reasonable terms and conditions of employment and are approved in all respects, as modified by this Order.

4. AlixPartners is authorized to treat the balance of the Retainer as an evergreen retainer to be held by AlixPartners as security throughout the Chapter 11 Cases.

5. AlixPartners' monthly, interim and final requests for allowance of compensation and reimbursement of expenses shall be governed by Sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of this Court. For billing purposes, AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

6. To the extent authorized by this Court, the Debtors will reimburse AlixPartners for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter; provided, further, that in the event that AlixPartners seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in AlixPartners' own applications, both interim and final, and they shall be subject to the U.S. Trustee Fee Guidelines and the approval of the Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

7. The indemnification provisions included in the Engagement Letter are approved, subject to the following:

    a. No AlixPartners Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

    b. The Debtors shall have no obligation to indemnify any AlixPartners Party, or provide contribution or reimbursement to any AlixPartners

3

        Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the AlixPartners Party's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of an AlixPartners Party's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the AlixPartners Party should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order.

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, an AlixPartners Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the AlixPartners Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the AlixPartners Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any AlixPartners Party for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the AlixPartners Parties. All parties in interest shall retain the right to object to any demand by any AlixPartners Party for indemnification, contribution and/or reimbursement.

10.    Any limitation of liability pursuant to the terms and conditions set forth in the Engagement Letter, or otherwise, are hereby eliminated for services provided during these Chapter 11 Cases.

11.    The Debtors may not seek to hire or contract with any of AlixPartners' employees without prior approval of this Court, by motion on notice.

4

#125450514 v4

12. Notwithstanding anything in the Application or the Orlofsky Declarations to the contrary, AlixPartners shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

13. Notwithstanding anything in the Application or the Orlofsky Declarations to the contrary, AlixPartners shall, to the extent that AlixPartners uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors, (ii) ensure that the Contractors are subject to the same conflicts checks as required for AlixPartners, and (iii) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

14. Notwithstanding anything contained or set forth in the Application or the Engagement Letter, AlixPartners shall not seek reimbursement of any fees or costs incurred defending any of AlixPartners' fee applications in these Chapter 11 Cases.

15. Within seven (7) days after any qualified bid deadline in these cases, AlixPartners will disclose through a supplemental declaration the identities of all bidders and the connections of AlixPartners to such potential counterparties. To the extent a motion to seal becomes necessary, either the Debtors or AlixPartners will file a motion to seal under section 107 of the Bankruptcy Code, and the U.S. Trustee reserves all rights with respect to such motion as to, inter alia, whether sealing any names is appropriate or necessary.

16. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7; *provided*, *however*, that a subsequent trustee is not obligated to employ AlixPartners.

17. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Orlofsky Declarations, and this Order, the terms of this Order shall govern.

18. AlixPartners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

19. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 25th, 2022  
Wilmington, Delaware

KAREN B. OWENS  
UNITED STATES BANKRUPTCY JUDGE

#125450514 v4