IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
MD HELICOPTERS, INC., *et al.*,[1] : Case No. 22-10263 (KBO)
: 
: (Jointly Administered)
: 
: Hearing Date: June 17, 2022 at 9:00 a.m. (ET)
Debtors. : Obj. Deadline: May 27, 2022, 2022 at 4:00 p.m. (ET)
: 
------------------------------------------------------------ x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE, AUTHORIZING DEBTORS TO DISSOLVE INACTIVE NON-DEBTOR SUBSIDIARY, MONTERREY AEROSPACE MÉXICO, S. DE R.L. DE C.V.**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby file this motion (the "**Motion**"), pursuant to section 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), authorizing the Debtors to dissolve their non-operating non-debtor subsidiary Monterrey Aerospace México, S. de R.L. de C.V. ("**Monterrey Aerospace México**"). In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408

---

[1] The two Debtors in these cases are MD Helicopters, Inc. ("**MDHI**") and Monterrey Aerospace, LLC ("**Monterrey**"), and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MDHI's taxpayer identification number are 4088. Monterrey has not been assigned a taxpayer identification number as of the date hereof.

and 1409.

2.  The statutory basis for the relief requested herein is Section 363(b) of the Bankruptcy Code.

## BACKGROUND

3.  On March 30, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Barry Sullivan, Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court on the Petition Date (the "**First Day Declaration**") [D.I. 19][2] and is fully incorporated herein by reference.

4.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

5.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes.

## THE INACTIVE SUBSIDIARY AND PROCESS FOR DISSOLUTION

6.  Monterrey Aerospace México is a limited liability partnership formed in Mexico on or about July 26, 2006. Monterrey Aerospace México maintains a corporate domicile in Apodaca, Nuevo Leon, Mexico. Monterrey Aerospace México is a direct subsidiary of Debtor MDHI and Debtor Monterrey (together, in such capacity, the "**Partners**"), each of which hold partnership interests in Monterrey Aerospace México. Monterrey Aerospace México had no operations, material assets, or material liabilities as of the Petition Date and remains inactive as of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

#126407856 v1

the date hereof.

7. Under Mexican law, the Partners may dissolve Monterrey Aerospace México by unanimous resolution. In order to effectuate the dissolution, the Partners must appoint a third-party liquidator (the "**Liquidator**") to, among other tasks, reconcile Monterrey Aerospace México's books and records, wind-up any unfinished business, and make distributions to creditors and equity holders, as applicable. As the Debtors believe that Monterrey Aerospace México does not have any material assets or liabilities, the Debtors expect the Liquidator's role to be principally ministerial. The Debtors are informed and believe, based on discussions with Mexican counsel, that the dissolution process will take approximately six to seven months from adoption of a resolution authorizing dissolution.

## RELIEF REQUESTED

8. By this Motion, pursuant to Section 363(b) of the Bankruptcy Code, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to dissolve Monterrey Aerospace México and take such other actions necessary to effectuate the relief set forth therein.

## BASIS FOR RELIEF

9. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In the Third Circuit, the standard for approval of the sale or use of property of the estate under Section 363(b) is whether the debtor can demonstrate a sound business justification for the proposed transaction. *Dai-ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions.") (citing to *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*,

722 F.2d 1063, 1071 (2d Cir. 1983) (setting forth the "sound business purpose" test in the context of a sale of assets under § 363(b))); *In re Stroud Food*, 163 B.R. 730, 732 (Bankr. M.D. Pa. 1993); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991) (adopting *Lionel* in this District in the context of a sale of assets).

10. Once a debtor has articulated a sound business purpose, "the law vests a debtor's decision to use property out[side] of the ordinary course of business with a 'strong presumption' that corporate business decisions are made on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re 1031 Tax Grp., LLC*, No. 07-11448 (MG), 2007 WL 2085384, *5 (Bankr. S.D.N.Y. 2007) (citing *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992)); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "the business judgment rule is a presumption that directors act in good faith, on an informed basis, honestly believing that their action is in the best interests of the company" and stating further that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").[3]

11. The Debtors have determined, in the exercise of their sound business judgment, that maintaining Monterrey Aerospace México as an active subsidiary provides no benefit to the estates. Monterrey Aerospace México does not have any ongoing operations or material assets, and the Debtors do not anticipate that the entity will have any operations or material assets in the future. Further, Monterrey Aerospace México's continued existence causes a waste of estate resources. In this regard, Monterrey Aerospace México is required to pay costs associated with ongoing state registration fees, franchise taxes, and related reporting requirements for limited liability corporations in the ordinary course. Moreover, the Debtors are required to prepare and

---

[3] This Court has previously authorized debtors in possession to dissolve non-debtor affiliates under the sound business purpose test. *See, e.g., Boy Scouts of America*, Case No. 20-10343 (LSS) (Bankr. D. Del. Aug. 3, 2020) (authorizing dissolution of non-debtor subsidiaries); *Achaogen Inc.*, Case No. 19-10844 (BLS) (Bankr. D. Del. Feb. 3, 2020) (authorizing dissolution of non-debtor affiliates); *In re F-Squared Inv. Mgmt., LLC*, Case No. 15-11469 (LSS) (Bankr. D. Del. Oct. 13, 2015) (same); *In re Savient Pharm., Inc.*, Case No. 13-12680 (MFW) (Bankr. D. Del. Nov. 4, 2013) (same); *In re Advanta Corp.*, Case No. 09-13931 (KJC) (Bankr. D. Del. Sept. 21, 2010) (same).

file periodic reports for Monterrey Aerospace México under Bankruptcy Rule 2015.3, which itself is an undertaking that consumes estate resources. Accordingly, the Debtors respectfully request that the Court authorize the Debtors to dissolve Monterrey Aerospace México pursuant to section 363(b) of the Bankruptcy Code.

### WAIVER OF BANKRUPTCY RULE 6004(h) REQUIREMENTS

12. In addition, by this Motion, the Debtors request a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, the Debtors require immediate relief in the form of an order to avoid any unnecessary costs associated with state registration fees, franchise taxes, or related reporting requirements. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

### NOTICE

13. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the Internal Revenue Service; (d) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (e) counsel to Ankura; (f) counsel to PPAS; (g) counsel to the Zohar Lenders; (h) counsel to the Patriarch Lenders; (i) counsel to the DIP Lenders; (j) the Mexico Ministry of Economy *(Secretaria de Economía);* (k) the Mexico Tax Administration Service *(Servicio de Administración Tributaria)*; (l) the Mexico Public Registry of Commerce *(Registro Pùblico de Comercio)*; and (m) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

14. A copy of this Motion is available on (a) the Court's website:

www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Kroll Restructuring Administration LLC, at https://cases.primeclerk.com/MDHelicopters/.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and any further relief the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: May 13, 2022<br>Wilmington, Delaware | Respectfully Submitted,<br><br>/s/ Evelyn J. Meltzer<br>**TROUTMAN PEPPER HAMILTON SANDERS LLP**<br><br>David B. Stratton (DE No. 960)<br>David M. Fournier (DE No. 2812)<br>Evelyn J. Meltzer (DE No. 4581)<br>Kenneth A. Listwak (DE No. 6300)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br>Email: david.stratton@troutman.com<br>　　　david.fournier@troutman.com<br>　　　evelyn.meltzer@troutman.com<br>　　　kenneth.listwak@troutman.com<br><br>- and -<br><br>**LATHAM & WATKINS LLP**<br><br>Suzzanne Uhland (admitted *pro hac vice*)<br>Adam S. Ravin (admitted *pro hac vice*)<br>Brett M. Neve (admitted *pro hac vice*)<br>Tianjiao (TJ) Li (admitted *pro hac vice*)<br>Alexandra M. Zablocki (admitted *pro hac vice*)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email: suzzanne.uhland@lw.com<br>　　　adam.ravin@lw.com<br>　　　brett.neve@lw.com<br>　　　tj.li@lw.com<br>　　　alexandra.zablocki@lw.com<br><br>*Counsel for Debtors and Debtors-in-Possession* |