**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------- x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
MD HELICOPTERS, INC., *et al.*,[1]                          :    Case No. 22-10263 (KBO)
                                                            :
                              Debtors.                      :    (Jointly Administered)
                                                            :
----------------------------------------------------------- x

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,**
**METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

MD Helicopters, Inc. ("**MDHI**") and Monterrey Aerospace, LLC ("**Monterrey**" and, together with MDHI, the "**Debtors**"), as affiliated debtors and debtors-in-possession in the above-captioned Chapter 11 cases, submit their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") pursuant to Section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On March 30, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly under case number Case No. 22-10263. The Debtors continue to manage and operate their businesses as debtors in possession under Sections 1107 and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management, with the assistance of their attorneys and financial advisors, and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or subsequent information or discovery may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time, in all respects, as may be necessary or appropriate; however, there can be no guarantees that the Debtors will do so. Notwithstanding any such discovery, new information, or errors or omissions,

---

[1]    The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.  These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "**Global Notes**") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## GENERAL COMMENTS

1.    **Reservation of Rights.**  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and classification.  The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2.    **Basis of Presentation.**  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, in general, MDHI and Monterrey historically prepared consolidated financial statements, which included financial information for all of subsidiaries and which were audited annually.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**GAAP**"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.  It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.

The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each of the two Debtor entities.  Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, however, it is

possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities from one of the two Debtor entities to the other.

The Schedules and Statements have been signed by Barry Sullivan, Chief Financial Officer for MDHI. In reviewing and signing the Schedules and Statements, Mr. Sullivan necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Mr. Sullivan, either directly or indirectly. Mr. Sullivan has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3.  **Methodology.**

(a)  **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

(b)  **Undetermined Amounts.** The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

(c)  **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(d)  **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(e)  **Liens.** The inventories, property, and equipment listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

(f)  **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4.  **Date of Valuations.** Except as otherwise noted in specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the Petition Date. The Schedules and Statements reflect the Debtors' reasonable effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such date. All values are stated in United States currency. In certain instances, the Debtors used estimates or prorated amounts where actual data as of the aforementioned dates was not available. The Debtors made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

5.    **Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.  Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset).  The Debtors believe that certain of their assets, including intangibles, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Chapter 11 Cases.  The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

6.    **Property Rights – Generally.**  Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.  Conversely, inclusion of certain property in the Schedules and Statements shall not be construed as an admission that such property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction; nor shall such inclusion in any particular category be deemed an admission that such property rights are properly categorized under applicable law.

7.    **Intellectual Property Rights.**  Exclusion of any intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have not been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

8.    **Property and Equipment.**  Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three to nine years for furniture, fixtures, equipment, and software.  Leasehold improvements are amortized on the straight-line method over the shorter of the lease term or estimated useful life of the asset.  Buildings and improvements are amortized on the straight-line method over the shorter of the useful life of the improvement or the remaining life of the building.  The Debtors may lease equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

9.      **Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  However, despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

10.     **Litigation.**  Certain litigation actions (the "**Litigation Actions**") reflected as claims against a particular Debtor may relate to any of the other Debtors.  The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  However, despite reasonable efforts, the Debtors may not have identified and/or set forth all Litigation Actions (filed or potential) against them as liabilities in their Schedules and Statements.  The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

11.     **Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.

The Debtors intentionally have not included "non-cash" accruals (*i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established), such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court entered certain orders in the Chapter 11 Cases which, among other things, authorize the Debtors to (i) continue certain customer practices, (ii) pay certain prepetition wages, salaries, employee benefits and other related obligations, (iii) pay certain prepetition property, sales, use and other taxes and licensing fees, (iv) make certain payments to critical vendors and foreign vendors, (v) pay certain prepetition shipping charges and amounts to vendors necessary to avoid the imposition of possessory liens on the Debtors' property, and (vi) pay certain amounts due in respect of the Debtors' insurance program.  While the Debtors have made their best efforts to reflect the claims, by vendor or counterparty, net of various adjustments arising from these authorized payments as of either the Petition Date or some other date as indicated in the Schedules, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements.  Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.  The Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be

deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

To the extent any employees have been paid or will be paid in accordance with the *Final Order under 11 U.S.C. §§ 105(a), 362(d), 363(b), 507(a), 541, 1107(a) and 1108 and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing (A) Payment of Prepetition Workforce Obligations and (B) Continuation of Workforce Programs on Postpetition Basis, (II) Authorizing Payment of Payroll-Related Taxes, (III) Confirming the Debtors' Authority to Transmit Payroll Deductions, (IV) Authorizing Payment of Prepetition Claims Owing to Administrators, (V) Directing Banks to Honor Prepetition Checks and Funds Transfers for Authorized Payments, and (VI) Granting Related Relief* [Docket No. 177] (the "**Wages Order**"), they have not been listed.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses against, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of Chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

The claims listed on the Schedules do not reflect any analysis of claims under Section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under Section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist.

12.     **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, counterparty settlements, pricing discrepancies, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are consistent with the ordinary course of business in the Debtors' industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been

accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

13. **Employee Claims.**  Pursuant to the authorizations contained in the Wages Order, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations. The Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business, and the Schedules and Statements therefore do not include such claims. Notwithstanding the foregoing, the Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.

14. **Addresses of Employees.**  The Debtors have attempted to list each of their current employees' addresses as the Debtors' corporate address where reasonably possible or alternatively have indicated "Address on File" to protect the privacy of the Debtors' employees.  The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

15. **Intercompany Items.**  Receivables and payables among the Debtors are reported on Schedule A/B-11 and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.  Due to historical accounting practices, the Debtors may have been unable to ascertain with precision certain intercompany balances among specific Debtors and among Debtors and non-Debtor affiliates.  As a result, the intercompany balances listed on Schedules E/F or A/B may vary from the Debtors' audited financial statements.  These balances have been calculated consistent with historical practice. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional balances are identified.

16. **Confidentiality.**  There may be instances where certain information was not included or was redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

## Schedules

## Schedule A/B – Real and Personal Property

Schedule A/B, Part 1 – Cash and Cash Equivalents.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Debtors for Entry of Interim and Final Orders under 11 U.S.C. §§ 105(a), 345 and 363, Fed. R. Bankr. P. 6003 and 6004, and Del. Bankr. L.R. 2015-2 (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, and (II) Authorizing Continuation of Existing Deposit Practices* [Docket No. 6] (the "**Cash Management Motion**").  A full schedule of the Debtors' bank accounts is included in the Cash Management Motion. The Debtors' cash balances are listed as of the Petition Date, March 30, 2022.

Schedule A/B, Part 2 (Item 7) – Deposits, including security deposits and utility deposits. The Bankruptcy Court entered that certain *Interim Order under 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit As Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* [Docket No. 107] on April 1, 2022, and that certain *Final Order under 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices, (II) Approving Deposit As Adequate Assurance of Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment* [Docket No. 179] on April 20, 2022, authorizing the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $25,220.  Such deposits are not separately listed on Schedule A/B, Part 2, which reflects the Debtors' books and records as of the Petition Date.  In the ordinary course of business, the Debtors pay deposits to vendors of various parts and other materials used in the production and maintenance of helicopters in order to secure delivery of such goods.  This is a routine practice in the Debtors' line of business and ensures availability of components needed to produce goods for sale.

Schedule A/B, Part 3 – Accounts receivable.  The Debtors' reported accounts receivable includes amounts that may be uncollectible.  The Debtors are unable to determine with certainty what amounts will actually be collected.

Schedule A/B, Part 4 – Investments.  The Debtors have not performed a valuation regarding their ownership interests in their non-debtor subsidiary, Monterrey Aerospace Mexico S. de R.L. de C.V. ("**Monterrey Mexico**"); however, to the best of the Debtors' knowledge, Monterrey Mexico holds *de minimis* assets and liabilities.  On May 13, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Section 363(b) of the Bankruptcy Code, Authorizing Debtors to Dissolve Inactive Non-Debtor Subsidiary, Monterrey Aerospace México, S. de R.L. de C.V.* [Docket No. 241].

Schedule A/B, Part 5 – Inventory, excluding agricultural assets.  Inventory is shown as of the Petition Date and includes capitalized freight and overhead, as well as inventory adjustments.

8

Inventory is shown net of reductions for shrink, lower of cost or market, and inventory write-off reserves.

Schedule A/B, Part 7 – Office furniture, fixtures, and equipment; and collectibles. Dollar amounts are presented net of accumulated depreciation and other adjustments.

Schedule A/B, Part 8 – Machinery, equipment, and vehicles. Dollar amounts are presented net of accumulated depreciation and other adjustments.

Schedule A/B, Part 9 – Real property. As set forth in greater detail in the *Debtors' Response to the Netherlands Phase One Statement under the Final DIP Order* [Docket No. 245], the Debtors do not own any real property.

Schedule A/B, Part 10 – Intangibles and intellectual property. The Debtors own certain intellectual property, including copyrights, trademarks, domain names, licenses, and customer lists, explicitly identified in Part 10. The Debtors' failure to list any intellectual property is not an admission that such property does not exist, and should not be construed as a waiver of any rights. These assets are carried on the Debtors' books and records with no net book value. While the Debtors maintain a customer list, the information specific to such list is not disclosed in detail, because the Debtors consider such information to be proprietary and confidential, and disclosure may place the Debtors at a competitive disadvantage.

Schedule A/B, Part 11 (Item 72) - Tax refunds and unused net operating losses (NOLs). The Debtors update NOLs annually when tax returns are filed. The Debtor's NOL estimate is as of yearend 2020, because the Debtors will not file their 2021 tax returns until the fall of 2022. The amounts listed for NOLs include estimates based on book income.

Schedule A/B, Part 11 (Item 73) – Interests in insurance policies or annuities. In addition to those insurance policies described in the *Motion of Debtors for Entry of Interim and Final Orders under 11 U.S.C. §§ 105(a), 363, 1107(a) and 1108 and Fed. R. Bankr. P. 6003 and 6003 (I) Authorizing the Debtors to (A) Pay Their Prepetition Insurance and (B) Maintain Their Postpetition Insurance Coverage, and (II) Granting Related Relief* [Docket No. 13] and listed in each Debtor's Schedule G, the Debtors may have interests in certain historically held policies. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies.

Schedule A/B, Part 11 (Item 74) – Causes of action against third parties. The Debtors attempted to list known causes of action and other claims. Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

Schedule A/B, Part 11 (Item 75) – Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to setoff claims. In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, either of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or

counterclaims and/or cross-claims as a defendant.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

**Schedule D – Creditors Holding Claims Secured by Property**

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of its co-Debtor.  No claim set forth on the Schedule D of either Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors are solely acknowledging that an interest has been asserted by the party that filed such UCC-1 filing, and do not concede that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing.  The Debtors reserve all rights with respect to all UCC-1 filings, as set forth in these Global Notes.

**Schedule E/F – Creditors Holding Unsecured Claims**

Pursuant to the *Final Order under 11 U.S.C. §§ 105(a), 363(b), 507(a)(8), and 541 and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Payment of Prepetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 170] (the "**Taxes Order**"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that may have been paid pursuant to the Taxes Order are not listed on Schedule E.  However, the Debtors do list any ongoing tax audits and unclaimed property.  The Debtors have made a reasonable effort to list all known taxing authorities.  The Debtors acknowledge the possibility that information related to material tax accruals may be discovered subsequent to the filing of the Schedules and Statements.

The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

Pursuant to the Wages Order, the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and therefore such satisfied amounts are not listed.

Pursuant to the *Final Order under 11 U.S.C. §§ 105(a), 363(b), 363(c), 1107 and 1108 and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing the Debtors to Continue Their Existing Customer Programs in the Ordinary Course of Business and Honor Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 174] (the "**Customer Programs Order**"), the Debtors received authority to honor, in the ordinary course of business, customer deposits in respect of certain pending customer purchases and services not yet rendered by the Debtors. The Debtors believe that any customer claims for prepetition amounts related to customer deposits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and therefore such satisfied amounts are not listed.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of its co-Debtor. No claim set forth on the Schedule E/F of either Debtor is intended to acknowledge claims of creditors that are may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected in the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

Schedule E/F, Part 1 – Creditors with priority unsecured claims. The liabilities listed on Schedule E/F, Part 1 are derived from the Debtors' books and records. While the Debtors made a reasonable attempt to set forth their unsecured obligations, the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 1. To the extent the Debtors have listed specific amounts, the listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. The Debtors have listed certain prepetition amounts owing to, among others, counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 1, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be rejected in the Chapter 11 Cases.

Schedule E/F, Part 2 – Creditors who have non-priority unsecured claims. The liabilities listed on Schedule E/F, Part 2 are derived from the Debtors' books and records. While the Debtors made a reasonable attempt to set forth their unsecured obligations, the actual amount of claims against the Debtors may vary from those liabilities represented in Schedule E/F, Part 2. To the extent the Debtors have listed specific amounts, the listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors have listed certain prepetition amounts owing to, among others, counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption (or assumption and assignment) of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be rejected in the Chapter 11 Cases.

Schedule E/F, Part 3 – Others to be notified about unsecured claims.  The Debtors have listed their known creditors in Schedule E/F.  To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Chapter 11 Cases and are not separately listed in Part 3.

**Schedule G – Executory Contracts and Unexpired Leases**

While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.  Conversely, the omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements, as well as various other types of agreements entered into in the ordinary course of business, such as supplemental agreements, letter agreements, and non-disclosure agreements.  Such agreements, if any, may not be set forth in Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

**Schedule H - Co-Debtors**

The Debtors have listed their prepetition debt as co-Debtor obligations on Schedule H. More information about the Debtors' prepetition debt is contained in the *Motion of Debtors for Entry of Interim and Final Orders under 11 U.S.C. §§ 105(a), 361, 362, 363, 364, 503, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, (C) Use Cash Collateral of Prepetition Secured Parties, and (D) Grant Adequate Protection to Prepetition Secured Parties; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014; and (III) Granting Related Relief* [Docket No. 20].  The Debtors reserve all rights to amend Schedule H to the extent that any guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements are identified.  The Debtors have not listed any litigation-related co-defendants on Schedule H. Instead, all cross-claims affirmatively asserted by co-defendants, other than cross-claims that may have been "deemed" asserted against the Debtors and/or asserted solely as a procedural matter, if any, can be found on Schedule E/F.

*     *     *     *     *

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1.   **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| General description | Type of account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2.   **Cash on hand** | | | |
| 2.1 | | | |
| 3.   **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 | | | |
| 4.   **Other cash equivalents (Identify all)** | | | |
| 4.1 | | | |

5.   **Total of Part 1.**

Add lines 2 through 4. Copy the total to line 80.

**Monterrey Aerospace, LLC**

**Case Number:  22-10264 (KBO)**

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---------------------|------------------------------------|

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

    7.1 _____     _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

    8.1 _____     _____

9.  **Total of Part 2**

    Add lines 7 through 8. Copy the total to line 81.

    | _____ |
    |---|

**Monterrey Aerospace, LLC**                                              **Case Number:  22-10264 (KBO)**

## Schedule A/B: Assets — Real and Personal Property

| Part 3: | Accounts receivable |
|---|---|

10.  **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|

11.    Accounts receivable

     11a. 90 days old or less:  _____ - _____ = _____

     11b. Over 90 days old:  _____ - _____ = _____

12.    **Total of Part 3**

     Current value on lines 11a + 11b = line 12. Copy the total to line 82.

Monterrey Aerospace, LLC

Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

**Part 4:**     **Investments**

13.  **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| General description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14.  **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

14.1 _____    _____    _____

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

15.1    MONTERREY AEROSPACE MEXICO S. DE R.L. DE C.V. (OWNERSHIP: 99.97%)    NONE    Undetermined

16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

16.1 _____    _____    _____

17.  **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

| **Undetermined** |
|---|

**Specific Notes**

Monterrey Aerospace Mexico S. de R.L. de C.V. is a dormant, non-Debtor, Mexican subsidiary.  Part of the equity interest in Monterrey Aerospace Mexico S. de R.L. de C.V. is held indirectly through Monterrey Aerospace, LLC.

Monterrey Aerospace, LLC                                      Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

**Part 5:**      **Inventory, excluding agriculture assets - detail**

18.   **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19.   **Raw materials**

19.1 _____ _____ _____ _____ _____

20.   **Work in progress**

20.1 _____ _____ _____ _____ _____

21.   **Finished goods, including goods held for resale**

21.1 _____ _____ _____ _____ _____

22.   **Other Inventory or supplies**

22.1 _____ _____ _____ _____ _____

23.   **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                          _____

24.   **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25.   **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.   Book Value _____   Valuation method _____   Current value _____

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

Monterrey Aerospace, LLC                                          Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

28. **Crops—either planted or harvested**

   28.1 _____

29. **Farm animals**
   Examples: Livestock, poultry, farm-raised fish

   29.1 _____

30. **Farm machinery and equipment**
   (Other than titled motor vehicles)

   30.1 _____

31. **Farm and fishing supplies, chemicals, and feed**

   31.1 _____

32. **Other farming and fishing-related property not already listed in Part 6**

   32.1 _____

33. **Total of Part 6.**

   Add lines 28 through 32. Copy the total to line 85.                    _____

34. **Is the debtor a member of an agricultural cooperative?**

   ☐ No

   ☐ Yes. Is any of the debtor's property stored at the cooperative?

      ☐ No

      ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

   ☐ No

   ☐ Yes.    Book Value _____    Valuation method _____    Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

   ☐ No

   ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

Monterrey Aerospace, LLC                                              Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

### Part 7:    Office furniture, fixtures, and equipment; and collectibles - detail

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☑ No. Go to Part 8.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.  **Office furniture**

    39.1    NONE

40.  **Office fixtures**

    40.1    NONE

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

    41.1    NONE

42.  **Collectibles**

    42.1    NONE

43.  **Total of Part 7**

    Add lines 39 through 42. Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐ No

    ☐ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

Monterrey Aerospace, LLC                                      Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46.   **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 | NONE | | | |
|---|---|---|---|---|

48.   **Watercraft, trailers, motors, and related accessories**
        Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1 | NONE | | | |
|---|---|---|---|---|

49.   **Aircraft and accessories**

| 49.1 | NONE | | | |
|---|---|---|---|---|

50.   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| 50.1 | NONE | | | |
|---|---|---|---|---|

51.   **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Monterrey Aerospace, LLC**                                               **Case Number:  22-10264 (KBO)**

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property - detail |
|---|---|

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

55.1  _____  _____  _____  _____  _____

56. **Total of Part 9**

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Monterrey Aerospace, LLC                                      Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

**Part 10:**     Intangibles and intellectual property - detail

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | |
| 61. **Internet domain names and websites** | | | |
| 61.1 | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1 | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 64.1 | | | |
| 65. **Goodwill** | | | |
| 65.1 | | | |

66. **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

Monterrey Aerospace, LLC                                          Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

71. **Notes receivable**
    Description (include name of obligor)

    71.1 _____    _____

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

    72.1 _____    _____

73. **Interests in insurance policies or annuities**

    73.1 _____    _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    74.1 _____    _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    75.1 _____    _____

76. **Trusts, equitable or future interests in property**

    76.1 _____    _____

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**
    Examples: Season tickets, country club membership

    77.1 _____    _____

**Monterrey Aerospace, LLC**                                      **Case Number:  22-10264 (KBO)**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

78. **Total of Part 11**

Add lines 71 through 77. Copy the total to line
90.

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

Monterrey Aerospace, LLC                                    Case Number:  22-10264 (KBO)

## Schedule A/B: Assets — Real and Personal Property

**Part 12:**     Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80.  Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0 | | |
| 81.  Deposits and prepayments. Copy line 9, Part 2. | $0 | | |
| 82.  Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83.  Investments. Copy line 17, Part 4. | $0 | | |
| 84.  Inventory. Copy line 23, Part 5. | $0 | | |
| 85.  Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86.  Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0 | | |
| 87.  Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88.  Real property. Copy line 56, Part 9. | | $0 | |
| 89.  Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90.  All other assets. Copy line 78, Part 11. | $0 | | |
| 91.  Total. Add lines 80 through 90 for each column. | a.  $0 | b..  $0 | |

92.  **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**                    $0

**Monterrey Aerospace, LLC**                                                                                   **Case Number:  22-10264 (KBO)**

## Schedule D: Creditors Who Have Claims Secured by Property

1.  **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

2.  **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| | Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C  U  D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | |
| 2.1 | ANKURA TRUST COMPANY, LLC, AS CO-AGENT<br>485 LEXINGTON AVE.<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 7/8/2005<br><br>PROPERTY DESCRIPTION: APPROXIMATELY $357 MILLION OF PREPETITION FIRST LIEN OBLIGATIONS - 93% HOLDER (AS GUARANTOR) | ☑ ☑ ☐ | $332,000,000 | UNDETERMINED |
| 2.2 | PATRIARCH PARTNERS AGENCY SERVICES, LLC, AS CO-AGENT<br>71 BROADWAY, LOBBY 2B #249<br>NEW YORK, NY 10006 | ☐ | ☐ | ☑ | DATE: 7/8/2005<br><br>PROPERTY DESCRIPTION: APPROXIMATELY $357 MILLION OF PREPETITION FIRST LIEN OBLIGATIONS - 7% HOLDER (AS GUARANTOR) | ☑ ☑ ☐ | $25,000,000 | UNDETERMINED |
| 2.3 | THE PATRIARCH NOTEHOLDERS (AS DEFINED IN THE FIRST DAY DECLARATION)<br>1 LIBERTY PLAZA, 35TH FLOOR<br>NEW YORK, NY 10006 | ☐ | ☐ | ☑ | DATE: 4/17/2007<br><br>PROPERTY DESCRIPTION: APPROXIMATELY $29.2 MILLION OF PREPETITION NOTE OBLIGATIONS (AS GUARANTOR) | ☑ ☑ ☐ | $29,200,000 | UNDETERMINED |

**Monterrey Aerospace, LLC**                                      Case Number:  **22-10264 (KBO)**

## Schedule D: Creditors Who Have Claims Secured by Property

| | Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | | | |
| 2.4 | THE ZOHAR NOTEHOLDERS (AS DEFINED IN THE FIRST DAY DECLARATION) C/O FTI CONSULTING, INC. 1166 AVENUE OF THE AMERICAS, 15TH FLOOR NEW YORK, NY 10036 | ☐ | ☐ | ☑ | DATE: 4/17/2007<br><br>PROPERTY DESCRIPTION: APPROXIMATELY $30.6 MILLION OF PREPETITION NOTE OBLIGATIONS (AS GUARANTOR) | ☑ | ☑ | ☐ | $30,600,000 | UNDETERMINED |

Secured Debt Total:  **$416,800,000**

**Monterrey Aerospace, LLC**                                                                                    **Case Number:  22-10264 (KBO)**

## Schedule D: Creditors Who Have Claims Secured by Property

**Amount of Claim**

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          **$416,800,000**

**Monterrey Aerospace, LLC**                                      Case Number:  **22-10264 (KBO)**

## Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:**     List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| COUNSEL TO ANKURA TRUST COMPANY, LLC, AS ADMINISTRATIVE AGENT (AS GUARANTOR) RICHARDS, LAYTON & FINGER, P.A. ATTN: MARK D. COLLINS & BRETT M. HAYWOOD ONE RODNEY SQUARE, 920 NORTH KING STREET WILMINGTON, DE 19801 | LINE: 2.1 | Not Available |
| COUNSEL TO ARK II CLO 2001-1, LTD. AND ARK INVESTMENT PARTNERS II, L.P. (AS GUARANTOR) SHER TREMONTE LLP ATTN: THERESA TRZASKOMA 90 BROAD STREET, 23RD FLOOR NEW YORK, NY 10004 | LINE: 2.2 | Not Available |
| COUNSEL TO ARK II CLO 2001-1, LTD. AND ARK INVESTMENT PARTNERS II, L.P. (AS GUARANTOR) COLE SCHOTZ P.C. ATTN: FELICE R. YUDKIN 25 MAIN STREET, P.O. BOX 800 HACKENSACK, NJ  07602 | LINE: 2.2 | Not Available |
| COUNSEL TO ARK II CLO 2001-1, LTD. AND ARK INVESTMENT PARTNERS II, L.P.; PATRIARCH PARTNERS AGENT SERVICES, LLC (AS GUARANTOR) COLE SCHOTZ P.C. ATTN: NORMAN L. PERNICK, G. DAVID DEAN, PATRICK J. REILLEY 500 DELAWARE AVENUE, SUITE 1410 WILMINGTON, DE 19801 | LINE: 2.2 | Not Available |
| COUNSEL TO DIP AGENT AND PREPETITION FACILITY AGENT; ANKURA TRUST COMPANY, LLC (AS GUARANTOR) MILBANK, TWEED, HADLEY & MCCLOY LLP ATTN: DENNIS F. DUNNE, ERIC K. STODOLA, ANDREW HARMEYER 55 HUDSON YARDS NEW YORK, NY 10001-2163 | LINE: 2.1 | Not Available |
| COUNSEL TO THE ZOHAR LENDERS (AS GUARANTOR) YOUNG CONAWAY STARGATT & TAYLOR, LLP ATTN: MICHAEL R. NESTOR, JOSEPH M. BARRY, RYAN M. BARTLEY RODNEY SQUARE, 1000 NORTH KING STREET WILMINGTON, DE 19801 | LINE: 2.1 | Not Available |
| COUNSEL TO THE ZOHAR NOTEHOLDERS (AS GUARANTOR) YOUNG CONAWAY STARGATT & TAYLOR, LLP ATTN: MICHAEL R. NESTOR, JOSEPH M. BARRY, RYAN M. BARTLEY RODNEY SQUARE, 1000 NORTH KING STREET WILMINGTON, DE 19801 | LINE: 2.4 | Not Available |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:**     List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| PATRIARCH PARTNERS AGENCY SERVICES, LLC, AS AGENT (AS GUARANTOR) ONE LIBERTY PLAZA, 35TH FLOOR NEW YORK, NY 10006 | LINE: 2.1 | Not Available |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1.  **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **2.**   NONE | | ☐ | ☐ | ☐ | ☐ | | |
| | | | | | Total: | UNDETERMINED | UNDETERMINED |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

Total: All Creditors with PRIORITY Unsecured Claims                    UNDETERMINED    UNDETERMINED

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **3.**    NONE | | ☐ | ☐ | ☐ | | ☐ | |

**Total:**    **UNDETERMINED**

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
| --- | --- |

**Total: All Creditors with NONPRIORITY Unsecured Claims**                    **UNDETERMINED**

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 3: | List Others to Be Notified About Unsecured Claims |
| --- | --- |

4.   List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed
are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |

**4. 1**   NONE

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

5.      **Add the amounts of priority and nonpriority unsecured claims.**

                                                                        <u>Total of claim amounts</u>

5a.     **Total claims from Part 1**                    5a.                                    $0

5b.     **Total claims from Part 2**                    5b.    **+**                           $0

5c.     **Total of Parts 1 and 2**                     5c.                                     $0

         Lines 5a + 5b = 5c.

**Monterrey Aerospace, LLC**                                                    **Case Number:  22-10264 (KBO)**

## Schedule G: Executory Contracts and Unexpired Leases

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.  **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 1  PROFESSIONAL SERVICES AGREEMENT FOR ALAN CARR, SOLE DIRECTOR | | 99999 | ☑ | DRIVETRAIN ADVISORS, LTD | 410 PARK AVENUE SUITE 900 NEW YORK, NY 10022 |
| 2. 2  PROFESSIONAL ENGAGEMENT LETTER | | 123456 | ☑ | LATHAM & WATKINS LLP | 1271 AVENUE OF THE AMERICAS NEW YORK, NY 10020 |

**Monterrey Aerospace, LLC**                                                                    **Case Number:  22-10264 (KBO)**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  2**

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

## Schedule H: Codebtors

1.  **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

    Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedules | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.1   MD HELICOPTERS, INC.<br>4555 E MCDOWELL RD<br>MESA, AZ 85215 | ANKURA TRUST COMPANY, LLC, AS CO-AGENT | ☑ | ☐ | ☐ |
| 2.2   MD HELICOPTERS, INC.<br>4555 E MCDOWELL RD<br>MESA, AZ 85215 | DRIVETRAIN ADVISORS, LTD | ☐ | ☐ | ☑ |
| 2.3   MD HELICOPTERS, INC.<br>4555 E MCDOWELL RD<br>MESA, AZ 85215 | LATHAM & WATKINS LLP | ☐ | ☐ | ☑ |
| 2.4   MD HELICOPTERS, INC.<br>4555 E MCDOWELL RD<br>MESA, AZ 85215 | PATRIARCH PARTNERS AGENCY SERVICES, LLC, AS CO-AGENT | ☑ | ☐ | ☐ |
| 2.5   MD HELICOPTERS, INC.<br>4555 E MCDOWELL RD<br>MESA, AZ 85215 | THE PATRIARCH NOTEHOLDERS (AS DEFINED IN THE FIRST DAY DECLARATION) | ☑ | ☐ | ☐ |
| 2.6   MD HELICOPTERS, INC.<br>4555 E MCDOWELL RD<br>MESA, AZ 85215 | THE ZOHAR NOTEHOLDERS (AS DEFINED IN THE FIRST DAY DECLARATION) | ☑ | ☐ | ☐ |

**Total Number of Co-Debtor / Creditor rows: 6**

Fill in this information to identify the case and this filing:

Debtor Name:    Monterrey Aerospace, LLC

United States Bankruptcy Court for the:    Delaware

Case Number (if known):    22-10264 (KBO)

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [X] Schedule G:  Executory Contracts and Unexpired Leases (Official Form 206G)
- [X] Schedule H: Codebtors (Official Form (206H)
- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [ ] Amended Schedule _____
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:**    May 27, 2022                    **Signature:**    /s/ Barry Sullivan

Barry Sullivan, Authorized Signatory

**Name and Title**