## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
MD HELICOPTERS, INC., et al.,¹                          :   Case No. 22-10263 (KBO)
                                                        :
            Debtors.                                    :   (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

MD Helicopters, Inc. ("**MDHI**") and Monterrey Aerospace, LLC ("**Monterrey**" and, together with MDHI, the "**Debtors**"), as affiliated debtors and debtors-in-possession in the above-captioned Chapter 11 cases, submit their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") pursuant to Section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On March 30, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly under case number Case No. 22-10263. The Debtors continue to manage and operate their businesses as debtors in possession under Sections 1107 and 1108 of the Bankruptcy Code.

The Schedules and Statements were prepared by the Debtors' management, with the assistance of their attorneys and financial advisors, and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist and/or subsequent information or discovery may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their right to amend and/or supplement their Schedules and Statements from time to time, in all respects, as may be necessary or appropriate; however, there can be no guarantees that the Debtors will do so. Notwithstanding any such discovery, new information, or errors or omissions,

---

¹ The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.  These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "**<u>Global Notes</u>**") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.  In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## GENERAL COMMENTS

1. **Reservation of Rights.**  The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and classification.  The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2. **Basis of Presentation.**  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, in general, MDHI and Monterrey historically prepared consolidated financial statements, which included financial information for all of subsidiaries and which were audited annually.

    These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("**<u>GAAP</u>**"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.  It should also be noted that the Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses.

    The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each of the two Debtor entities. Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, however, it is

possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities from one of the two Debtor entities to the other.

The Schedules and Statements have been signed by Barry Sullivan, Chief Financial Officer for MDHI. In reviewing and signing the Schedules and Statements, Mr. Sullivan necessarily relied upon the efforts, statements and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Mr. Sullivan, either directly or indirectly. Mr. Sullivan has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3.    **Methodology.**

   (a)    **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

   (b)    **Undetermined Amounts.** The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

   (c)    **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

   (d)    **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

   (e)    **Liens.** The inventories, property, and equipment listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

   (f)    **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4.    **Date of Valuations.** Except as otherwise noted in specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the Petition Date. The Schedules and Statements reflect the Debtors' reasonable effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such date. All values are stated in United States currency. In certain instances, the Debtors used estimates or prorated amounts where actual data as of the aforementioned dates was not available. The Debtors made a reasonable effort to allocate liabilities between the pre- and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and post-petition periods and amend the Schedules and Statements accordingly.

5. **Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests.  Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset).  The Debtors believe that certain of their assets, including intangibles, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Chapter 11 Cases.  The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

6. **Property Rights – Generally.**  Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that such property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.  Conversely, inclusion of certain property in the Schedules and Statements shall not be construed as an admission that such property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction; nor shall such inclusion in any particular category be deemed an admission that such property rights are properly categorized under applicable law.

7. **Intellectual Property Rights.**  Exclusion of any intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have not been abandoned, terminated, or otherwise expired by their terms, or assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

8. **Property and Equipment.**  Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three to nine years for furniture, fixtures, equipment, and software.  Leasehold improvements are amortized on the straight-line method over the shorter of the lease term or estimated useful life of the asset.  Buildings and improvements are amortized on the straight-line method over the shorter of the useful life of the improvement or the remaining life of the building.  The Debtors may lease equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

9.      **Causes of Action.** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. However, despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

10.     **Litigation.** Certain litigation actions (the "**Litigation Actions**") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. However, despite reasonable efforts, the Debtors may not have identified and/or set forth all Litigation Actions (filed or potential) against them as liabilities in their Schedules and Statements. The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

11.     **Claims.** Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced. By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.

The Debtors intentionally have not included "non-cash" accruals (*i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established), such as accruals to equalize lease payments, in the Schedules and Statements.

The Bankruptcy Court entered certain orders in the Chapter 11 Cases which, among other things, authorize the Debtors to (i) continue certain customer practices, (ii) pay certain prepetition wages, salaries, employee benefits and other related obligations, (iii) pay certain prepetition property, sales, use and other taxes and licensing fees, (iv) make certain payments to critical vendors and foreign vendors, (v) pay certain prepetition shipping charges and amounts to vendors necessary to avoid the imposition of possessory liens on the Debtors' property, and (vi) pay certain amounts due in respect of the Debtors' insurance program. While the Debtors have made their best efforts to reflect the claims, by vendor or counterparty, net of various adjustments arising from these authorized payments as of either the Petition Date or some other date as indicated in the Schedules, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements. Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right. The Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be

deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

To the extent any employees have been paid or will be paid in accordance with the *Final Order under 11 U.S.C. §§ 105(a), 362(d), 363(b), 507(a), 541, 1107(a) and 1108 and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing (A) Payment of Prepetition Workforce Obligations and (B) Continuation of Workforce Programs on Postpetition Basis, (II) Authorizing Payment of Payroll-Related Taxes, (III) Confirming the Debtors' Authority to Transmit Payroll Deductions, (IV) Authorizing Payment of Prepetition Claims Owing to Administrators, (V) Directing Banks to Honor Prepetition Checks and Funds Transfers for Authorized Payments, and (VI) Granting Related Relief* [Docket No. 177] (the "**Wages Order**"), they have not been listed.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses against, any claim reflected on the Schedules as to amount, liability or classification or (ii) otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of Chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

The claims listed on the Schedules do not reflect any analysis of claims under Section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under Section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist.

12.    **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, counterparty settlements, pricing discrepancies, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are consistent with the ordinary course of business in the Debtors' industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been

accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

13.    **Employee Claims.**  Pursuant to the authorizations contained in the Wages Order, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations.  The Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business, and the Schedules and Statements therefore do not include such claims.  Notwithstanding the foregoing, the Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.

14.    **Addresses of Employees.**  The Debtors have attempted to list each of their current employees' addresses as the Debtors' corporate address where reasonably possible or alternatively have indicated "Address on File" to protect the privacy of the Debtors' employees.  The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

15.    **Intercompany Items.**  Receivables and payables among the Debtors are reported on Schedule A/B-11 and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.  Due to historical accounting practices, the Debtors may have been unable to ascertain with precision certain intercompany balances among specific Debtors and among Debtors and non-Debtor affiliates.  As a result, the intercompany balances listed on Schedules E/F or A/B may vary from the Debtors' audited financial statements.  These balances have been calculated consistent with historical practice. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional balances are identified.

16.    **Confidentiality.**  There may be instances where certain information was not included or was redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

## Statements

Part 1 (Question 1) - Gross revenue from business.  Revenue encompasses customer transactions related to product sales (including helicopters and parts) and training, maintenance, and other services, license fees, and other miscellaneous revenue.  As is customary in the ordinary course of business, sales are reflected net of allowances, discounts, and shipping and handling.

Part 2 (Question 4) – Payments or other transfers of property made within 1 year before filing that benefitted any insider.  Pursuant to that certain Independent Director Agreement dated as of April 20, 2020, MDHI has indemnification obligations to its sole director, Alan Carr (the "**Sole Director**").  The duly authorized indemnity advance noted in response to this question (the "**Advance**") was in furtherance of such indemnification obligations.  The Sole Director is contractually bound to return the Advance to MDHI at such time as the Sole Director, in his sole discretion, determines that all or a portion of the Advance is no longer necessary to provide him with certainty of payment.

As noted on Footnote 13 of the *Motion of Debtors for Entry of Interim and Final Orders under 11 U.S.C. §§ 105(a), 362(d), 363(b), 507(a), 541, 1107(a) and 1108 and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing (A) Payment of Prepetition Workforce Obligations and (B) Continuation of Workforce Programs on Postpetition Basis, (II) Authorizing Payment of Payroll-Related Taxes, (III) Confirming the Debtors' Authority to Transmit Payroll Deduction, (IV) Authorizing Payment of Prepetition Claims Owing to Administrators, (V) Directing Banks to Honor Prepetition Checks and Fund Transfers for Authorized Payments, and (VI) Granting Related Relief* [Docket No. 12] (the "**Wages Motion**"), the Debtors paid retention bonuses to certain insider and non-insider employees on or about January 21, 2022.

Part 2 (Question 6) – Setoffs.  For a discussion of setoffs and nettings incurred by the Debtors, refer to Paragraph 12 of the General Comments to these Global Notes.

Part 3 (Question 7) – Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits.  To the best of their knowledge, the Debtors have included all legal actions, administrative proceedings, court actions, executions, attachments, and governmental audits filed or otherwise commenced against them.  However, there may exist additional actions or proceedings of this type of which the Debtors are not currently aware.  The Debtors reserve all rights to amend or supplement the Statements, as necessary, to reflect such actions or proceedings.

Part 6 (Question 11) - Payments related to bankruptcy.  All of the Debtors' disbursements are made by MDHI, as Monterrey does not maintain any bank accounts of its own.  As a result, payments related to bankruptcy are reflected on the Statement of MDHI only, but were made on behalf of both of the Debtors.

Part 9 (Question 17) – ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit.  Certain employees of the Debtors are participants in a now-closed and frozen pension plan that is further described in the Wages Motion.

Part 10 (Question 20) - Off-premises storage.  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks or in warehouses where they may be temporarily stored during the transport process.

Part 11 (Question 21) - Property held for another.  As of Petition Date, the Debtors were in possession of deposits in respect of certain pending customer purchases and services not yet rendered by the Debtors.  Under the Customer Programs Order, the Debtors have the authority to honor such deposits and intend to do so in the ordinary course.  As a result, such deposits are not included in the Schedules and Statements.

Part 13 (Question 25) – Other businesses in which the debtor has or has had an interest. Please see the Debtor's Schedules of Assets and Liabilities and associated notes regarding Schedule A/B, Part 4 – Investments for discussion of other businesses in which the debtor has an interest.

Part 13 (Question 26) - Books, Records and Financial Statements.  In the ordinary course of business, the Debtors provide certain parties, such as financial institutions, investment banks, debtholders, auditors, potential investors, vendors, and financial advisors, financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  As such, the Debtors have not provided full lists of these parties in their response to Statement Question 26.

Part 13 (Question 30) - Payments, distributions, or withdrawals credited or given to insiders.  For a discussion of payments made to insiders by the Debtors, refer to a prior paragraph of these Global Notes addressing Question 4.

Part 13 (Question 32) – Responsibility for contributing to a pension fund.  For the past six years, the Debtors have paid premiums and obligations in respect of net liability for their closed, frozen cash balance pension plan.  The pension plan is further described in the Wages Motion.

*       *       *       *       *

**Monterrey Aerospace, LLC**                                                                                   **Case Number:  22-10264 (KBO)**

| Part 1: | Income |
|---------|--------|

**1. Gross Revenue from business**

☑ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____<br>MM/DD/YYYY        MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | _____ |

**Monterrey Aerospace, LLC**                                      **Case Number:  22-10264 (KBO)**

| Part 1: | Income |
|---------|--------|

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____ <br> MM/DD/YYYY        MM/DD/YYYY | _____ | _____ |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.1    NONE | | | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL** | $0 | |

| | **TOTAL** | $0 |
|---|---|---|

**Monterrey Aerospace, LLC**                                        **Case Number:  22-10264 (KBO)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

## 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|
| 4.1     NONE | | | |
| | TOTAL | $0 | |

| | TOTAL | $0 | |

**Monterrey Aerospace, LLC**                                   **Case Number:  22-10264 (KBO)**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|---|---|---|---|
| 5.1    NONE | | | $0 |

|  |  |
|---|---|
| **TOTAL** | **$0** |

**Monterrey Aerospace, LLC**                                      **Case Number:  22-10264 (KBO)**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|---|---|---|---|---|
| 6.1 NONE | | | | $0 |

|  |  |
|---|---|
| **TOTAL** | **$0** |

**Monterrey Aerospace, LLC**                                          **Case Number:  22-10264 (KBO)**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☑ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---------------------------------|----------------------|-----------------------------|----------------|
| 7.I    NONE | | | |

**Monterrey Aerospace, LLC**                                                                    **Case Number:  22-10264 (KBO)**

| Part 3: | Legal Actions or Assignments |
| --- | --- |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
| --- | --- | --- | --- | --- | --- |
| 8.1    NONE | | | | | |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| **Part 4:** | **Certain Gifts and Charitable Contributions** |

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|

9.1    NONE

Monterrey Aerospace, LLC                                          Case Number:  22-10264 (KBO)

| **Part 5:** | Certain Losses |

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|---|---|---|---|---|
| | | *If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |

10.1    NONE

                                                                                          **TOTAL**    _____

Monterrey Aerospace, LLC                                                                 Case Number:  22-10264 (KBO)

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.1    NONE | | | | | $0 |

**Monterrey Aerospace, LLC**                                         **Case Number:  22-10264 (KBO)**

| **Part 6:** | **Certain Payments or Transfers** |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years
before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|---|---|---|---|---|
| 12.1     NONE | | | | $0 |

**Monterrey Aerospace, LLC**                                   **Case Number:  22-10264 (KBO)**

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

### 13.  Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1   NONE | | | $0 |

|  |  | **TOTAL** | **$0** |
|---|---|---|---|

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| **Part 7:** | Previous Locations |
|---|---|

### 14.  Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | Dates of Occupancy |
|---|---|---|
| 14.I      NONE | | From: _____ To: _____ |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 8: | Health Care Bankruptcies |
|---------|--------------------------|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15.1   NONE | | | | ☐ Electronic<br>☐ Paper |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 9: | Personally Identifiable Information |
|---------|-----------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 9: | Personally Identifiable Information |
|---------|-----------------------------------|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

   Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes.  Fill in below:

   Describe: _____        EIN: _____

   Has the plan been terminated?

   ☐ No

   ☐ Yes

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1   NONE | | | | |

**Monterrey Aerospace, LLC**                                              **Case Number:  22-10264 (KBO)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|
| 19.1    NONE | | | ☐ No<br>☐ Yes |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20.1    NONE | | | | ☐ No<br>☐ Yes |

**Monterrey Aerospace, LLC**                                   **Case Number:  22-10264 (KBO)**

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21.1   NONE | | | |

Page 1 of 1 to Question 21

Monterrey Aerospace, LLC                                    Case Number:  22-10264 (KBO)

| Part 12: | Details About Environmental Information |
|----------|----------------------------------------|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|----------------------------|----------------------------------|----------------------|--------|
| 22.1    NONE | | | |

**Monterrey Aerospace, LLC**                                                              **Case Number:  22-10264 (KBO)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 23.1  NONE | | | |

**Monterrey Aerospace, LLC**                                                           **Case Number:  22-10264 (KBO)**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24.1   NONE | | | |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|
| | | *Do not include SSN or ITIN* | |
| 25.1    MONTERREY AEROSPACE MEXICO S. DE R.L. DE CV PARQUE INDUSTRIAL MILLENIUM APAODACA, NUEVO LEON 66600 MONTENEGRO | INACTIVE, NON-DEBTOR SUBSIDIARY OF MD HELICOPTERS, INC. | 98-1496279 | 6/5/2006  - |

**Monterrey Aerospace, LLC**                                    **Case Number:** **22-10264 (KBO)**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

| Name and Address | | Dates of Service |
|---|---|---|
| 26a.1    NONE | | From:              To: |

**Monterrey Aerospace, LLC**                                      **Case Number:  22-10264 (KBO)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**26. Books, records, and financial statements**

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and Address | | Dates of Service | |
|---|---|---|---|
| 26b.1   NONE | | From: | To: |

**Monterrey Aerospace, LLC**                                          **Case Number:  22-10264 (KBO)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1    NONE | |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and Address |
|---|

| 26d.1 | NONE |
|---|---|

**Monterrey Aerospace, LLC**                                          **Case Number:  22-10264 (KBO)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
| --- | --- |

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
| --- | --- | --- | --- | --- |
| 27.1   NONE | | | | |

**Monterrey Aerospace, LLC**                                                    **Case Number:  22-10264 (KBO)**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1  MD HELICOPTERS, INC.<br>4555 E. MCDOWELL ROAD<br>MESA, AZ 85215 | OWNERSHIP INTEREST | 100.00% |

**Monterrey Aerospace, LLC**                                   **Case Number:  22-10264 (KBO)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1   NONE | | From: _____   To: _____ |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 30.  Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1    NONE | | | |
| TOTAL | $0 | | |

| | | | |
|---|---|---|---|
| TOTAL | $0 | | |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|----------|-------------------------------------------------------------------|

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|----------------------------|----------------------------------------------------------|
| 31. l   MD HELICOPTERS, INC. | EIN:    86-0944088 |

**Monterrey Aerospace, LLC**                                    **Case Number:  22-10264 (KBO)**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. I    NONE | EIN: |

**Monterrey Aerospace, LLC**                                          **Case Number: 22-10264 (KBO)**

| Part 14: | Signature and Declaration |
|---|---|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:** _____ May 27, 2022 _____


**Signature:** /s/ Barry Sullivan _____          Barry Sullivan, Authorized Signatory _____

                                                              **Name and Title**




Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes