IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
MD HELICOPTERS, INC., *et al.*,[1]                      :    Case No. 22-10263 (KBO)
                                                        :
         Debtors.                                       :    (Jointly Administered)
                                                        :
                                                        :    **Re: D.I. 205, 221, 245, 258, and 300**
------------------------------------------------------- x

## ORDER RESOLVING NETHERLANDS LIEN DISPUTE
## UNDER THE FINAL DIP ORDER

Upon consideration of the statement (the "**Statement**")[2] of the State of the Netherlands (the "**Netherlands**") [D.I. 221] filed pursuant to paragraph 37 of the Final DIP Order seeking entry of an order finding and concluding that (i) the Netherlands Lien is a valid and binding lien that arose by operation of law, (ii) the Netherlands Lien properly attached to the Netherlands Collateral, which Netherlands Collateral allegedly includes all the leasehold interests and related improvements owned by the Debtors in Maricopa County, Arizona; and (iii) the Netherlands Lien is senior to the Prepetition Liens and all other relevant encumbrances; the Debtors' response [D.I. 245] in opposition to the Statement (the "**Debtors' Response**") and the joinders of the Zohar Lenders [D.I. 248] and the DIP Lenders [D.I. 247] to the Debtors' Response (together with the Debtors' Response, the "**Responses**"); and the Netherlands reply in support of the Statement [D.I.

---

[1]  The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215.  The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088.  Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2]  Capitalized terms not otherwise defined herein have the meanings set forth in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 205] (the "**Final DIP Order**").

US-DOCS\132241530.8

258] (together with the Statement and the Responses, the "**Briefing**"); and the Court having jurisdiction to consider the Briefing and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Briefing and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and the Court having authority to enter a final order consistent with Article III of the United States Constitution resolving the Phase One Issues; and venue of the Netherlands Lien Dispute being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Briefing and the terms of this Order has been given and that no other or further notice is necessary; and after due deliberation and consideration of the Briefing, the declarations admitted in support thereof, and the record of this contested matter, including the record at the hearing on May 26, 2022 (the "**Hearing**"), and upon the findings of fact and conclusions of law set forth by the Court on the record at the Hearing; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. For the reasons set forth on the record at the Hearing:

    (a) the Netherlands Lien is a valid and binding lien on any real property owned by the Debtors in Maricopa County, Arizona pursuant to Ariz. Rev. Stat. § 33-961;

    (b) the Netherlands Lien did not attach to any property of the Debtors, including the Leases (as defined in the Debtors' Response) and any improvements located on the leased premises, because as of the date hereof the Debtors do not own any real property, within the meaning of Ariz. Rev. Stat. § 33-961, in Maricopa, County; and

    (c) as a result of the Court's ruling stated in paragraph 1(b) above, the Phase One Issue regarding whether the Netherlands Lien is senior to the Prepetition Liens and all other relevant encumbrances is moot and the Court makes no ruling with respect thereto.

2. Accordingly, the Phase Two Hearing scheduled under paragraph 37(c) of the Final DIP Order for June 14, 2022, is hereby cancelled.

3. For the avoidance of doubt, none of the Debtors' assets as of the date hereof constitute Netherlands Collateral or Netherlands First Priority Collateral.

4. Pursuant to paragraph 37(e) of the Final DIP Order because the Court has determined that the Netherlands Lien has not properly attached to any real property of the Debtors as of the date hereof, the Netherlands Adequate Protection Liens and the Netherlands Adequate Protection Superpriority Claims granted by the Final DIP Order are hereby deemed void and of no effect retroactive to the Petition Date, and as of the date hereof the Netherlands is not otherwise entitled to any adequate protection on account of the Netherlands Claim under Sections 363 or 364 of the Bankruptcy Code or otherwise; provided; however, that entry of this Order is without prejudice to (a) the Netherlands' right to seek adequate protection in the future should the Debtors obtain any real property in Maricopa County, Arizona in the future and (b) the rights of the Debtors, the Zohar Lenders, the DIP Lenders and all other parties in interest to oppose such relief.

5. Because the Court has determined that the Netherlands Lien has not properly attached to any real property of the Debtors as of the date hereof, the Netherlands shall not be entitled to credit bid for any of the Debtors' assets pursuant to Section 363(k) of the Bankruptcy Code, including pursuant to the Bid Procedures in connection with the sale process or at any auction, and shall not be deemed a Qualified Bidder under Paragraph 37(k) of the Final DIP Order, Paragraph 4 of the *Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Enter Into the Stalking Horse Agreement, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [D.I. 206], Sections 4 or 5 of the Bid Procedures, or otherwise.

6.   This Order shall take effect on June 8, 2022, at 4:00 p.m. (prevailing Eastern Time).

7.   Subject to the Netherlands' appellate rights, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Netherlands Lien Dispute.

8.   This Order is a final order of this Court for purposes under 28 U.S.C. § 158(a)(1) and shall constitute a resolution of the Netherlands Lien Dispute solely for purposes of Paragraph 37 of the Final DIP Order.

**Dated: June 1st, 2022**
**Wilmington, Delaware**

*[Signature]*
**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**