# EXHIBIT A

**Proposed Order**

US-DOCS\130478037.18

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
MD HELICOPTERS, INC., *et al.,*[1]                      :    Case No. 22-10263 (KBO)
                                                        :
         Debtors.                                       :    (Jointly Administered)
                                                        :
                                                        :    **Re: D.I. _____**
------------------------------------------------------- x

**ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 1107(a) AND 1108,
AND FED. R. BANKR. P. 6004 AND 9019 (I) AUTHORIZING THE DEBTORS TO PAY
GOVERNMENT SUBCONTRACTOR, (II) APPROVING RELATED SETTLEMENT
AND RELEASE AGREEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") under Sections 105(a), 363(b), 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019 (i) authorizing, but not directing, MD Helicopters, Inc. ("**MDHI**") to pay AXXEUM, Inc. (the "**Subcontractor**") amounts owed to it under the Subcontract (the "**Subcontractor Claim**") only after MDHI's receipt of certain amounts from the Government, (ii) approving the Settlement and Release Agreement between MDHI and the Subcontractor (the "**Settlement Agreement**"), attached hereto as Exhibit 1, and (iii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this

---

[1] The two Debtors in these cases are MD Helicopters, Inc. ("MDHI") and Monterrey Aerospace, LLC ("Monterrey Aerospace"), and their address is 4555 E. McDowell Road, Mesa, AZ 85215.  The last four digits of MDHI's taxpayer identification number are 4088.  Monterrey Aerospace has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US-DOCS\130478037.18

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are authorized, subject to the terms of the Settlement Agreement, to pay, or cause to be paid, the Subcontractor Claim after (and only after) the Debtors' receipt of payment of the Closeout Amount from the Government.

3.  The Debtors are authorized to enter into the Settlement Agreement.

4.  The terms of the Settlement Agreement are approved in their entirety. The releases detailed in the Settlement Agreement shall constitute legal, valid, and effective releases.

5.  The parties are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate and fully execute the Settlement Agreement and effectuate its terms.

6.  The failure to specifically include or reference any particular term or provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

7.      Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the rights of the Debtors or the Zohar Lenders to dispute any claim or lien on any grounds; (c) a promise to pay any claim (other than the obligation to pay the Subcontractor Claim to the extent required by the Settlement Agreement); (d) an implication or admission that any particular claim would constitute a claim under this Order; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under Section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order.  Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, change the priority of, or otherwise affect the Subcontractor Claim to the extent it is not paid.

8.      At the direction of the Debtors, the Debtors' banks and financial institutions shall be and hereby are authorized to receive, process, honor, pay, and if necessary, reissue any checks or fund transfers to the Subcontractor that the Debtors issue on account of the Subcontractor Claim, provided the Debtors have received payment of the Closeout Amount from the Government.  The Debtors' banks and other financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order.

9.      Nothing in this Order shall be deemed or construed as a release or waiver of any rights or claims AXXEUM may have against the Government for recovery of the Contested Amounts; however, for the avoidance of doubt, the Debtors are deemed to have fully performed their obligations under the Subcontract and, once the Settlement Payment is made, the Debtors shall have no further performance obligations to AXXEUM.

US-DOCS\130478037.18

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

# Exhibit 1

## Settlement and Release Agreement

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (this "Agreement") is entered into as of 5 May 2022, (the "Execution Date"), between MD Helicopters, Inc. ("MDHI") and AXXEUM, Inc. ("AXXEUM" and, together with MDHI, the "Parties").

### RECITALS

**WHEREAS**, MDHI and the United States Army (the "Government") are party to that certain firm-fixed price letter agreement bearing contract number W58RGZ-17-C-0038 (including all agreements thereunder and related thereto, and as amended, restated, supplemented, or otherwise modified from time to time, the "Prime Contract"), dated May 23, 2017, under which MDHI agreed to provide, among other things, military helicopters, spare parts, and services related to their maintenance and repair (the "Afghanistan Deliverables") for the Afghanistan Air Force;

**WHEREAS**, MDHI and AXXEUM (as successor in interest to AAL USA, Inc.) are party to that certain Firm Fixed Price Subcontract Agreement No. WS8RGZ-17-C-0038-AAL-SC-001 for Afghanistan On-Site Contractor Logistics Support in Support of Prime Contract Number W58RGZ-17-C-0038 (including all agreements thereunder and related thereto, and as amended, restated, supplemented, or otherwise modified from time to time, the "Subcontract"), dated July 28, 2018, under which AXXEUM agreed to provide certain parts and services to MDHI in connection with the provision of the Afghanistan Deliverables under the Prime Contract;

**WHEREAS**, on March 30, 2022, MDHI and its debtor affiliate filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are currently jointly administered under Case No. 22-10263;

**WHEREAS**, in connection with the closeout process for the Prime Contract, the Government has agreed to pay MDHI a fixed amount to settle all payment issues related to the Prime Contract (the "Closeout Payment") as compensation for the Afghanistan Deliverables, but has designated as non-compensable certain services performed and costs incurred by MDHI under the Prime Contract and by AXXEUM under the Subcontract (the "Contested Amounts"); and

**WHEREAS**, the Parties wish to resolve all outstanding obligations and commitments under the Subcontract;

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### SETTLEMENT AND RELEASE

1. In connection with the Subcontract and subject to the terms herein, MDHI will pay AXXEUM Seven Million Five Hundred Nineteen Thousand Eight Hundred Sixty Two US Dollars ($7,519,862.00) (the "Settlement Payment") within ten (10) business days after the Approval Date (as defined below); *provided that*, if MDHI receives the Closeout Payment from the Government after the Approval Date, MDHI will instead be obligated to pay the Settlement Payment to AXXEUM within ten (10) business days after MDHI's receipt of the Closeout Payment.

2. The Parties acknowledge and agree that the Settlement Payment is, and shall be deemed to be, in full and final satisfaction of all outstanding invoices and any and all amounts that might arguably be due and payable by MDHI to AXXEUM under the Subcontract or otherwise in connection with the provision of the Afghanistan Deliverables.

3. Upon receipt of the Settlement Payment, without the need for any further action, AXXEUM hereby fully and finally releases MDHI, and its successors and assigns, with prejudice from all claims, causes of action, complaints, suits, demands, damages, costs, expenses, liabilities, grievances, or other losses in connection with the Subcontract and the provision of the Afghanistan Deliverables—whether known or unknown—that may exist as of the Execution Date. Notwithstanding the foregoing or any other provisions of this Agreement, AXXEUM shall retain, and does not release or waive, all rights and claims against the Government for recovery of the Contested Amounts. AXXEUM acknowledges that MDHI has fully performed its obligations under the Subcontract and, once the Settlement Payment is made, MDHI will have no further performance obligations.

4. Nothing in this Agreement, including MDHI's failure to remit the Settlement Payment, shall be construed as giving AXXEUM an administrative expense claim under Section 503 of the Bankruptcy Code or otherwise elevating the priority of any claims AXXEUM may have against MDHI.

5. As soon as practicable after the Execution Date, MDHI shall file a motion with the Court seeking entry of an order (the "Settlement Approval Order") approving this Agreement.

6. The effectiveness of this Agreement is subject to the Court's entry of the Settlement Approval Order (the date of entry of such order, the "Approval Date"). The Court shall have exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Agreement and the Settlement Approval Order.

7. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any jurisdiction other than the State of Delaware.

8. This Agreement shall be binding on (a) MDHI's successors, transferees, heirs, and assigns and (b) AXXEUM's successors, transferees, heirs, and assigns.

9. This Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them. This Agreement may not be changed, modified, amended, or supplemented, except in a writing signed by both Parties.

10. This Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission will not be construed as an attribution of drafting by either Party.

11. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the Execution Date.

**MD HELICOPTERS, INC.**

By: _____
Name: Y. R. Hladkyj
Title: Vice President – General Counsel

**AXXEUM, INC.**

By: _____
Name: Saul Kirsch
Title: Vice President