# Exhibit 1

1  Take care.  We're adjourned.
2              COUNSEL:  Thank you, Your Honor.
3         (Recess taken at 10:29 a.m.)
4         (Proceedings resumed at 3:05 p.m.)
5              THE COURT:  Good afternoon, everyone.  This is
6  Judge Owens.  We are back on the record in MD Helicopters
7  and, in particular, I'm prepared to give my ruling on the
8  phase one issues.
9              Following the argument today the court was tasked
10 to answer three questions:
11             The first, whether the Netherlands, as a judgment
12 holder, has a valid and binding lien arising under Arizona
13 law that has properly attached to real property owned by the
14 debtors in Maricopa, Arizona.
15             Two, whether the debtors leasehold interest and
16 improvements thereon constitute the real property such that
17 the Netherlands lien would attach to them.
18             Three, if the answer to question two is yes
19 whether the Netherlands lien on the leasehold interest and
20 improvements is senior to any lien on the prepetition lenders
21 on such property.
22             No one contests that the answer to the first
23 question is yes.  The Netherlands, as a judgment holder, has
24 a valid and binding lien under Arizona law that has properly
25 attached to real property owned by the debtors in Maricopa

1  County, Arizona.  The state of the Netherlands obtained a
2  judgment in its favor from the Superior Court of Maricopa
3  County which was subsequently affirmed by the Arizona Supreme
4  Court.  It properly recorded the judgment in the real
5  property records of Maricopa County and, thus, pursuant to
6  Section 33.961-A of the Arizona revised statutes it has a
7  lien on the real property of the debtors in Maricopa County,
8  including any part of the real property as otherwise provided
9  by law.
10         The real issue for today then is question number
11 two, whether the debtor's leases of certain real property in
12 Maricopa County and certain improvements there on are the
13 debtors real property to which the Netherlands lien has
14 attached.  My conclusion is that they are not real property
15 and, therefore, the lien does not attach.
16         With this conclusion there is no need for me to
17 get to the question of -- excuse me, there is no need for me
18 to get to question three regarding the priority of liens.
19         With respect to the debtor's leases Arizona law
20 provides that they are personal property.  Specifically
21 Section 33-902(b) of the Arizona Revised Statutes provides
22 that "estates for years," like the debtor's leases, are of
23 chattels real.  As set forth by Black's Law Dictionary,
24 chattels real are a type of chattels along with, for example,
25 chattels personal.

# Exhibit 2

1  County, Arizona.  The state of the Netherlands obtained a
2  judgment in its favor from the Superior Court of Maricopa
3  County which was subsequently affirmed by the Arizona Supreme
4  Court.  It properly recorded the judgment in the real
5  property records of Maricopa County and, thus, pursuant to
6  Section 33.961-A of the Arizona revised statutes it has a
7  lien on the real property of the debtors in Maricopa County,
8  including any part of the real property as otherwise provided
9  by law.
10             The real issue for today then is question number
11 two, whether the debtor's leases of certain real property in
12 Maricopa County and certain improvements there on are the
13 debtors real property to which the Netherlands lien has
14 attached.  ==My conclusion is that they are not real property==
15 ==and, therefore, the lien does not attach.==
16             With this conclusion there is no need for me to
17 get to the question of -- excuse me, there is no need for me
18 to get to question three regarding the priority of liens.
19             With respect to the debtor's leases Arizona law
20 provides that they are personal property.  Specifically
21 Section 33-902(b) of the Arizona Revised Statutes provides
22 that "estates for years," like the debtor's leases, are of
23 chattels real.  As set forth by Black's Law Dictionary,
24 chattels real are a type of chattels along with, for example,
25 chattels personal.

# Exhibit 3

1  current statutorily prescribed character of leasehold
2  interests in Arizona as personal property.
3         The Netherlands attempt to include a leasehold
4  interest within the scope of "tenements and hereditaments" is
5  also unavailing.  The Netherlands appears to conflate a
6  leasehold interest in which a lessee or a tenant holds rights
7  with a lessor's or owner's interest in a lease as part of a
8  fee interest.  The Arizona cases that the Netherlands cite in
9  support of their position all involve the lessor's interest
10 in leases, not the lessee's leasehold interest and, thus, are
11 inapposite to the case at hand.  The Netherlands has not
12 cited any cases in which a lessee's leasehold hold interest
13 have been deemed to be a tenement or hereditament under
14 Arizona law.
15        Lastly, I reject the Netherlands contention that
16 Section 33-961 of Arizona Revised Statutes encompasses
17 leasehold interests because it provides for judgment liens to
18 attach to parts of real property.  Leases are not real
19 property and, therefore, cannot be a part of a real property.
20 They are personal property giving the lessee an interest in
21 real property and, as noted in Harbel Oil, interest in real
22 property are not the same as real property.
23        With respect to the improvements at issue I agree
24 with the debtors that the Netherlands lien cannot attach to
25 them because under Arizona law the improvements are either

# Exhibit 4

1   current statutorily prescribed character of leasehold
2   interests in Arizona as personal property.
3              The Netherlands attempt to include a leasehold
4   interest within the scope of "tenements and hereditaments" is
5   also unavailing.  The Netherlands appears to conflate a
6   leasehold interest in which a lessee or a tenant holds rights
7   with a lessor's or owner's interest in a lease as part of a
8   fee interest.  The Arizona cases that the Netherlands cite in
9   support of their position all involve the lessor's interest
10  in leases, not the lessee's leasehold interest and, thus, are
11  inapposite to the case at hand.  The Netherlands has not
12  cited any cases in which a lessee's leasehold hold interest
13  have been deemed to be a tenement or hereditament under
14  Arizona law.
15             Lastly, I reject the Netherlands contention that
16  Section 33-961 of Arizona Revised Statutes encompasses
17  leasehold interests because it provides for judgment liens to
18  attach to parts of real property.  Leases are not real
19  property and, therefore, cannot be a part of a real property.
20  They are personal property giving the lessee an interest in
21  real property and, as noted in <u>Harbel Oil</u>, interest in real
22  property are not the same as real property.
23             With respect to the improvements at issue I agree
24  with the debtors that the Netherlands lien cannot attach to
25  them because under Arizona law the improvements are either

# Exhibit 5

1        In the 1969 case of State v. Pioneer Citizens, at
2   456 P.2d 422, the Supreme Court of Nevada held that a bank
3   building built on a leased premises by a lessee bank was the
4   taxable real property of such bank during the duration of the
5   lease.  Under Nevada law the bank could not be taxed on its
6   personal property, but its real property was taxable.  So in
7   order for it to obtain valuable tax benefits the bank wanted
8   the building to be its real property for the duration of the
9   lease.  The county assessor assessed the building and
10  directed the bill to the lessor.
11       The question before the court was whether the bank
12  was entitled to have the building assessed to it as its real
13  property during the lease.  The court concluded in the
14  affirmative.  It examined the lease and determined that the
15  parties intended for the bank building to not become part of
16  the lessor's realty until the lease terminated.
17       Critically, in determining that the building was
18  the real property in the hands of the bank, the court looked
19  to the Nevada law which defined real estate as, among other
20  things, buildings for tax purposes.  Similar Nevada law has
21  not been cited to me in this case and the remainder of the
22  Netherlands cases contained analysis consistent with the
23  court's ruling today; in other words, that if a lessee were
24  to own improvements it would own them as personal property.
25

# Exhibit 6

1     THE COURT:  That's okay.  I'm just looking at my
2 calendar.  So you currently have it proposed that you would
3 finish briefing on the 9th and we'd have a contested hearing
4 on the 11th.  Then you'd move into briefing and we'd have an
5 evidentiary trial sometime before the 25th.  I mean, that's
6 very expedited, everyone, and I have other cases that are
7 happening.  So this is just not going to happen before the
8 25th.
9     MR. MARTIN:  Your Honor, this is Craig Martin.  I
10 think it may be helpful to appreciate that the first phase
11 was intended to be a legal argument on the nature and extent
12 of Arizona law, with the second phase being the expedited
13 part.  As Mr. O'Donnell has said, we'd like to have it done
14 as prior to the sale closing.  It's possible that in
15 discussing it with the debtor we could work these issues in
16 such a way that they would be presented at the sale.  The
17 concern, I think, that the debtors had was that that creates
18 some uncertainty for bidders, and so the reason for the
19 schedule was to try to solve that problem.
20     Obviously, apologies to the Court for not reaching
21 out and addressing your schedule before we submitted the
22 order.  We were proceeding in good faith to solve a legal
23 issue and I apologize for not taking the Court's
24 considerations into mind.
25     THE COURT:  No, that's fine.  And I'm not upset in