# Exhibit 1

## Amendment No. 1 to Asset Purchase Agreement

# AMENDMENT NO. 1
# TO
# ASSET PURCHASE AGREEMENT

This Amendment No. 1 to the Asset Purchase Agreement (this "**Amendment**"), effective as of June [●], 2022, is entered into by and among MD Helicopters, Inc., an Arizona corporation ("**MDH**"), and Monterrey Aerospace, LLC, a Delaware limited liability company ("**Monterrey Sub**" and, together with MDH, "**Sellers**" and, each, a "**Seller**"), on the one hand, and MDH Holdco, LLC, a Delaware limited liability company ("**Buyer**"), on the other hand. Buyer and each Seller is referred to herein as a "**Party**", and collectively as the "**Parties**".

WHEREAS, reference is hereby made to that certain Asset Purchase Agreement, dated as of March 30, 2022, by and among Buyer and Sellers (as the same may be amended from time to time, the "**Agreement**"); capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement; and

WHEREAS, pursuant to and in accordance with Section 11.3(a) of the Agreement, the parties desire to amend a certain provision of the Agreement as hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants in this Amendment, the parties, intending to be legally bound, hereby agree as follows:

1. **Amendment to Section 3.2**. Section 3.2 of the Agreement is hereby deleted in its entirety and replaced with the following:

> "On the terms and subject to the conditions set forth in this Agreement, the aggregate consideration for the Purchased Assets shall be (a)(i) the credit bid pursuant to Section 363(k) of the Bankruptcy Code against $150,000,000 of the Obligations (as defined in the Term Loan Agreement) as of the Closing and (ii) an assumption by Buyer of up to $60,000,000 of the DIP Obligations, plus any accrued and unpaid interest, fees, and expenses payable in accordance with and under the DIP Facility as of the Closing Date (the foregoing clauses (a)(i) and (a)(ii), collectively, the "**Credit Bid**"), (b) the instruction to Sellers to retain and use the Retained Cash and (c) the assumption of the Assumed Liabilities (collectively, the "**Purchase Price**"); provided that the terms and conditions of assumption of the DIP Obligations pursuant to Section 3.2(a)(ii) as between the Buyer and the lenders under the DIP Credit Agreement shall be subject to Buyer reaching an acceptable agreement on terms to facilitate such assumption with the requisite lenders under the DIP Facility; provided, however, that the credit bid amount in Section 3.2(a)(i) shall be increased by the difference between $60,000,000 and the outstanding DIP Obligations being assumed pursuant to Section 3.2(a)(ii), up to a maximum increase of $30,000,000; provided, further, that Buyer reserves the right, in its sole discretion to increase the Purchase Price (including any component thereof), subject to the Bid Procedures Order and applicable Law."

2. **Amendment to Section 4.23**. Section 4.23 of the Agreement is hereby amended by adding the following new language at the end thereof:

> "Notwithstanding anything to the contrary herein, and for the avoidance of doubt, the representations and warranties set forth in this Section 4.23 are being made to Buyer solely by Sellers, and not by any other Person. Each of the Parties irrevocably acknowledges and agrees that the representations and warranties set forth in this Section 4.23 have not been approved or disapproved by the U.S. Government or any other Government Authority, and neither the U.S. Government nor any other Government Authority has passed upon the accuracy or adequacy of any such representations or warranties."

3. **Amendment to Section 6.6**. Section 6.6 of the Agreement is hereby amended by adding the following new language at the end thereof:

> "For the avoidance of doubt, subject to applicable Law, Sellers may engage one or more of Buyer's officers, employees or representatives on terms mutually agreed upon among Sellers and any such officer, employee or representative to assist with transitioning ownership of the Purchased Assets to Buyer."

4. **Amendment and Restatement of Disclosure Schedules**. The Disclosure Schedules are hereby amended and restated in their entirety as attached hereto as Annex A.

5. **Reference to and Effect on the Agreement**.

    (a) On and after the date of this Amendment, each reference in the Agreement to "this Agreement", "hereunder", "hereof", "herein", or words of like import referring to such Agreement, shall mean and be a reference to the Agreement as amended by this Amendment.

    (b) Except as specifically amended by this Amendment, the Agreement shall remain unmodified and in full force and effect, and is hereby ratified and confirmed in all respects.

    (c) The execution, delivery and performance of this Amendment shall not, except as expressly provided herein, constitute a waiver of any provision of, or operate as a waiver of any right, power or remedy of any party pursuant to the Agreement.

6. **Miscellaneous**. All interpretative provisions of the Agreement, including Section 1.2 (References and Rules of Construction), and Article 11 (Miscellaneous) are hereby incorporated by reference, *mutatis mutandis*.