# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MD HELICOPTERS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-10263 (KBO) <br><br> (Jointly Administered) <br><br> Hearing Date: June 17, 2022 at 9:00 a.m. (ET) <br> Objection Deadline: At the Hearing |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF SCHEDULES TO THE ASSET PURCHASE AGREEMENT**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") and respectfully represent as follows:

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), under Sections 105(a) and 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) authorizing the Debtors to file under seal certain portions of the Schedules to the Asset Purchase Agreement [D.I. 358] (the "APA Schedules") and (ii) directing that the APA Schedules remain under seal and confidential and not be made available to anyone without the prior written consent of the Debtors. The Debtors propose providing a copy of the

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

APA Schedules to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") on a strictly confidential basis.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code. Such relief is warranted under Bankruptcy Rule 9018 and Local Rule 9018-1.

4.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5.  On March 30, 2022 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases (the "Chapter 11 Cases") for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Barry Sullivan, Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 19].

6.  The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

7.     On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into the Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [D.I. 28] (the "Sale Motion").[2]  Through the Sale Motion, the Debtors sought, among other things, Court approval of the Bid Procedures and authority to enter into the Asset Purchase Agreement[3] with MDH Holdco LLC as Stalking Horse Bidder, in connection with the sale of substantially all of the Debtors' assets.

8.     On June 15, 2022, the Debtors filed the APA Schedules under seal.  In compliance with Local Rule 9018-1(d), a proposed redacted version of the APA Schedules has been filed under separate notice contemporaneously herewith.  *See* D.I. 360.

## BASIS FOR RELIEF REQUESTED

9.     Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires courts, in appropriate circumstances, to protect the businesses of parties in interest by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

[3] A copy of the Asset Purchase Agreement by and among MD Helicopters, Inc., Monterrey Aerospace, LLC, and the Stalking Horse Bidder, dated March 30, 2022, was filed as Exhibit A to the Sale Motion.  A copy of Amendment No. 1 to the Asset Purchase Agreement was filed on June 15, 2022 at D.I. 355.

3

dissemination of sensitive information. *See Cendant*, 260 F.3d 194 (the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted). Indeed, in proceedings under the Bankruptcy Code, the limits on the public's right of access are a matter of statute. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]" FED. R. BANKR. P. 9018. In addition, Local Rule 9018-1(d) requires any party who seeks to file documents under seal to file a motion to that effect. DEL. BANKR. L.R. 9018-1(d).

10. A party filing such a motion is not required to demonstrate "good cause" to file the document under seal or make a showing of "extraordinary circumstances or compelling need." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27-28 (2d Cir. 1994). Rather, if the material sought to be filed under seal falls within one of the categories identified in Bankruptcy Code section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id*. at 27.

11. When determining whether sensitive information qualifies for protection under section 107(b) of the Bankruptcy Code as confidential commercial information, courts have held

that such information need not rise to the level of a trade secret. *Id*. at 28 (holding that section 107(b) of the Bankruptcy Code "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former."); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Rather, if a party can demonstrate that the sensitive information is both "confidential" and "commercial" in nature, then such information falls under the protection of section 107(b) and, accordingly, must be protected from public disclosure. *Orion Pictures*, 21 F.3d at 27; *Global Crossing*, 295 B.R. at 725.

12. Here, the information in the APA Schedules that the Debtors seek to seal is both "confidential" and "commercial" and, thus, falls within the ambit of section 107(b) of the Bankruptcy Code. Indeed, such proposed sealed material includes a list of the Debtors' largest customers, a list of the Debtors' largest vendors, retention bonuses paid to certain employees prior to the Petition Date, information regarding certain non-public internal investigations and regulatory matters, and the identity of certain third-party approvals and consents that are required as conditions to closing the Sale and other sensitive financial data. If made public, this information could (a) give the Debtors' competitors a significant and unfair advantage, (b) give the Debtors' vendors and other counterparties undue leverage to extract onerous trade terms from the Debtors, and (c) harm employee morale in a manner that could result in workforce attrition, all of which would be harmful to the Debtors' business. While disclosure of this information could seriously harm the Debtors, sealing the APA Schedules does not prejudice any other party. Parties in interest will be able to review the redacted version of the APA Schedules filed on the docket and the APA Schedules in their entirety will be reviewed by the Court and by the buyer of the Debtors' assets

under the Asset Purchase Agreement, the Stalking Horse Bidder. Moreover, in recognition that a certain degree of transparency and public scrutiny is a necessary part of the bankruptcy process, the Debtors will share a copy of the unredacted APA Schedules with the U.S. Trustee on a strictly confidential basis. Accordingly, the Debtors submit that they should be authorized to file certain portions of the APA Schedules under seal.

## NOTICE

13. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the Internal Revenue Service; (d) the offices of the attorneys general for the states in which the Debtors operate; (e) those creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (f) counsel to the Stalking Horse Bidder; (g) counsel to Ankura; (h) counsel to PPAS; (i) counsel to the Zohar Lenders; (j) counsel to the Patriarch Lenders; (k) counsel to the DIP Lenders; (l) the offices of the attorneys general for the states in which the Debtors operate; (m) all parties known by the Debtors to assert a lien on any of the Assets; (n) all parties entitled to notice pursuant to Local Rule 2002-1(b). The Debtors submit that, under the circumstances, no other or further notice is required.

14. A copy of this Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), at https://cases.primeclerk.com/MDHelicopters/.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A** granting the relief requested in this Motion and such other and further relief as may be just and proper.

#127180394 v3

Dated: June 15, 2022
    Wilmington, Delaware  /s/ Kenneth A. Listwak
TROUTMAN PEPPER HAMILTON SANDERS LLP

David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
Evelyn J. Meltzer (DE No. 4581)
Kenneth A. Listwak (DE No. 6300)
Hercules Plaza, Suite 5100
1313 N. Market Street, Suite 5100
Wilmington, DE 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
Email:  david.stratton@troutman.com
    david.fournier@troutman.com
    evelyn.meltzer@troutman.com
    kenneth.listwak@troutman.com

- and -

LATHAM & WATKINS LLP

Suzzanne Uhland (admitted *pro hac vice*)
Adam S. Ravin (admitted *pro hac vice*)
Brett M. Neve (admitted *pro hac vice*)
Tianjiao (TJ) Li (admitted *pro hac vice*)
Alexandra M. Zablocki (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  suzzanne.uhland@lw.com
    adam.ravin@lw.com
    brett.neve@lw.com
    tj.li@lw.com
    alexandra.zablocki@lw.com

*Counsel for Debtors and Debtors-in-Possession*