**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MD Helicopters, Inc., *et al.*,[1] | Case No. 22-10263 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 14, 2022 at 9:30 a.m. (ET)**<br>**Objection Deadline: July 7, 2022 at 4:00 p.m. (ET)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN**
**ORDER EXTENDING THE TIME PERIOD**
**WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion"), seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the deadline by which the Debtors may file notices of removal of civil actions and proceedings (the "Removal Deadline") for 180 days from the current deadline of June 28, 2022, through and including December 27, 2022,[2] without prejudice to the right of the Debtors to seek a further extension of the Removal Deadline.  In support of this Motion, the Debtors state as follows:

---

[1]  The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215.  The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088.  Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2]  An extension of 180 days would result in a Removal Deadline of December 25, 2022, which is a Sunday, and December 26, 2022 is a legal holiday.  Thus, pursuant to Bankruptcy Rule 9006(a)(1)(C), the Removal Deadline would be extended to Tuesday, December 27, 2022.

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended *Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

**BACKGROUND**

3.      On March 30, 2022 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Barry Sullivan, Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court on March 30, 2022 [Docket No. 19] (the "First Day Declaration") and is fully incorporated herein by reference.

4.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

#127463086 v4

5.      The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.      Following a multi-month marketing process, on June 17, 2022, the Court entered the *Order (I) Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (II) Granting Related Relief* [Docket No. 377] (the "Sale Order") in connection with the sale of substantially all of the Debtors' assets (the "Sale") to MDH Holdco, LLC.

## RELIEF REQUESTED

7.      By this Motion, the Debtors respectfully request the entry of an order, pursuant to Bankruptcy Rules 9006(b) and 9027, extending the time period within which the Debtors are permitted to file notices of removal of civil actions and proceedings to which the Debtors are parties (collectively, the "Civil Actions") for an additional 180 days from the current Removal Deadline of June 28, 2022 through and including December 27, 2022, without prejudice to the right of the Debtors to seek a further extension of the Removal Deadline.[3]  The Debtors request that the proposed December 27, 2022 deadline to file removal actions apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

## BASIS FOR RELIEF REQUESTED

8.      Section 1452 of Title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than
> a proceeding before the United States Tax Court or a civil action by a

---

[3]   Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the removal period until the Court acts on the Motion.

#127463086 v4

governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

9.      Bankruptcy Rule 9027(a)(2) further provides:

If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2).

10.      Bankruptcy Rule 9006(b)(1) allows courts to extend unexpired time periods, such as the deadline to remove actions, providing that:

when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(1).

11.      It is well settled that this Court is authorized to extend the period within which the Debtors may remove actions. *See, e.g., Pacor Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the deadline for removal of actions may be extended pursuant to Bankruptcy Rule 9006(b)); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Services Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (same); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715,

4

718-19 (Bankr. W.D. Pa. 1982) (finding that a bankruptcy court may enlarge the time limit for filing an application for removal under appropriate circumstances).

12.    Sufficient cause exists in the instant circumstances to grant the relief requested herein.  Since the commencement of these Chapter 11 Cases, the Debtors' limited resources have been focused on numerous pressing matters associated with, (a) administering their bankruptcy estates, (b) negotiating the use of cash collateral and debtor in possession financing, (c) preparing the Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules") and other reporting; (d) conducting a marketing process that ultimately culminated in entry of the Sale Order, and (e) addressing various contested matters including the lien dispute with the State of the Netherlands.  Moreover, while the Debtors' Schedules identify the pending Civil Actions of which the Debtors are aware, the general bar date for filing proofs of claim in these Chapter 11 Cases is July 11, 2022.  As such, it is possible that the Debtors will learn of additional Civil Actions through the claims process.

13.    The Debtors require additional time to make a fully-informed determination regarding removal of any Civil Actions.  Extending the deadline by which the Debtors must notice removal through and including December 27, 2022 will permit the Debtors to thoughtfully review all pending litigation, properly evaluate the same within the larger context of these Chapter 11 Cases and   ensure that valuable rights under 28 U.S.C. § 1452 are not forfeited.  Moreover, in the event the Debtors seek to remove any of the individual Civil Actions, any party to such Action may thereafter seek to have it remanded on equitable grounds pursuant to 28 U.S.C. § 1452(b). Thus, the requested extension will not prejudice the rights of other parties.  For each of the foregoing reasons, the Debtors seek an extension of the current removal deadline under Bankruptcy Rule 9027(a).

14.     The relief sought herein is appropriate and is similar to relief granted in other large chapter 11 cases in this jurisdiction. *See, e.g., In re F+W Media, Inc.*, No. 19-10479 (KG) (Bankr. D. Del. June 12, 2019); *In re Samuels Jewelers, Inc.*, No. 18-11818 (KJC) (Bankr. D. Del. Nov. 26, 2018*); In re J&M Sales Inc.*, No. 18-11801 (LSS) (Bankr. D. Del. Nov. 13, 2018); *In re New MACH Gen, LLC*, No. 18-11368 (MFW) (Bankr. D. Del. Sept. 26, 2018); *In re The Rockport Company, LLC*, No. 18-11145 (LSS) (Bankr. D. Del. Aug. 22, 2018).

15.     Based on the foregoing, the Debtors submit that an extension until December 27, 2022 of the time within which the Debtors may remove Civil Actions pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452 is warranted.

## NOTICE

16.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the Internal Revenue Service; (d) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (e) counsel to Ankura; (f) counsel to PPAS; (g) counsel to the Zohar Lenders; (h) counsel to the Patriarch Lenders; (i) counsel to the DIP Lenders; and (j) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

17.     A copy of this Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by Kroll Restructuring Administration LLC, at https://cases.ra.kroll.com/MDHelicopters/.

## NO PRIOR MOTION

18.     The Debtors have not made any prior motion for the relief sought in this Motion to this Court or any other court.

        WHEREFORE, the Debtors respectfully request the entry of the Proposed Order

#127463086 v4

extending the Debtors' time under Bankruptcy Rule 9027 to file notices of removal of Civil

Actions for 180 days, through and including December 27, 2022, and granting such other and

further relief in favor of the Debtors as the Court deems just and proper.

Dated: June 27, 2022          Respectfully Submitted,
       Wilmington, Delaware

*/s/ Kenneth A. Listwak*
TROUTMAN PEPPER HAMILTON SANDERS LLP

David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
Evelyn J. Meltzer (DE No. 4581)
Kenneth A. Listwak (DE No. 6300)
Hercules Plaza, Suite 5100
1313 N. Market Street, Suite 5100
Wilmington, DE 19801
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390
Email:  david.stratton@troutman.com
      david.fournier@troutman.com
      evelyn.meltzer@troutman.com
      kenneth.listwak@troutman.com

- and -

LATHAM & WATKINS LLP

Suzzanne Uhland (admitted *pro hac vice*)
Adam S. Ravin (admitted *pro hac vice*)
Brett M. Neve (admitted *pro hac vice*)
Tianjiao (TJ) Li (admitted *pro hac vice*)
Alexandra M. Zablocki (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:  suzzanne.uhland@lw.com
      adam.ravin@lw.com
      brett.neve@lw.com
      tj.li@lw.com
      alexandra.zablocki@lw.com

*Counsel for Debtors and Debtors-in-Possession*

#127463086 v4