**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MD HELICOPTERS, INC., *et al.*,[1] | Case No. 22-10263 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 14, 2022 at 9:30 a.m. (ET)**<br>**Objection Deadline: July 7, 2022 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING**
**UNDER SEAL OF CERTAIN PORTIONS OF SUPPLEMENT TO DEBTOR MD**
**HELICOPTERS, INC.'S STATEMENT OF FINANCIAL AFFAIRS**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors") hereby file this motion (the "Motion") and respectfully represent as follows:

**RELIEF REQUESTED**

1.     By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), under Sections 105(a) and 107(b) of Title

11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9018 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District

of Delaware (the "Local Rules"): (i) authorizing the Debtors to file under seal certain portions of

the supplement to Debtor MD Helicopters, Inc.'s ("MDHI") statement of financial affairs [D.I.

403] (the "SOFA Supplement")[2] and (ii) directing that the SOFA Supplement remain under seal

---

[1]  The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215.  The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088.  Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2]   The SOFA Supplement supplements the information contained in the Original SOFA (defined below) and is not intended to and does not supersede the information in the Original SOFA.

and confidential and not be made available to anyone without the prior written consent of the Debtors. The Debtors propose providing a copy of the SOFA Supplement to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") on a strictly confidential basis.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code. Such relief is warranted under Bankruptcy Rule 9018 and Local Rule 9018-1.

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5.      On March 30, 2022 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases (the "Chapter 11 Cases") for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Barry Sullivan, Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 19].

6.      The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

7.      On May 5, 2022, the US Trustee conducted a meeting of the Debtors' creditors, pursuant to section 341 of the Bankruptcy Code (the "341 Meeting").  Because the Debtors' schedules and statements of financial affairs had not been filed at that time, the 341 Meeting was continued.

8.      On May 27, 2022, the Debtors filed their schedules and statements of financial affairs, including the statement of financial affairs for MDHI (the "Original SOFA") [D.I. 290].

9.      On June 7, 2022, the US Trustee resumed and concluded the continued 341 Meeting.  At the continued 341 Meeting, the US Trustee requested that the Debtors supplement Part 2, Section 4 of the Original SOFA to include the payments made to vice presidents at MDHI within a year before the Petition Date.[3]

10.     On June 27, 2022, the Debtors filed the SOFA Supplement under seal.  The information sealed by the Debtors is limited only to the amounts paid to MDHI's vice presidents listed in Part 2, Section 4 of the SOFA Supplement.  In compliance with Local Rule 9018-1(d), a proposed redacted version of the SOFA Supplement has been filed under separate notice contemporaneously herewith.  *See* D.I. 404.

## BASIS FOR RELIEF REQUESTED

11.     Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code requires

---

[3]    The information contained on the SOFA Supplement does not constitute an admission that any such individuals listed thereon are actually "insiders" of MDHI, as that term is defined in Section 101(31) of the Bankruptcy Code, or otherwise.

#127330326 v3

courts, in appropriate circumstances, to protect the businesses of parties in interest by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See Cendant*, 260 F.3d 194 (the public's right of access "is not absolute") (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal quotation marks omitted). Indeed, in proceedings under the Bankruptcy Code, the limits on the public's right of access are a matter of statute. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 implements section 107(b) by providing that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]" FED. R. BANKR. P. 9018. In addition, Local Rule 9018-1(d) requires any party who seeks to file documents under seal to file a motion to that effect. DEL. BANKR. L.R. 9018-1(d).

12.  A party filing such a motion is not required to demonstrate "good cause" to file the document under seal or make a showing of "extraordinary circumstances or compelling need." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27-28 (2d Cir. 1994). Rather, if the material sought to be filed under seal falls within one of the categories identified in Bankruptcy Code section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id*. at 27.

13.    When determining whether sensitive information qualifies for protection under section 107(b) of the Bankruptcy Code as confidential commercial information, courts have held that such information need not rise to the level of a trade secret.  *Id.* at 28 (holding that section 107(b) of the Bankruptcy Code "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former."); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Rather, if a party can demonstrate that the sensitive information is both "confidential" and "commercial" in nature, then such information falls under the protection of section 107(b) and, accordingly, must be protected from public disclosure. *Orion Pictures*, 21 F.3d at 27; *Global Crossing*, 295 B.R.  at 725.

14.    Here, the information in the SOFA Supplement that the Debtors seek to seal is both "confidential" and "commercial" and, thus, falls within the ambit of section 107(b) of the Bankruptcy Code.  Indeed, such proposed sealed material includes salary and retention bonus amounts paid to MDHI's vice presidents prior to the Petition Date.  If made public, this information could give the Debtors' competitors a significant and unfair advantage—a competitor could easily determine a given employee's annual salary and retention bonus and use that information to attempt to poach key personnel from the Debtors.  Moreover, because public disclosure of salary and bonus information will allow employees to know the compensation details of their co-workers, such disclosure could harm employee morale in a manner that could result in workforce attrition, which would likewise be harmful to the Debtors' business.

15.    While disclosure of this information could seriously harm the Debtors, sealing the SOFA Supplement does not prejudice any other party.  Parties in interest will be able to review

5

the redacted version of the SOFA Supplement filed on the docket and the SOFA Supplement in its entirety will be reviewed by the Court.  Moreover, in recognition that a certain degree of transparency and public scrutiny is a necessary part of the bankruptcy process, the Debtors will share a copy of the unredacted SOFA Supplement with the U.S. Trustee on a strictly confidential basis.  Accordingly, the Debtors believe that they have appropriately balanced competing interests at issue with respect to the relief requested and submit that they should be authorized to file certain portions of the SOFA Supplement under seal.

## NOTICE

16.     Notice of this Motion will be given to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the Internal Revenue Service; (d) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims; (e) counsel to Ankura; (f) counsel to PPAS; (g) counsel to the Zohar Lenders; (h) counsel to the Patriarch Lenders; (i) counsel to the DIP Lenders; and (j) all parties entitled to notice pursuant to Local Rule 2002-1(b).  The Debtors submit that, under the circumstances, no other or further notice is required.

17.     A copy of this Motion is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Kroll Restructuring Administration LLC (f/k/a Prime Clerk LLC), at https://cases.primeclerk.com/MDHelicopters/.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A** granting the relief requested in this Motion and such other and further relief as may be just and proper.

6

Dated: June 27, 2022
       Wilmington, Delaware          */s/ Kenneth A. Listwak*

                                     TROUTMAN PEPPER HAMILTON SANDERS LLP

                                     David B. Stratton (DE No. 960)
                                     David M. Fournier (DE No. 2812)
                                     Evelyn J. Meltzer (DE No. 4581)
                                     Kenneth A. Listwak (DE No. 6300)
                                     Hercules Plaza, Suite 5100
                                     1313 N. Market Street, Suite 5100
                                     Wilmington, DE 19801
                                     Telephone:  (302) 777-6500
                                     Facsimile:  (302) 421-8390
                                     Email:   david.stratton@troutman.com
                                              david.fournier@troutman.com
                                              evelyn.meltzer@troutman.com
                                              kenneth.listwak@troutman.com

                                     - and -

                                     LATHAM & WATKINS LLP

                                     Suzzanne Uhland (admitted *pro hac vice*)
                                     Adam S. Ravin (admitted *pro hac vice*)
                                     Brett M. Neve (admitted *pro hac vice*)
                                     Tianjiao (TJ) Li (admitted *pro hac vice*)
                                     Alexandra M. Zablocki (admitted *pro hac vice*)
                                     1271 Avenue of the Americas
                                     New York, NY 10020
                                     Telephone:  (212) 906-1200
                                     Facsimile:  (212) 751-4864
                                     Email:   suzzanne.uhland@lw.com
                                              adam.ravin@lw.com
                                              brett.neve@lw.com
                                              tj.li@lw.com
                                              alexandra.zablocki@lw.com

                                     *Counsel for Debtors and Debtors-in-Possession*

#127330326 v3