# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re:                                                  :  Chapter 11
                                                        :
MD HELICOPTERS, INC., *et al.,*[1]                      :  Case No. 22-10263 (KBO)
                                                        :
Debtors.                                                :  (Jointly Administered)
                                                        :
                                                        :  **Re: D.I. 345**
------------------------------------------------------- x

**ORDER UNDER 11 U.S.C. §§ 105(A) AND 363 AND FED. R. BANKR. P. 9019: (A) APPROVING (I) SETTLEMENTS RELATED TO QUI TAM LITIGATION AND (II) SALE OF CERTAIN INSURANCE POLICIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS
AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") under Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019: (i) approving the Qui Tam Settlement; (ii) approving the transfer and sale of the Policies free and clear of liens, claims, encumbrances, and other interests; and (iii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088. Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having found and determined that the relief sought in the Motion is (a) in the best interests of the Debtors' estates, their creditors, and other parties in interest and (b) an appropriate exercise of the Debtors' business judgment, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the Motion having been withdrawn or overruled on the merits; and the Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The DOJ Settlement Agreement (attached to this Order as <u>Exhibit 1</u>) and the Insurer Settlement Agreement (attached to this Order as <u>Exhibit 2</u>) together constitute the complete Qui Tam Settlement.

3. Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Qui Tam Settlement is approved as fair, reasonable, and adequate, and the terms and conditions of the Qui Tam Settlement are incorporated into this Order as if fully set forth herein.

4. The Debtors are authorized to perform under the DOJ Settlement Agreement and the Insurer Settlement Agreement; provided that the Debtors' authorization to perform under the DOJ Settlement Agreement is conditioned upon the effectiveness of the Insurer Settlement Agreement.

5. Upon (a) the entry of this Order and it becoming Final and (b) the effectiveness of both the DOJ Settlement Agreement and the Insurer Settlement Agreement, the parties' respective obligations under the DOJ Settlement Agreement and the Insurer Settlement Agreement, as

applicable, shall become valid and binding without the need for any further notice to or action of this Court.

6. Applicable nonbankruptcy law permits the sale of the Policies within the meaning of Section 363(f)(1) of the Bankruptcy Code.

7. The absence of a timely objection to the Qui Tam Settlement is deemed consent to the sale of the Policies within the meaning of Section 363(f)(2) of the Bankruptcy Code.

8. Pursuant to Sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized and directed to transfer and sell the Policies back to the Insurers in accordance with the Insurer Settlement Agreement. Upon the later of (a) the date of the Insurer Settlement Payment and (b) the date of the Insurer Statutory Fee Payment, such transfer and sale shall constitute a legal, valid, binding, and effective transfer and sale of, and shall vest the Insurers with all right, title and interest to, the Policies free and clear of any and all liens, claims, interests and encumbrances of any kind or nature whatsoever, including any claims for contribution, any direct action claims, and any claims of any entity or individual who could claim coverage under the Policies. The Insurers' contribution under the Qui Tam Settlement constitutes the Insurers' full and complete performance of any and all obligations under the Policies and exhausts all limits of liability under the Policies. After the transfer and sale of the Policies is effective, the Policies shall be terminated and shall be of no further force and effect, and neither the Insurers nor the Debtors, their estates, and their successors and assigns shall have any further obligations (monetary or otherwise) arising from or related to the Policies. Notwithstanding the foregoing, the sale of the Policies shall be effective as to any obligations to Lynn Tilton after sixty (60) days have elapsed following the entry of the Dismissal Order; *provided*, that, no appeal, or motion to set aside, reconsider or otherwise review the Dismissal Order shall have been noticed or filed within sixty

(60) days of the entry of the Dismissal Order.  The obligations of the Insurers to Tilton regarding the Policies shall be subject to the Tilton Settlement Agreement.

9. The transfer and sale of the Policies pursuant to the Qui Tam Settlement and this Order are undertaken by the Insurers in good faith, as that term is defined in Section 363(m) of the Bankruptcy Code.  The consideration paid by the Insurers is fair and reasonable and is the result of arm's length negotiations.  The Insurers are a good faith purchaser for value within the meaning of Section 363(m) of the Bankruptcy Code and, as such, are entitled to, and are hereby granted, the full rights, benefits, privileges, and protections of Section 363(m) of the Bankruptcy Code with respect to such transfer and sale.  The sale of the Policies is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law, and Insurers and the Debtors have not engaged in any conduct that would cause or permit the sale of the Polices to be avoided under the Bankruptcy Code or non-bankruptcy law.

10. Payments from the Insurers to Lynn Tilton under the Tilton Settlement Agreement do not constitute property of the Debtors' bankruptcy estates.

11. The automatic stay does not apply to the Tilton Settlement Agreement.  To the extent necessary, relief from the automatic stay of Section 362 of the Bankruptcy Code is granted in order to effectuate the Debtor's consent to payments from the Insurers to Lynn Tilton under the Tilton Settlement Agreement and as provided in the Insurer Settlement Agreement.

12. The Debtors are authorized to take any and all actions as may be necessary to (a) complete, effectuate, and implement the terms and provisions of the Qui Tam Settlement and (b) effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. Each of the other parties to the Qui Tam Settlement is authorized and directed to take any and all actions reasonably necessary to effectuate the terms thereof.

14. This Order shall take effect immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 6004(h) or otherwise.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Qui Tam Settlement.

**Dated: July 5th, 2022**
**Wilmington, Delaware**

*Ka B. O*
**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**