# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MD HELICOPTERS, INC., *et al.*,[1] | Case No. 22-10263 (KBO) |
| Debtor. | (Jointly Administered) |
| | **Re: D.I. 377, 380** |

## STATE OF NETHERLANDS' STATEMENT OF
## THE ISSUES ON APPEAL AND DESIGNATION
## OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 8009-1, Appellant the State of Netherlands (the "Netherlands") respectfully states the following: (I) statement of issues to be included on appeal from the decision of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") set forth in the *Order (I) Authorizing and Approving (A) the Sale of Substantially all of the Debtors' Assets Free and Clear of All Liens, Claims, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (II) Granting Related Relief* [ECF No. 377], which as entered on June 17, 2022 and incorporated a bench ruling of the same date (together, the "Sale Order"), to the extent that such Order (a) authorized the sale of collateral that would otherwise have been subject to the Netherlands Lien[2] free and clear of all liens and claim pursuant to section 363(f); and (b) failed to state that the protection from appellate review afforded to

---

[1] The two debtors in these chapter 11 cases ("Chapter 11 Cases") are MD Helicopters, Inc. ("MDHI") and Monterrey Aerospace, LLC (with MDHI, the "Debtors"), and their address is 4555 E. McDowell Road, Mesa, AZ 85215.

[2] Capitalized terms not defined herein have the same meaning attributed to them in *The Netherlands Phase One Statement under the Final DIP Order* [Bankr. ECF No. 221.].

EAST/193360442

the Sale Order under section 363(m) was not also afforded to the Phase One Order; and (II) designation of items to be included in the record on appeal.

> **I. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

The Appellant submits the following statement of issues on appeal:

1. Whether the Bankruptcy Court erred in holding that the sale of the collateral that would otherwise have been subject to the Netherlands Lien could be sold free and clear of all liens and claims pursuant to Section 363(f) of the Bankruptcy Code. Sale Order, ¶ 8.

2. Whether the Bankruptcy Court erred when it did not provide in the Sale Order that the Phase One Order was not subject to section 363(m) of the Bankruptcy Code.

## II. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

The Appellant submits the following designation of items to be included in the record on appeal (including any exhibit, annex, or addendum thereto):

| | **Docket Entries and Other Items** | | |
|---|---|---|---|
| | **Description** | **Date Filed** | **Bankr. Docket No.** |
| 1. | *Motion of Debtors for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 507 and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, (C) Use Case Collateral of Prepetition Secured Parties, and (D) Grant Adequate Protection to Prepetition Secured Parties; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014; and (III) Granting Related Relief.* | 03/30/22 | 20 |
| 2. | *Declaration of Adam B. Keil in Support of Motion of Debtors for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 507 and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, (C) Use Case Collateral of Prepetition Secured Parties, and (D) Grant Adequate Protection to Prepetition Secured Parties; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014; and (III) Granting Related Relief.* | 03/30/22 | 21 |

| | | | |
|---|---|---|---|
| 3. | *Declaration of David Orlofsky in Support of Motion of Debtors for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 507 and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, (C) Use Case Collateral of Prepetition Secured Parties, and (D) Grant Adequate Protection to Prepetition Secured Parties; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014; and (III) Granting Related Relief.* | 03/30/22 | 22 |
| 4. | *Motion of Debtors for Entry of (I) An Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into the Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (III) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief.* | 03/30/22 | 28 |

| 5. | *Declaration of Adam B. Keil in Support of Motion of Debtors for Entry of (I) An Order (A) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into the Stalking Horse Agreement, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (III) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief.* | 03/30/22 | 30 |
| 6. | *Preliminary Objection of ARK II CLO 2001-1, Limited and ARK Investment Partners II, L.P. to Motion of Debtors for Entry of Interim and Final Orders Under 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 507 and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, (C) Use Case Collateral of Prepetition Secured Parties, and (D) Grant Adequate Protection to Prepetition Secured Parties; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 2002, 4001, 6003, 6004 and 9014; and (III) Granting Related Relief.* | 03/31/22 | 55 |
| 7. | *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Case Collateral (III) Granting Liens and Providing Superpriority administrative Expense Claims, (IV) Granting Adequate Protection (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief.* | 04/04/22 | 114 |

| 8. | *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Case Collateral (III) Granting Liens and Providing Superpriority administrative Expense Claims, (IV) Granting Adequate Protection (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief.* | 04/26/22 | 205 |
|---|---|---|---|
| 9. | *Order (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Enter into the Stalking Horse Agreement, (V)Approving Procedures for Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief.* | 04/26/22 | 206 |
| 10. | *Notice of Bid Procedures, Auction, Hearing and Deadlines Relating to the Sale of Substantially All of the Assets of the Debtors.* | 04/27/22 | 210 |
| 11. | *The Netherlands Phase One Statement under the Final DIP Order.* | 05/02/22 | 221 |
| 12. | *Debtors' Response to the Netherlands Phase One Statement under the Final DIP Order.* | 05/13/22 | 245 |
| 13. | *DIP Secured Parties Joinder to the Debtors' Response to the Netherlands Phase One Statement under the Final DIP Order.* | 05/13/22 | 247 |
| 14. | *Zohar Lenders' Joinder to Debtors' Response to the Netherlands Phase One Statement under the Final DIP Order.* | 05/13/22 | 248 |
| 15. | *Limited Objection and Reservation of Rights of the Netherlands to the Sale.* | 05/18/22 | 256 |
| 16. | *The Netherlands Reply Brief in Support of Phase One Statement under the Final DIP Order.* | 05/18/22 | 258 |
| 17. | *The Netherlands Notice of Intention to Submit Qualified Bid.* | 05/20/22 | 262 |

| | | | |
|---|---|---|---|
| 18. | *Order Resolving Netherlands Lien Dispute under the Final DIP Order.* | 06/01/22 | 303 |
| 19. | *Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007.* | 06/02/22 | 305 |
| 20. | *Motion to Shorten Notice with Respect to Motion for Stay Pending Appeal.* | 06/02/22 | 306 |
| 21. | *Debtors' Objection to Motion to Shorten Notice with Respect to Motion for Stay Pending Appeal.* | 06/03/22 | 309 |
| 22. | *Zohar Lenders' Joinder to Debtors' Opposition to Motion to Shorten Notice with Respect to Motion for Stay Pending Appeal.* | 06/03/22 | 310 |
| 23. | *DIP Secured Parties Joinder to the Debtors' Objection to Motion to Shorten Notice with Respect to Motion for Stay Pending Appeal.* | 06/03/22 | 311 |
| 24. | *Reply in Support of Motion to Shorten Notice with Respect to Motion for Stay Pending Appeal.* | 06/04/22 | 315 |
| 25. | *Order Denying Motion to Shorten Notice with Respect to Motion for Stay Pending Appeal.* | 06/06/22 | 316 |
| 26. | *Notice of Successful Bidder and Canceling of Auction.* | 06/07/22 | 319 |
| 27. | *Debtors' Objection to Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007.* | 06/10/22 | 333 |
| 28. | *Zohar Lenders' Joinder to Debtors' Objection to Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007.* | 06/10/22 | 334 |
| 29. | *DIP Secured Parties Joinder to the Debtors' Objection to Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007.* | 06/10/22 | 336 |

| | | | |
|---|---|---|---|
| 30. | *Supplement to Limited Objection and Reservation of Rights of the Netherlands to Entry of Sale Order.* | 06/13/22 | 343 |
| 31. | *Debtors' Motion for Entry of Order under 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019: (I) Approving Settlements Related to Qui Tam Litigation; (II) Approving Sale of Certain Insurance Policies Free and Clear of Liens, Claims, Encumbrances, and Other Interests and (III) Granting Related Relief.* | 06/14/22 | 345 |
| 32. | *Reply in Support of Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007.* | 06/15/22 | 347 |
| 33. | *Notice of Filing of Revised Proposed Order (I) Authorizing and Approving (A) The Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection therewith, and (II) Granting Related Relief.* | 06/15/22 | 348 |
| 34. | *Debtors' Reply in Support of the Sale Motion.* | 06/15/22 | 349 |
| 35. | *The Debtors' Motion for Leave to File a Late Reply in Support of Entry of the Sale Order.* | 06/15/22 | 350 |
| 36. | *Supplemental Declaration of Adam B. Keil in Support of Debtors' (I) Objection to Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007 and (II) Sale of Substantially All of Debtors' Assets to the Stalking Horse Bidder Free and Clear of Liens, Claims, Encumbrances, and Interests.* | 06/15/22 | 351 |
| 37. | *Notice of Amendment No. 1 to Asset Purchase Agreement.* | 06/15/22 | 355 |

| | | | |
|---|---|---|---|
| 38. | *Notice of Filing of Proposed Redacted Schedules to Asset Purchase Agreement.* | 06/15/22 | 360 |
| 39. | *The Netherlands Motion for Leave to File a Late Reply in Support of the Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007.* | 06/15/22 | 361 |
| 40. | *Declaration of David Orlofsky in Support of Debtors' (I) Objection to Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007 and (II) Sale of Substantially all of Debtors' Assets to the Stalking Horse Bidder Free and Clear of Liens, Claims, Encumbrances, and Interests.* | 06/15/22 | 363 |
| 41. | *Order Granting the Debtors' Motion for Leave to File a Late Reply in Support of the Entry of the Sale Order.* | 06/16/22 | 367 |
| 42. | *Order Granting the Netherlands Motion for Leave to File a Late Reply in Support of the Emergency Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007.* | 06/17/22 | 373 |
| 43. | *Order (I) Authorizing and Approving (A) the Sale of Substantially all of the Debtors' Assets Free and Clear of All Liens, Claims, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (II) Granting Related Relief.* | 06/17/22 | 377 |
| **The following items are being filed only with the United States District Court for the District of Delaware as the Appeal has already been docketed.** *See* **Del. Bankr. L.R. 8009-1(b).** | | | |
| | **Description** | **Date Filed/Admitted** | **Exhibit[3]** |
| 44. | *Transcript of April 1, 2022 First Day Hearing* | | Exhibit A |

---

[3] The following items labeled as **Exhibits A through C** are being filed only with the United States District Court for the District of Delaware as the Appeal has already been docketed. *See* Del. Bankr. L.R. 8009-1(b).

| | | | |
|---|---|---|---|
| 45. | *Transcript of May 26, 2022 Hearing.* | | Exhibit B |
| 46. | *Transcript of June 17, 2022 Hearing.* | | Exhibit C |

### III. CERTIFICATE REGARDING TRANSCRIPTS

In an appeal from a bankruptcy court ruling, Rule 8009(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires an appellant to either: (i) order from the court reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal and file a copy of the order with the bankruptcy clerk; or (ii) file a certificate with the bankruptcy clerk stating that the appellant is not ordering a transcript.

Pursuant to Bankruptcy Rule 8009(b), Appellant respectfully certifies to the Clerk of Court that it is not ordering a transcript not already included in the record on appeal with respect to the appeal docketed in the United States District Court for the District of Delaware, No. 22-cv-00828-UNA.

| | | |
|---|---|---|
| Dated: | July 5, 2022<br>Wilmington, Delaware | **DLA PIPER LLP (US)** |

By: */s/ R. Craig Martin*
R. Craig Martin (DE 5032)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com

-and-

Dennis O'Donnell (Admitted *Pro Hac Vice*)
James E. Berger (Admitted *Pro Hac Vice*)
Charlene C. Sun (Admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email:
    dennis.odonnell@us.dlapiper.com
    james.berger@us.dlapiper.com
    charlene.sun@us.dlapiper.com

*Counsel for The State of the Netherlands*