IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MD HELICOPTERS, INC., et al.,¹ | : | Case No. 22-10263 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: D.I. 391, 392** |

# ORDER UNDER 11 U.S.C. § 105 AND FED R. BANKR. P. 4001 AND 9019 AUTHORIZING AND APPROVING STIPULATION GRANTING RELIEF FROM AUTOMATIC STAY

Upon the motion (the "**Motion**")² of the Debtors for entry of an order (this "**Order**") under Section 105(a) of the Bankruptcy Code, Bankruptcy Rules 4001 and 9019, and Local Rule 4001-1 (i) approving the *Stipulation Granting Relief from the Automatic Stay Effective Upon Entry* (the "**Stipulation**") attached hereto as Exhibit 1, between Debtor MD Helicopters, Inc. ("**MDHI**") and William G. Reed and Mary E. Reed (the "**Reeds**" and, together with MDHI, the "**Parties**") and (ii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this

---

¹ The two Debtors in these cases are MD Helicopters, Inc. ("MDHI") and Monterrey Aerospace, LLC ("Monterrey Aerospace"), and their address is 4555 E. McDowell Road, Mesa, AZ 85215. The last four digits of MDHI's taxpayer identification number are 4088. Monterrey Aerospace has not been assigned a taxpayer identification number as of the date hereof.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or Stipulation, as applicable.

US-DOCS\132893469.5#127290163 v3

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Stipulation, and the terms of the Stipulation, are approved and ordered to have the force of an order of this Court.

3. The automatic stay, pursuant to 11 U.S.C. § 362(d), is hereby modified effective with the entry of this Order solely as set forth in the Stipulation.

4. The provisions of Section 362 of the Bankruptcy Code prohibiting execution, enforcement, or collection of any judgment or settlement that may be obtained by the Reeds pursuant to this Order and the Stipulation against any and all assets or property of the Debtors, their estates, and their successors and assigns other than from any proceeds of the Insurance Policy or any other insurance policies covering the claims in the Complaint for Damages ("**Insurance Proceeds**") shall remain in full force and effect, and (i) neither the Reeds, nor any of the Reeds' agents, attorneys, or other representatives or any person or entity claiming by or through the Reeds, shall ever attempt to cause any action to be taken to collect from the assets or properties of the Debtors, their estates and their successors and assigns other than from any Insurance Proceeds, (ii) the Reeds hereby waive and release any right to recover from the assets or properties of the Debtors, their estates and their successors and assigns other than from any Insurance Proceeds, and (iii) any proofs of claim filed by the Reeds in the Chapter 11 Cases on account of the Reed Action shall be deemed withdrawn without the need for any further action on the part of the

Debtors and their estates, the Reeds, or this Court, and the claims agent in the Chapter 11 Cases is authorized to reflect such withdrawal in the claims register for the Chapter 11 Cases.

5. Nothing in this Order or the Stipulation is intended or shall be deemed to be a stipulation, agreement, warranty or admission by the Debtors and their estates that: (i) the Debtors and their estates are liable to the Reeds for any amounts at all; and (ii) any claims, causes of action, or damages alleged in the Reed Action are covered in whole, in part, or at all under any insurance policies of the Debtors and their estates. Although they may choose to do so, nothing in this Order or the Stipulation is intended or shall be deemed to create a duty or obligation on the part of the Debtors and their estates and agents, attorneys, and other representatives thereof to defend against any claims, causes of action, or damages alleged in the Reed Action or to incur any costs in connection therewith.

6. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order and the Stipulation.

7. The Stipulation and this Order shall be effective immediately upon entry of this Order, and Bankruptcy Rule 4001(a)(3) shall not apply.

**Dated: July 8th, 2022**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

US-DOCS\132893469.5#127290163 v3