**<u>Exhibit 1</u>**

**Stipulation**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
                                              :   Chapter 11
In re:                                        :
                                              :   Case No. 22-10263 (KBO)
MD HELICOPTERS, INC., et al.,¹                :
                                              :   (Jointly Administered)
             Debtors.                         :
                                              :
                                              :
----------------------------------------------------------- x
```

### STIPULATION GRANTING RELIEF FROM THE AUTOMATIC STAY
### <u>EFFECTIVE UPON ENTRY</u>

WHEREAS, MD Helicopters, Inc. ("**MDHI**") and Monterrey Aerospace, LLC as Debtors (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on March 30, 2022 (the "**Petition Date**"), thereby commencing the above-captioned cases (the "**Chapter 11 Cases**");

WHEREAS, William G. Reed ("**Reed**") has alleged that on July 22, 2014, he suffered personal injuries arising from the crash of a Model 369D helicopter being piloted by Reed at the time (the "**Accident**").  William G. Reed asserts that he is married to Mary E. Reed, and William G. Reed and Mary E. Reed are hereafter collectively referred to as the "**Reeds**."  The Reeds, on behalf of themselves and their marital community, thereafter prepared and filed a Complaint for Damages with the Superior Court for the State of Washington in King County, case number 17-2-19130-2, to recover on their claims, in which MDHI and others are named as defendants (the "**Complaint for Damages**");

---

[1]    The two Debtors in these cases are MD Helicopters, Inc. and Monterrey Aerospace, LLC, and their address is 4555 E. McDowell Road, Mesa, AZ 85215.  The last four digits of MD Helicopters, Inc.'s taxpayer identification number are 4088.  Monterrey Aerospace, LLC has not been assigned a taxpayer identification number as of the date hereof.

WHEREAS, on August 18, 2017, three of the four named defendants removed the claims asserted in the Complaint for Damages from the King County Superior Court to the United States District Court for the Western District of Washington at Seattle, case number 17-01258, to which removal MDHI consented (the "**District Court Action**").  Following removal of the Complaint for Damages to the District Court, MDHI moved for a dismissal of the claims against it by the Reeds on grounds of lack of personal jurisdiction.  The District Court entered an order (the "**Dismissal Order**") granting that motion and dismissing MDHI as a party Defendant.  The Reeds proceeded to litigate their claims against the remaining defendants, which claims were resolved by settlement, following which those claims were dismissed.  The Dismissal Order constituted a final order on all claims against all parties.  The Reeds then filed a Notice of Appeal, appealing the Dismissal Order to the Ninth Circuit Court of Appeals under Ninth Circuit Appeal No. 21-35897 (the "**Appeal**" and, together with the District Court Action, the "**Reed Action**");

WHEREAS, MDHI is the owner of a policy of insurance covering the period December 18, 2013 to December 18, 2014, under Policy No. 801/16326A13, which provides liability protection to MDHI for the damages asserted by the Reeds against MDHI in the Complaint for Damages (the "**Insurance Policy**").  Following service of the Complaint for Damages on MDHI, the insurers under the Insurance Policy provided MDHI with a defense of the claims by the Reeds against MDHI, both in the King County Superior Court Proceeding and before the District Court, and presently in the Ninth Circuit Court of Appeals;

WHEREAS, following the filing of the Chapter 11 Cases, MDHI filed with the Ninth Circuit Court of Appeals a "Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings."  The filing of the Chapter 11 Cases gave rise to an automatic stay of the Reeds' prosecution of their Appeal; and

2

WHEREAS, the Reeds have requested that MDHI stipulate to relief from stay to allow the Reeds to pursue the Appeal, and if successful on the Appeal, to prosecute all of the Reeds' claims against MDHI arising out of the Accident in the District Court, with the proviso that any relief sought and obtained by the Reeds against MDHI shall be limited solely to recovery from the Insurance Policy or any other insurance policies covering the claims in the Complaint for Damages ("**<u>Insurance Proceeds</u>**"), and not against any assets of MDHI, its bankruptcy estate, and its successors and assigns.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the parties hereto stipulate and agree, that:

1.       The automatic stay, pursuant to Section 362(d) of the Bankruptcy Code, is modified *effective with the entry of an order by the Bankruptcy Court for the District of Delaware approving this Stipulation*, to allow the Reeds to assert, prosecute, litigate, liquidate, defend, and collect for themselves any litigation claims they hold against MDHI arising out of the Accident in the District Court and to establish and recover on account of such claims solely against any Insurance Proceeds.

2.       The provisions of Section 362 of the Bankruptcy Code prohibiting execution, enforcement, or collection of any judgment or settlement which may be obtained by the Reeds pursuant to this Stipulation against any and all assets or property of the Debtors, their estates, and their successors and assigns other than from any Insurance Proceeds shall remain in full force and effect, and (i) neither the Reeds, nor any of the Reeds' agents, attorneys, or other representatives or any person or entity claiming by or through the Reeds, shall ever attempt to cause any action to be taken to collect from the assets or properties of the Debtors, their estates and their successors and assigns other than from any Insurance Proceeds, (ii) the Reeds hereby waive and release any

right to recover from the assets or properties of the Debtors, their estates and their successors and assigns other than from any Insurance Proceeds, and (iii) any proofs of claim filed by the Reeds in the Chapter 11 Cases on account of the Reed Action shall be deemed withdrawn without the need for any further action on the part of the Debtors and their estates, the Reeds, or the Court.

3.      Nothing in this Stipulation is intended or shall be deemed to be a stipulation, agreement, warranty or admission by the Debtors and their estates that:  (i) the Debtors and their estates are liable to the Reeds for any amounts at all; and (ii) any claims, causes of action, or damages alleged in the Reed Action are covered in whole, in part, or at all under any insurance policies of the Debtors and their estates.  Although they may choose to do so, nothing herein is intended or shall be deemed to create a duty or obligation on the part of the Debtors and their estates and agents, attorneys, and other representatives thereof to defend against any claims, causes of action, or damages alleged in the Reed Action or to incur any costs in connection therewith.

4.      The Reeds represent and warranty that they have not sold, assigned, pledged or otherwise transferred any claims on account of the Reed Action.  This Stipulation constitutes the entire agreement of the Debtors and the Reeds concerning the subject matter hereof, and supersedes any and all prior or contemporaneous agreements among such parties concerning such subject matter.

5.      The 14-day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

6.      The Reeds and the Debtors have participated in and jointly consented to the draft of this Stipulation, and any claimed ambiguity shall not be construed for or against either of the parties on account of such drafting.

7.      This Stipulation may be signed in counterparts, and that electronic signatures shall be deemed to have the force and effect of original signatures.

8.      This Stipulation, and any order approving this Stipulation, shall be binding on the Reeds and the Debtors and each of their respective affiliates, successors, and assigns and all persons and entities claim by or through the parties.

5

Dated: June 22, 2022        Respectfully Submitted,
      Wilmington, Delaware        */s/ Evelyn J. Meltzer*
                              **TROUTMAN PEPPER HAMILTON SANDERS LLP**

David B. Stratton (DE No. 960)
David M. Fournier (DE No. 2812)
Evelyn J. Meltzer (DE No. 4581)
Kenneth A. Listwak (DE No. 6300)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801
Telephone:  (302) 777-6500
Email:  david.stratton@troutman.com
       david.fournier@troutman.com
       evelyn.meltzer@troutman.com
       kenneth.listwak@troutman.com

- and -

**LATHAM & WATKINS LLP**

Suzzanne Uhland (admitted *pro hac vice*)
Adam S. Ravin (admitted *pro hac vice*)
Brett M. Neve (admitted *pro hac vice*)
Tianjiao (TJ) Li (admitted *pro hac vice*)
Alexandra M. Zablocki (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Email:  suzzanne.uhland@lw.com
       adam.ravin@lw.com
       brett.neve@lw.com
       tj.li@lw.com
       alexandra.zablocki@lw.com

*Counsel for Debtors and Debtors-in-Possession*
-and-
**SCHNADER HARRISON SEGAL & LEWIS LLP**

*/s/ Kristi J. Doughty*
Kristi J. Doughty (No. 3826)
824 N. Market Street, Suite 800
Wilmington, DE 19801-4939
302-482-4038

*Counsel to William G. Reed and Mary E. Reed*

6